**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Amber M.S. Hendrick (SBN 342284)
amber.hendrick@nelsonmullins.com
19191 South Vermont Ave., Suite 900
Torrance, CA  90502
Telephone:  424.221.7400
Facsimile:   424.221.7499

Attorneys for Defendant
MAZDA MOTOR OF AMERICA, INC. d/b/a
MAZDA NORTH AMERICAN OPERATIONS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Gary Guthrie, *on behalf of himself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Mazda Motor of America, Inc.,<br><br>Defendants. | Case No.: 8:22-cv-01055<br><br>**DEFENDANT MAZDA MOTOR OF AMERICA, INC. d/b/a MAZDA NORTH AMERICAN OPERATIONS' NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1453(b) - DIVERSITY**<br><br>Complaint Filed: April 19, 2022 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Mazda"), by and through its undersigned counsel, hereby files this Notice of Removal to Federal Court ("Notice of Removal") pursuant to 28 U.S.C. 1441(b), and the Class Action Fairness Act of 2005, §§ 1332(d), 1453(b), and 1711–1715 ("CAFA"). Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court," and the courts have held that no presumption against removal applies to removal under CAFA. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Mazda denies the allegations contained in the state court pleadings filed in the Superior Court of the State of California, County of Orange, and files this Notice of Removal without waiving any rights, defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, Mazda states as follows:

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453(b), and 1711–1715 and for the reasons explained below.

## THE REMOVED ACTION

1. Plaintiff Gary Guthrie ("Plaintiff") filed this civil action against Mazda on April 19, 2022, in the Superior Court of the State of California, County of Orange, under Case Number 30-2022-01255320-CU-BC-CJC (the "Action").

2. Plaintiff's service of the Summons and Complaint on Mazda was completed on May 17, 2022, pursuant to California Code of Civil Procedure section 415.30(c).

3. True and correct copies of all process, pleadings, and orders served upon Mazda are attached as Exhibit "A" and are being filed along with this Notice of Removal.

4. Other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in the case have been served or otherwise received by Mazda or, to Mazda's knowledge, are presently on file in the state court. In the event that such filings come to Mazda's attention, it will immediately file copies in this Court.

5. Mazda did not respond to the Complaint in the state court prior to removal.

## PROCEDURAL ISSUES

6. Removal is timely under 28 U.S.C. § 1446(b). Plaintiff's service of the Summons and Complaint on Mazda was completed on May 17, 2022, pursuant to California Code of Civil Procedure section 415.30(c). *See* Ex. A. Therefore, this Notice of Removal is timely filed within thirty (30) days after service of the Summons and Complaint on Mazda.

7. Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court for the State of California for the County of Orange, where the state court action is pending, is located within the United States District Court for the Central District of California, Southern Division.

## GROUNDS FOR REMOVAL

8. CAFA provides original jurisdiction over any class action that meets each of the following requirements: (i) The action was filed under a statute or rule that authorizes the action to be brought by one or more representative persons as a class action; (ii) the action includes an aggregate of at least 100 members in the proposed class or classes; (iii) the aggregated individual claims of the proposed class members as alleged exceed $5,000,000, exclusive of interest and costs; and (iv) at least one member of the proposed class is a citizen of a State different from any

defendant. *See* 28 U.S.C. §§ 1332(d)(1)(B), (d)(2), (d)(2)(A), (d)(5)(B), (d)(6). As explained below, this Action satisfies all requirements and this Court, therefore, has jurisdiction.

9. A notice of removal need only contain a short and plain statement of the grounds for removal. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citing *Dart Cherokee*, 574 U.S. at 81).

10. The State Court Action meets the requirements of CAFA. First, it is a putative class action and alleges a nationwide class numbering in the "thousands." *See* Compl., ¶¶ 60 (alleging the putative class is numerous and includes "thousands" of customers nationwide), 61 (alleging class claims).

11. As a result, Plaintiff alleges putative class claims far in excess of the $5,000,000 jurisdictional threshold under CAFA. Plaintiff pleads entitlement to "actual damages, incidental and consequential damages, punitive damages, and/or other form of monetary relief provided by law," "restitution, disgorgement, or other equitable relief," "replacement of the Class Vehicles with new vehicles, or repair of the defective Class Vehicles with an extension of the express warranties and service contracts," "[r]easonable attorneys' fees and costs," "[p]re-judgment and post-judgment interest," and "a recall and repair" of all Class Vehicles. *See* Compl., pp. 38–39. The defined class includes "[a]ll persons or entities in the United States who are current or former owners and/or lessees of a 2021 Mazda CX-30, CX-5, CX-9, Mazda3, or Mazda6 vehicle," and "[a]ll persons or entities who purchased or leased any 2021 Mazda CX-30, CX-5, CX-9, Mazda3, and Mazda6 vehicle in the State of Washington." *Id.* ¶ 58. Where equitable relief is at issue, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (internal quotations and citations omitted). Here, in addition to damages, Plaintiff seeks equitable relief, including a potential replacement of the Class Vehicles. The average value at issue would be the average of the Manufacturer's Suggested Retail Price ("MSRP") of the

base models included in the Class Vehicles, which is $25,221. *See* Ex. B, Kelley Blue Book (last visited May 24, 2022) and Ex. A, Compl. ¶ 58. Thus, to the extent replacement of the vehicles is a potential remedy as alleged in the Complaint, the value of that relief is $25,221 multiplied by the "thousands" of class members (which, at a minimum, would be 2,000 putative class members), or at least $25,221,000. *See* Compl. ¶ 62 (alleging that Plaintiff's claims are typical of those in the class). Accordingly, the amount in controversy as alleged based on the face of the Complaint more than satisfies the jurisdictional threshold.

12. The Complaint also alleges punitive damages for fraudulent concealment, as well as treble damages under the Washington Consumer Protection Act, which can also be included in the Court's consideration of the amount in controversy.[1] *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (noting that damages, whether "compensatory, punitive, or otherwise" can be included in the amount in controversy calculation).

13. Finally, the State Court Action meets the requirements of minimal diversity. On information and belief, Plaintiff is a citizen of Washington. *See* Compl. ¶ 12. Mazda is a corporation organized and established under the laws of the State of California, with its principal place of business in Orange County, California. *See* Exhibit C, California Secretary of State (last visited May 24, 2022). While Mazda's principal place of business is in California, there is minimal diversity between Mazda and Plaintiff and members of the putative class. Further, based on Plaintiff's proposed nationwide class, Mazda alleges that at least one putative class member is a citizen of a state other than California.

14. Because this matter meets all of the requirements of CAFA, this Court has jurisdiction under 28 U.S.C. § 1332(d).

---

[1] Mazda does not waive and therefore expressly reserves its rights to challenge (at the appropriate time) Plaintiff's—and the putative class's—entitlement to any damages, attorney's fees, restitution or any equitable, injunctive, or declaratory relief.

## **NOTICE TO ADVERSE PARTY AND STATE COURT**

15. Pursuant to 28 U.S.C. § 1446(d), Mazda is serving written notification of the removal of this case on Plaintiff's counsel.

16. Pursuant to 28 U.S.C. § 1446(d), Mazda will promptly file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, County of Orange.

## **CONCLUSION**

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, Mazda hereby removes this Action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division.

Dated:  May 25, 2022            Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:   */s/ Jahmy S. Graham*
      Jahmy S. Graham
      Amber M.S. Hendrick

Attorneys for Defendant
MAZDA MOTOR OF AMERICA, INC. d/b/a MAZDA NORTH AMERICAN OPERATIONS