**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Priscilla Szeto (SBN 305961)
priscilla.szeto@nelsonmullins.com
19191 South Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Attorneys for Defendant,
MAZDA MOTOR OF AMERICA, INC. d/b/a
MAZDA NORTH AMERICAN OPERATIONS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Gary Guthrie, Stephanie Crain, Chad Hinton, and Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Mazda Motor of America, Inc.,<br><br>Defendant. | Case No.: 8:22-cv-01055-DOC-DFM<br><br>*Hon. David O. Carter*<br><br>**DEFENDANT MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: April 19, 2022<br>FAC Filed: July 18, 2022<br>SAC Filed: October 31, 2022<br>TAC Filed: November 21, 2023 |

NELSON MULLINS RILEY & SCARBOROUGH LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO" or "Defendant"), through its undersigned attorneys, hereby files this Answer and Affirmative Defenses to Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw's ("Plaintiffs") Third Amended Class Action Complaint ("TAC") and state as follows:

## PREFATORY STATEMENT

MNAO is the authorized distributer of Mazda motor vehicles in certain geographic areas of the continental United States.  MNAO does not design, developmentally test, manufacture, or assemble Mazda motor vehicles in the ordinary course of its business and MNAO was not responsible for the design, manufacture, assembly, or developmental testing of the U.S. bound 2021-2022 Mazda CX-30, 2021 CX-5, 2021 CX-9, 2021-2022 Mazda3, or 2021 Mazda6 vehicles (the "Subject Vehicles") at issue in this action.

Each of the paragraphs below correspond to the same-numbered paragraphs in the TAC.[1]  MNAO denies all allegations in the TAC, whether express or implied,

---

[1] MNAO sets forth the unnumbered headings contained in the TAC, where applicable, strictly for organizational and clarity purposes; MNAO does not admit their accuracy, and they should not be taken as an admission for any purposes. Nor does MNAO respond to any assertions or claims made in the unnumbered headings contained in the TAC. This includes the unnumbered sub-headings organized by alphabet lettering in the TAC. MNAO did not include these unnumbered sub-headings in its Answer and its exclusion of these sub-headings should not be taken as an admission as they are not allegations, and MNAO does not admit their accuracy. To the extent that a response is required, MNAO denies any and all allegations in those headings and/or unnumbered paragraphs in the TAC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

that are not specifically admitted below.  MNAO reserves its rights to deny that Plaintiffs' claims as alleged in the TAC are appropriate for treatment as a class action and further reserves its rights to deny that Plaintiffs have met the requirements necessary for litigation (as opposed to settlement) class certification.[2]  MNAO reserves the right to raise additional defenses as appropriate should the need arise. Given MNAO consented to the filing of the TAC, the pending Motion to Dismiss the Second Amended Complaint (ECF No. 46) is now moot.

## **INTRODUCTION**

1.      Paragraph 1 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC for litigation purposes (as opposed to settlement purposes). MNAO further denies that it designed, manufactured, or directly sold the Subject Vehicles to consumers.  MNAO admits only that Plaintiffs brought a putative class action lawsuit against MNAO concerning various Mazda brand vehicles and seek to represent a class of persons in the United States who purchased the Subject Vehicles. MNAO denies any and all other allegations in this Paragraph.

---

[2] To the extent each response to separate paragraphs throughout this Answer do not explicitly state this distinction each time, MNAO hereby incorporates by reference its position as stated here—that is, MNAO disputes that this case is certifiable for litigation purposes but in light of impending classwide settlement, MNAO does not deny that the Court has the authority and discretion to certify a class in this matter for settlement purposes.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

2.   MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.  MNAO admits only that it distributes Mazda vehicles to independent, authorized Mazda dealers located in the United States and as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO denies the remaining allegations in this paragraph.

3.   Paragraph 3 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed litigation class can be certified as alleged in the TAC.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.  Defendant further refers the Court to the true and correct copy of MNAO's October 4, 2021 Technical Service Bulletin ("TSB") incorporated by reference in the TAC and which is publicly available. The October 4, 2021 TSB speaks for itself. MNAO denies all remaining allegations in this paragraph.

4.   Paragraph 3 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies these allegations and that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.  MNAO further denies

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.  The quoted language of the bulletin referenced in this paragraph speaks for itself. MNAO denies all remaining allegations in this paragraph.

5.      MNAO denies Plaintiffs' characterization of the offered repair and its effectiveness. Paragraph 5 further calls for expert opinion to which MNAO need not respond. To the extent this allegation is deemed to require a response, MNAO denies this allegation. As to the remaining allegations in the paragraph, MNAO is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them in their entirety.

6.      The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations require a response, MNAO denies the allegations contained in this paragraph.  Paragraph 6 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies these allegations and that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

7.      Paragraph 7 calls for expert opinion to which MNAO need not respond. The allegations in this paragraph also state a legal conclusion to which no response is required. To the extent the allegations require a response, MNAO denies the allegations contained in this paragraph.  Paragraph 7 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies these allegations and that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

8.      Paragraph 8 calls for expert opinion to which MNAO need not respond. The allegations in this paragraph also state a legal conclusion to which no response is required. To the extent the allegations require a response, MNAO denies the allegations contained in this paragraph. Further, this paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies these allegations and that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

9.      The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations require a response, MNAO denies the allegations contained in this paragraph.

10.   The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations require a response, MNAO denies the allegations contained in this paragraph.

11.   The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations require a response, MNAO denies the allegations contained in this paragraph.

12.   The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations require a response, MNAO denies the allegations contained in this paragraph.  MNAO admits that Plaintiffs purport to seek the relief described in Paragraph 12 but denies that Plaintiffs have any basis for an actionable claim or that they are entitled to any relief pursuant to this claim.  This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies these allegations and that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

## **PARTIES**

13.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

14.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

15.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

16.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

17.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

18.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

19.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

20.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

21.   MNAO admits that it is a corporation organized and existing under the laws of the State of California with its principal place of business located at 200 Spectrum Center Drive, Irvine, California, 92618.

22.   MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. MNAO further admits

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

that its warranty department receives and analyzes warranty claims submitted by dealerships and certain information from dealers when repairs are made. The remaining allegations in this paragraph state legal conclusions to which no response is required, so MNAO denies the remaining allegations in Paragraph 22.

23.     MNAO admits it develops marketing materials and certain documents and information to include with the Subject Vehicles at the time of sale, including owner's manual, warranty booklets, and maintenance guide. MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to what, if any, materials Plaintiffs were purportedly exposed to, and therefore denies this allegation.  This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. As to the remaining allegations, MNAO denies these allegations.

## JURISDICTION AND VENUE

24.     Paragraph 24 sets forth a legal conclusion to which no response is required. To the extent that a response is required, MNAO admits that it is headquartered in Irvine, California and conducts business in California.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

# FACTUAL ALLEGATIONS APPLICABLE TO INDIVIDUAL PLAINTIFFS

## I.    Gary Guthrie

25.    MNAO admits that Foothills Mazda is an authorized Mazda dealership located in Spokane, Washington. MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

26.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. MNAO further refers the Court to the true and correct copy of MNAO's New Vehicle Limited Warranty ("NVLW") incorporated by reference in the TAC and is publicly available. The NVLW speaks for itself.

27.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

28.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

29.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Defendant further refers the Court to the true and correct copy of TSB No. 01-012/21

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

30.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them. MNAO also cannot confirm at this time whether the purported photograph of Plaintiff's Vehicle dashboard is indeed a true and correct copy of Plaintiff's dashboard. True and correct copies of photographs of Plaintiff's dashboard, which are presumably within Plaintiff's possession, speak for themselves.

31.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

32.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

33.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

34.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

35.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Defendant further refers the Court to the true and correct copy of TSB No. 01-012/21

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself.

36.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

37.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

38.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

39.   MNAO admits that Plaintiffs' counsel sent a letter dated April 1, 2022 addressed to Mazda Motor of America, Inc. concerning his vehicle.  MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

40.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

41.   Paragraph 41 sets forth a legal conclusion to which no response is required.  To the extent the allegations require a response, MNAO is without

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## II.    Stephanie Crain

42.    MNAO admits that Sandy Sansing Mazda is an authorized Mazda dealership located in Pensacola, Florida. MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

43.    MNAO is without knowledge or information sufficient to form a belief as to the truth of any and all other allegations in this paragraph and therefore denies them. Defendant further refers the Court to the true and correct copy of MNAO's New Vehicle Limited Warranty incorporated by reference in the TAC and is publicly available. The NVLW speaks for itself.

44.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

45.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

46.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

47.     MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

48.     MNAO admits Plaintiffs' counsel sent a letter dated June 8, 2022 to MNAO regarding Plaintiff's vehicle.  MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

49.     MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

50.     Paragraph 50 sets forth a legal conclusion to which no response is required.  To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**III.    Chad Hinton**

51.     MNAO admits that Wyatt-Johnson Mazda is an authorized Mazda dealership located in Clarksville, Tennessee. MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

52.    MNAO is without knowledge or information sufficient to form a belief as to the truth of any and all other allegations in this paragraph and therefore denies them. Defendant further refers the Court to the true and correct copy of MNAO's New Vehicle Limited Warranty incorporated by reference in the TAC and is publicly available. The NVLW speaks for itself.

53.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

54.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

55.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

56.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

57.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

58.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

59.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

60.   MNAO admits Plaintiffs' counsel sent a letter dated June 22, 2022 to MNAO regarding Plaintiff's vehicle.  MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

61.   MNAO admits that Plaintiffs' counsel sent a letter dated June 22, 2022 to MNAO regarding Plaintiff's vehicle. MNAO admits that Plaintiff Hinton's vehicle underwent certain repairs at a local dealer. MNAO defers to the repair documentation for Plaintiff Hinton's vehicle concerning any repairs attempted or completed on his vehicle. MNAO denies the remaining allegations in this paragraph.

62.   Defendant refers the Court to the true and correct copy of the repair order incorporated by reference in the TAC and is available through discovery. The repair order speaks for itself. MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

63.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

64.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

65.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

66.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

67.    To the extent the allegations in this paragraph set forth legal conclusions, no response is required.   To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## IV.    Julio Zelaya

68.    MNAO admits that Ocean Mazda is an authorized Mazda dealership located in Doral, Florida. MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

69.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Defendant further refers the Court to the true and correct copy of MNAO's New Vehicle Limited Warranty incorporated by reference in the TAC and is publicly available. The NVLW speaks for itself.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

70.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

71.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

72.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

73.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

74.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

75.   MNAO admits Plaintiffs' counsel sent a letter dated May 2, 2022 to MNAO regarding Plaintiff's vehicle.  MNAO denies Plaintiffs' characterization of

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

76.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

77.    This paragraph sets forth legal conclusions and therefore no response is required.   To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## V.    Anna Gilinets

78.    MNAO admits that CardinaleWay Mazda Corona is an authorized Mazda dealer in Corona, California. MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

79.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Defendant further refers the Court to the true and correct copy of MNAO's New Vehicle Limited Warranty incorporated by reference in the TAC and is publicly available. The NVLW speaks for itself.

80.    MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

81.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

82.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

83.   MNAO admits Plaintiffs' counsel sent a letter dated September 26, 2022 regarding Plaintiff's vehicle.  MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

84.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

85.   This paragraph sets forth legal conclusions and therefore no response is required.  To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

## VI.   Marcy Knysz

86.   MNAO admits that Napleton's Palatine Mazda is an authorized Mazda dealership located in Palatine, Illinois. MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

87.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Defendant further refers the Court to the true and correct copy of MNAO's New Vehicle Limited Warranty incorporated by reference in the TAC and is publicly available. The NVLW speaks for itself.

88.   MNAO is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

89.   MNAO is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

90.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

91.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

92.   MNAO admits Plaintiffs' counsel sent a letter dated September 26, 2022 to MNAO regarding Plaintiff's vehicle.   MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

93.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

94.   This paragraph sets forth legal conclusions and therefore no response is required.   To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**VII.   Lester Woo**

95.   MNAO admits that Lee Johnson Mazda of Seattle is an authorized Mazda dealership located in Seattle, Washington. MNAO is without knowledge or

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

96.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Defendant further refers the Court to the true and correct copy of MNAO's New Vehicle Limited Warranty incorporated by reference in the TAC and is publicly available. The NVLW speaks for itself.

97.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

98.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

99.   MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

100.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendant further refers the Court to the true and correct copy of TSB No. 01-012/21 incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself.

101.  MNAO admits Plaintiffs' counsel sent a letter dated June 8, 2022 to MNAO regarding his vehicle. MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

102.  MNAO admits that Plaintiffs' counsel sent a letter dated June 8, 2022 to MNAO regarding Plaintiff Woo's vehicle. MNAO admits that Plaintiff Woo's vehicle underwent certain repairs at a local dealer. MNAO defers to the repair documentation for Plaintiff Woo's vehicle concerning any repairs attempted or completed on his vehicle. MNAO denies the remaining allegations in this paragraph.

103.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO also cannot confirm at this time whether the purported photograph of Plaintiff's Vehicle dashboard is indeed a true and correct copy of Plaintiff's dashboard. True and correct copies of photographs of Plaintiff's dashboard, which are presumably within Plaintiff's possession, speak for themselves.

104.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

105.  This paragraph sets forth legal conclusions and therefore no response is required.   To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## VIII. Amy Bradshaw

106.  MNAO admits that Brown and Wood Mazda is an authorized Mazda dealership located in Greenville, North Carolina. MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

107.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Defendant further refers the Court to the true and correct copy of MNAO's New Vehicle Limited Warranty incorporated by reference in the TAC and is publicly available. The NVLW speaks for itself.

108.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

109.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

110.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

111.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

112.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

113.  This paragraph sets forth legal conclusions and therefore no response is required.  To the extent the allegations require a response, MNAO is without

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## **FACTUAL ALLEGATIONS**

### **The Valve Stem Seal Defect**

114.   Admit.

115.   MNAO admits that it distributes Mazda vehicles to independent, authorized Mazda dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. The remaining allegations call for expert opinion to which MNAO need not respond. To the extent these allegations are deemed to require a response, MNAO denies these allegations.

116. Paragraph 116 calls for expert opinion to which MNAO need not respond.

117. Paragraph 117 calls for expert opinion to which MNAO need not respond.

118. Paragraph 118 calls for expert opinion to which MNAO need not respond. This paragraph further contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

119. Paragraph 119 calls for expert opinion to which MNAO need not respond. This paragraph further contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

120. Paragraph 120 calls for expert opinion to which MNAO need not respond. This paragraph further contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

121. Defendant refers the Court to the true and correct copy of the M-Tips Bulletin (M-Tips No.: MT-005/20) incorporated by reference in the TAC and is publicly available. This M-Tips Bulletin speaks for itself. As to the remaining allegations in this Paragraph, MNAO denies these allegations.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

122.   MNAO refers the Court to the true and correct copy of the M-Tips Bulletin (M-Tips No.: MT-005/20) incorporated by reference in the TAC and is publicly available. This M-Tips Bulletin speaks for itself. MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. As to the remaining allegations in this Paragraph, MNAO denies these allegations.

123.   Defendant refers the Court to the true and correct copy of the M-Tips Bulletin (M-Tips No.: MT-005/20) incorporated by reference in the TAC and is publicly available. This M-Tips Bulletin speaks for itself. This paragraph further contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. As to the remaining allegations in this Paragraph, MNAO denies these allegations.

124.   Defendant refers the Court to the true and correct copy of the M-Tips Bulletin (M-Tips No.: MT-005/20) incorporated by reference in the TAC and is publicly available. This M-Tips Bulletin speaks for itself.

125.   MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. Paragraph 125 further calls for expert opinion to which MNAO need not

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

respond. To the extent these allegations are deemed to require a response, MNAO denies these allegations. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

126.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

127.  MNAO refers the Court to the true and correct copy of TSB No. 01-012/21 incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself.

128.  MNAO denies that damage to the subject valve stem seals causes oil to leak into the combustion chambers of the Subject Vehicles. MNAO refers the Court to the true and correct copy of TSB No. 01-012/21 incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself.  TSB No. 01-012/21 contained some inadvertent inaccuracies that were later corrected in a subsequent TSB. As to the remaining allegations, MNAO denies them.

129. Paragraph 129 calls for expert opinion to which MNAO need not respond. To the extent these allegations are deemed to require a response, MNAO

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

denies these allegations. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

130.   MNAO refers the Court to the true and correct copy of TSB No. 01-012/21 incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself.  As to the remaining allegations, MNAO denies them.

131.   MNAO refers the Court to the true and correct copy of TSB No. 01-012/21 incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself.

132.   MNAO denies that damage to the subject valve stem seals causes oil to leak into the combustion chambers of the Subject Vehicles. MNAO refers the Court to the true and correct copy of TSB No. 01-012/21 incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself.  TSB No. 01-012/21 contained some inadvertent inaccuracies that were later corrected in a subsequent TSB. MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. As to the remaining allegations,

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

MNAO denies, including that the bulletin "directs dealers to minimize the severity" of any issues discussed.

133.  MNAO admits a revised version of Bulletin No. 01-012/21 was issued, is publicly available, and speaks for itself. MNAO denies that the revisions Plaintiffs claim in this Paragraph are the portions revised.

134.  MNAO refers the Court to the true and correct copy of the relevant TSB No. 01-012/21 bulletin(s) incorporated by reference in the TAC and is publicly available. TSB No. 01-012/21 speaks for itself. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. This paragraph further calls for expert opinion to which MNAO need not respond. To the extent these allegations are deemed to require a response, MNAO denies these allegations. As to the remaining allegations in the paragraph, MNAO also denies them.

135.  MNAO is without sufficient knowledge or information to admit or deny the allegations in this paragraph, particularly the alleged complaints of unidentified consumers. Plaintiffs' quotation of a portion of the National Highway Traffic Safety Administration ("NHTSA") website speaks for itself. Paragraph 135 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

136. Paragraph 136 calls for expert opinion to which MNAO need not respond. To the extent the allegations of this paragraph are deemed to require a response, MNAO denies them. Plaintiffs' quotation of a portion of the website www.consumerreports.org speaks for itself. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

137. Plaintiffs' quotations of portions of various websites, including NHTSA's, speak for themselves. Paragraph 137 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

138. Paragraph 138 is blank and contains no allegations. To the extent a response is required, MNAO denies the allegations of this paragraph.

139.  MNAO refers the Court to the true and correct copy of the relevant TSB No. 01-011/22 incorporated by reference in the TAC and is publicly available. This TSB speaks for itself.  Further, contrary to Plaintiffs' allegations, the bulletin is 52 pages in length, and not 53 pages. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

140. MNAO specifically denies the repair is inadequate. Paragraph 140 further calls for expert opinion to which MNAO need not respond. To the extent these allegations are deemed to require a response, MNAO denies them. As to the remaining allegations in the paragraph, MNAO is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

141.  MNAO refers the Court to the true and correct copy of the relevant TSB No. 01-011/22 incorporated by reference in the TAC and is publicly available. This TSB speaks for itself. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. As to the remaining

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

allegations, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

142. This paragraph calls for expert opinion to which MNAO need not respond. To the extent this allegation is deemed to require a response, MNAO denies this allegation. Paragraph 142 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. As to the remaining allegations, MNAO denies them.

143. This paragraph calls for expert opinion to which MNAO need not respond. To the extent these allegations are deemed to require a response, MNAO denies them. Paragraph 143 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. As to the remaining allegations, MNAO denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

144. MNAO denies that the bulletins referenced and incorporated by reference in the TAC are "not readily accessible to the public." They are publicly available.

145. Paragraph 145 calls for expert opinion to which MNAO need not respond. To the extent these allegations are deemed to require a response, MNAO denies them. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. As to the remaining allegations, MNAO denies them.

**Mazda's Knowledge of the Defect**

146. This paragraph sets forth legal conclusions to which no response is required.  To the extent the allegations require a response, MNAO denies the allegations contained in this paragraph. Paragraph 146 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. As to the remaining allegations, MNAO denies.

147. The bulletins referenced in, and incorporated by reference in this paragraph, speak for themselves. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

148. MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. MNAO admits that its warranty department receives and analyzes warranty claims submitted by dealership and certain information from dealers when repairs are made. MNAO further denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

149. Paragraph 149 sets forth legal conclusions and therefore no response is required. To the extent the allegations require a response, MNAO denies these allegations. This paragraph further calls for expert opinion to which MNAO need not respond. To the extent these allegations are deemed to require a response, MNAO denies them.

150. This paragraph calls for expert opinion to which MNAO need not respond. To the extent this allegation is deemed to require a response, MNAO denies this allegation. Paragraph 150 further contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO denies that damage to the subject valve stem seals causes oil to leak into the combustion chambers of the Subject Vehicles. MNAO further denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

151. Paragraph 151 sets forth legal conclusions and therefore no response is required. To the extent the allegations require a response, MNAO denies these allegations. MNAO further denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. MNAO further admits that its warranty department receives and analyzes warranty claims submitted by dealerships and certain information from dealers when repairs are made but it is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

152. MNAO admits it offers Mazda Connected Services and a MyMazda mobile application. MNAO cannot confirm at this time whether the purported screenshot of Plaintiff's MyMazda mobile application screen is indeed a true and correct copy of Plaintiff's MyMazda mobile application screen. True and correct copies of the screenshot, which is within Plaintiff's possession, speak for themselves. MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. As to the remaining allegations, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

153. Paragraph 153 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO admits only that there are postings on NHTSA and consumer forum websites regarding certain Mazda vehicles and their engine oil levels but it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further refers the Court to the true and correct copies of the purported complaints on NHTSA's website that Plaintiff purports to quote in this paragraph, which are publicly available and speak for themselves.

154.  This paragraph sets forth legal conclusions and therefore no response is required. To the extent the allegations require a response, MNAO denies these allegations. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

**The NHTSA Complaints and Online Discussions of the Defect**

155. As to the overbroad allegations concerning "complaints online," MNAO admits only that there are postings on NHTSA and consumer forum websites regarding certain Mazda vehicles and their engine oil levels but it is without

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO refers the Court to the true and correct copies of such online complaints, as referenced in Paragraph 155, which speak for themselves.

156. MNAO denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

157. MNAO denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. Mazda admits that there are postings on NHTSA and consumer forum websites regarding certain Mazda vehicles and their engine oil levels but it is without knowledge or information sufficient to form a belief as to the

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

truth of the allegations in this paragraph, and therefore denies them. MNAO refers the Court to the true and correct copy of the purported posting referenced in this paragraph, which is publicly available and speaks for itself.

158. MNAO denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. Mazda admits that there are postings on NHTSA and consumer forum websites regarding certain Mazda vehicles and their engine oil levels but it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO refers the Court to the true and correct copy of the purported posting referenced in this paragraph, which is publicly available and speaks for itself.

159. MNAO denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. Mazda admits that there are postings on NHTSA and consumer forum websites regarding certain Mazda vehicles and their engine oil levels but it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO refers the Court to the true and correct copy of the purported posting referenced in this paragraph, which is publicly available and speaks for itself.

160. MNAO denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. Mazda admits that there are postings on NHTSA and consumer forum websites regarding certain Mazda vehicles and their engine oil levels but it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

paragraph, and therefore denies them. MNAO refers the Court to the true and correct copy of the purported posting referenced in this paragraph, which is publicly available and speaks for itself.

161. MNAO denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. Mazda admits that there are postings on NHTSA and consumer forum websites regarding certain Mazda vehicles and their engine oil levels but it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO refers the Court to the true and correct copies of the purported postings referenced in this paragraph, which are publicly available and speaks for themselves.

162. MNAO denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. MNAO further denies that it has failed to take adequate steps to notify customers and provide countermeasures to address the alleged defect.

163. This paragraph sets forth legal conclusions to which MNAO is not required to respond. To the extent the allegations require a response, MNAO denies them. MNAO denies Plaintiffs' allegations regarding MNAO's alleged knowledge of the alleged defect pre-purchase or pre-lease of the Subject Vehicles. MNAO denies it actively concealed the existence and/or nature of the alleged defect. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. MNAO admits that the Customer Experience Center receives and responds to customer calls regarding customers' experiences with their vehicles. MNAO further admits that its warranty department receives and analyzes warranty claims submitted by dealerships and certain information from dealers when repairs are made but it is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

164. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, MNAO denies these allegations. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. MNAO is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

165. MNAO admits it has not recalled the Subject Vehicles regarding the alleged defect in this matter. MNAO denies it has not offered customers a suitable repair or replacement of affected parts in connection with the alleged defect. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. MNAO also denies that Plaintiffs are entitled to the relief being sought in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

166. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph set forth legal conclusions and therefore no response is required. To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

167. This paragraph set forth legal conclusions and therefore no response is required. To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. This paragraph further contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

# CLASS ACTION ALLEGATIONS

## A. The Classes

168. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC for litigation (as opposed to settlement) purposes.

169. This paragraph set forth legal conclusions and therefore no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them in their entirety. Paragraph 169 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC for litigation (as opposed to settlement) purposes.

## B. Numerosity

170. This paragraph set forth legal conclusions and therefore no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them in their entirety. Paragraph 170 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO.

To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC for litigation (as opposed to settlement) purposes.

**C. <u>Common Questions of Law and Fact</u>**

171. Paragraph 171 contains allegations regarding Plaintiffs' class definitions and does not require a response from Defendant. To the extent an answer is required, Defendant denies each and every allegation in this Paragraph, including that Plaintiff has properly defined a class, that the allegations and definition(s) meet the requirements of Rule 23, or that the proposed classes should be certified for litigation (as opposed to settlement) purposes. This Paragraph also states legal conclusions to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph.

**D. <u>Typicality</u>**

172. Paragraph 172 contains allegations regarding Plaintiffs' class definitions and does not require a response from Defendant. To the extent an answer is required, Defendant denies each and every allegation in this Paragraph, including that Plaintiff has properly defined a class, that the allegations and definition(s) meet the requirements of Rule 23, or that the proposed classes should be certified for litigation (as opposed to settlement) purposes. This Paragraph also states legal conclusions to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

**E.** **Protecting the Interests of the Class Members**

173. Paragraph 173 contains allegations regarding Plaintiffs' class definitions and does not require a response from Defendant. To the extent an answer is required, Defendant denies each and every allegation in this Paragraph, including that Plaintiff has properly defined a class, that the allegations and definition(s) meet the requirements of Rule 23, or that the proposed classes should be certified for litigation (as opposed to settlement) purposes. This Paragraph also states legal conclusions to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph.

**F.** **Proceeding Via Class Action is Superior and Advisable**

174. Paragraph 174 contains allegations regarding Plaintiffs' class definitions and does not require a response from Defendant. To the extent an answer is required, Defendant denies each and every allegation in this Paragraph, including that Plaintiff has properly defined a class, that the allegations and definition(s) meet the requirements of Rule 23, or that the proposed classes should be certified for litigation (as opposed to settlement) purposes. This Paragraph also states legal conclusions to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph.

175. Paragraph 175 contains allegations regarding Plaintiffs' class definitions and does not require a response from Defendant. To the extent an answer is required, Defendant denies each and every allegation in this Paragraph, including

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

that Plaintiff has properly defined a class, that the allegations and definition(s) meet the requirements of Rule 23, or that the proposed classes should be certified for litigation (as opposed to settlement) purposes. This Paragraph also states legal conclusions to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph.

## FIRST CAUSE OF ACTION
### Breach of Implied and Express Warranties Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq.

### (Plaintiffs on behalf of the Nationwide Class or in the alternative the California, Florida, Illinois, Tennessee, and Washington Sub-Classes)

176. MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

177. Paragraph 177 contains allegations regarding Plaintiffs' class definitions and does not require a response from Defendant. To the extent an answer is required, Defendant is without sufficient information and knowledge to form a belief as to the truth of these allegations and therefore denies them in their entirety. Further, MNAO denies that Plaintiff has properly defined a class, that the allegations and definition(s) meet the requirements of Rule 23, or that the proposed classes should be certified for litigation (as opposed to settlement) purposes. This Paragraph also states legal conclusions to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph.

178. MNAO admits that it was the distributor and warrantor of the Subject Vehicles sold in the United States. Paragraph 178 contains allegations regarding

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiffs' class definitions and does not require a response. To the extent an answer

is required, MNAO is without sufficient information and knowledge to form a belief

as to the truth of these allegations and therefore denies them. Further, MNAO denies

that Plaintiff has properly defined a class, that the allegations and definition(s) meet

the requirements of Rule 23, or that the proposed classes should be certified for

litigation (as opposed to settlement) purposes. This Paragraph also states legal

conclusions to which no response is required, and on that basis, Defendant denies

the allegations in this Paragraph.

179. Paragraph 179 contains allegations regarding Plaintiffs' class

definitions and does not require a response from Defendant. To the extent an answer

is required, Defendant is without sufficient information and knowledge to form a

belief as to the truth of these allegations and therefore denies them. Further, MNAO

denies that Plaintiff has properly defined a class, that the allegations and definition(s)

meet the requirements of Rule 23, or that the proposed classes should be certified

for litigation (as opposed to settlement) purposes. This Paragraph also states legal

conclusions to which no response is required, and on that basis, Defendant denies

the allegations in this Paragraph.

180. This Paragraph states legal conclusions and arguments to which no

response is required, and on that basis, Defendant denies the allegations in this

Paragraph. Paragraph 180 also contains allegations regarding Plaintiffs' class

definitions and does not require a response from Defendant. To the extent an answer

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

is required, Defendant is without sufficient information and knowledge to form a belief as to the truth of these allegations and therefore denies them. Further, MNAO denies that Plaintiff has properly defined a class, that the allegations and definition(s) meet the requirements of Rule 23, or that the proposed classes should be certified for litigation (as opposed to settlement) purposes.

181. MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO does not sell vehicles directly to consumers. This Paragraph states legal conclusions and arguments to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph. MNAO also denies that a class could properly be certified for litigation (as opposed to settlement) purposes.

182. This Paragraph states legal conclusions and arguments to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph. As to the remaining allegations, MNAO denies the allegations.

183. This Paragraph states legal conclusions and arguments to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph. As to the remaining allegations, MNAO denies the allegations.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

# SECOND CAUSE OF ACTION
## Fraudulent Concealment

### (Plaintiffs on behalf of the Nationwide Class or in the alternative the California, Florida, Illinois, Tennessee, Washington and North Carolina Sub-Classes)

184. MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

185. This Paragraph states legal conclusions and arguments to which no response is required, and on that basis, Defendant denies the allegations in this Paragraph. As to the remaining allegations, MNAO denies the allegations.

186. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

187. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

188. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

189. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

190. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

191. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

192. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

193. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

194.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

195.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

196.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

197.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

198.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

199.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

### THIRD CAUSE OF ACTION
**Unjust Enrichment**

**(Plaintiffs on behalf of the Nationwide Class or in the alternative the California, Florida, Illinois, Tennessee, Washington and North Carolina Sub-Classes)**

200.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

201.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

202.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

203.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

204. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

205. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

206. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

207. MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. To the extent a response is required, MNAO denies the allegations in this paragraph.

208. MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

**FOURTH CAUSE OF ACTION**

**Violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*.**

**(Plaintiffs Guthrie and Woo on behalf of the Washington Sub-Class)**

209.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

210.  The Washington Consumer Protection Act speaks for itself. No answer is required for a statement of law.

211.  This paragraph sets forth legal conclusions and therefore no response is required.  To the extent the allegations require a response, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

212.  MNAO admits that it was the distributor and warrantor of the Subject Vehicles sold in the United States. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

213.  This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

214.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

215.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

216.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

217.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

218.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

219.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

220.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

221.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

222.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

223.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

224.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

225. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

226. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

227. MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

## FIFTH CAUSE OF ACTION
### Breach of Express Warranty Pursuant to RCW 62A.2-313

### (Plaintiffs Guthrie and Woo on behalf of the Washington Sub-Class)

228. MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

229. MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

express warranties, provides warranty-related services in the United States. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. As to the remaining allegations, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

230.  The warranty booklets and information incorporated by reference in the TAC are publicly available and speak for themselves. These allegations also contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO lacks sufficient information or knowledge to either admit or deny this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

231.  The warranty booklets and information incorporated by reference in the TAC are publicly available and speak for themselves. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

232.  The warranty booklets and information incorporated by reference in the TAC are publicly available and speak for themselves. These allegations contain argument and legal conclusions to which no response is required. To the extent a

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

233. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

234. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

235. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

236. These allegations contain argument and legal conclusions to which no response is required. MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. MNAO denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities,

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

237.  MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

### SIXTH CAUSE OF ACTION
**Violation of Florida Deceptive and Unfair Trade Practices Act,
F.S.A. § 501.201, et seq.**

**(Plaintiffs Crain and Zelaya on behalf of the Florida Class)**

238.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

239.  These allegations contain argument and legal conclusions to which no response is required. To the extent that a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

240. MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. These allegations also contain argument and legal conclusions to which no response is required. To the extent that a response is required, MNAO denies these allegations.

241. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

242. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 242 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

243. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

244.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

245.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

246.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

247.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

248.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO denies the allegations contained in this

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

249. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

250. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

251. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

252.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

253.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

254.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

255.  MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### Breach of Express Warranty Pursuant to F.S.A. § 672.313

### (Plaintiffs Crain and Zelaya on behalf of the Florida Class)

256.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

257. MNAO admits that it distributes Mazda vehicles to independent, authorized Mazda dealers location in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO refers the Court to the warranty booklets provided with the purchase or leasing of a new Mazda vehicle, which is incorporated by reference, publicly available, and speak for themselves.

258.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to either admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

259.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO refers the Court to the warranty booklets provided with the purchase or leasing of a new Mazda vehicle, which is incorporated by reference, publicly available, and speak for themselves. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and

functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

260. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient information or knowledge to admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO refers the Court to the warranty booklets provided with the purchase or leasing of a new Mazda vehicle, which is incorporated by reference, publicly available, and speak for themselves. MNAO also denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

261. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO also denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

262. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 262 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

263.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 262 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

264.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 264 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

## EIGHTH CAUSE OF ACTION
### Violation of the Tennessee Consumer Protection Act, Tenn. Code § 47-18-101, *et seq*.

### (Plaintiff Hinton on behalf of the Tennessee Class)

265. MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

266. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 266 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

267.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO admits only that it is a California corporation. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 267 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

268.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 268 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

269.  MNAO admits only that it distributes Mazda vehicles to independent, authorized dealers located in the United States and as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

denies that it is offering for sale, selling, or leasing the Subject Vehicles. These allegations contain legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

270.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

271.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 271 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

272.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

273. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

274. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 274 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

275. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 275 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

276.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 276 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

277.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

278.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. Paragraph 278 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

279.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 279 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

280.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 280

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

281.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 281 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

282.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 282 contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

283.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

284.  MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

## NINTH CAUSE OF ACTION
### Breach of Express Warranty Pursuant to Tenn. Code § 47-2-313

### (Plaintiff Hinton on behalf of the Tennessee Class)

285.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

286. MNAO admits that it distributes Mazda vehicles to independent, authorized Mazda dealers location in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO refers the Court to the warranty booklets provided with the purchase or leasing of a new Mazda vehicle, which is incorporated by reference, publicly available, and speak for themselves.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

287.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO refers the Court to the warranty booklets provided with the purchase or leasing of a new Mazda vehicle, which is incorporated by reference, publicly available, and speak for themselves. Paragraph 287 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

288.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

289.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that

Plaintiffs have any basis for an actionable claim. Paragraph 289 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

290. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. Paragraph 290 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

291. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 291

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

292. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it lacks sufficient knowledge or information to admit or deny. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 291 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

293. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 293 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required,

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

294.  MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

## TENTH CAUSE OF ACTION
### Violation of the Consumers Legal Remedies Act,
### Cal. Civil Code §§ 1750, et seq.

### (Plaintiff Gilinets on behalf of the California Class)

295.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

296.  The California Consumers Legal Remedies Act speaks for itself and this paragraph requires no response.

297.  MNAO admits it is a California corporation. These allegations contain argument and legal conclusions to which no response is required.

298.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 298 also contains allegations regarding Plaintiffs'

84

class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

299.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  Paragraph 299 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

300.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  Paragraph 300 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

301.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.  Paragraph 301 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

302.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

303.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.  Paragraph 303 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

304.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

305.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 305 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

306.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 306 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required,

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

307. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 307 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

308. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 308 also contains allegations regarding Plaintiffs' class definitions and

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

does not require a response from MNAO. To the extent an answer is required,

MNAO denies that Plaintiffs have properly defined a class, or that a proposed class

can be certified as alleged in the TAC. MNAO further denies Plaintiffs'

characterization of the Subject Vehicles and/or their components and functionalities,

that there is or was any "defect," and that Plaintiffs have any basis for an actionable

claim.

309. These allegations contain argument and legal conclusions to which no

response is required. To the extent a response is required, MNAO denies the

allegations in this paragraph. MNAO further denies the allegations contained in this

paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

Paragraph 309 also contains allegations regarding Plaintiffs' class definitions and

does not require a response from MNAO. To the extent an answer is required,

MNAO denies that Plaintiffs have properly defined a class, or that a proposed class

can be certified as alleged in the TAC.

310. These allegations contain argument and legal conclusions to which no

response is required. To the extent a response is required, MNAO denies the

allegations in this paragraph. MNAO further denies the allegations contained in this

paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

Paragraph 305 also contains allegations regarding Plaintiffs' class definitions and

does not require a response from MNAO. To the extent an answer is required,

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

311.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO lacks sufficient information or knowledge to admit or deny and therefore denies these allegations. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 311 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

312.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 312 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

313. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 313 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

314. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations of this paragraph. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 314 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

315. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies these allegations.

316. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies these allegations. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO denies the allegations in this paragraph.

317. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies these allegations. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact.

318. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies these allegations. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO denies the allegations in this paragraph.

319. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies these allegations. MNAO also denies the allegations contained in this paragraph because they purport

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

to assert Plaintiffs' subjective opinions as fact. Paragraph 319 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

320. This paragraph calls for expert opinion to which MNAO need not respond. To the extent this allegation is deemed to require a response, MNAO denies this allegation. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 320 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

321. This paragraph contains legal conclusions to which no response is required. To the extent this allegation is deemed to require a response, MNAO denies this allegation.

322. MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

contain argument and legal conclusions to which no response is required. To the

extent a response is required, MNAO denies the allegations in this paragraph.

## ELEVENTH CAUSE OF ACTION

The TAC does not contain an eleventh cause of action section heading and

therefore a response is not required.

## TWELFTH CAUSE OF ACTION
**Breach of Implied Warranty Pursuant to Song-Beverly
Consumer Warranty Act – Cal. Civ. Code §§ 1792 and 1791.1, *et seq*.**

**(Plaintiff Gilinets on behalf of the California Class)**

323.  MNAO incorporates the corresponding preceding answers as if they

were repeated and alleged verbatim here.

324.  This paragraph contains legal conclusions to which no response is

required. To the extent a response is required, MNAO denies this allegation.

325.  This paragraph contains legal conclusions to which no response is

required. MNAO admits that it distributes Mazda vehicles to independent,

authorized dealers located in the United States and, as the warrantor of limited

express warranties, provides warranty-related services in the United States. MNAO

does not sell vehicles directly to consumers.

326.  This paragraph contains argument and legal conclusions to which no

response is required. MNAO admits that it distributes Mazda vehicles to

independent, authorized dealers located in the United States and, as the warrantor of

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

limited express warranties, provides warranty-related services in the United States. MNAO does not sell vehicles directly to consumers.

327. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 327 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

328. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 328 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

# THIRTEENTH CAUSE OF ACTION
## Breach of Express Warranty under Cal. Comm. Code § 2313

### (Plaintiff Gilinets on behalf of the California Class)

329. MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

330. MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. As to the remaining allegations, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

331. MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. As to the remaining allegations, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

332.   MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

333.   This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegation. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 333 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

334.   This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations. MNAO also denies the allegations contained in this paragraph because they purport to assert

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiffs' subjective opinions as fact. Paragraph 334 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

335. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO lacks sufficient knowledge and information to either admit or deny, and on that basis denies the allegations of this paragraph. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 335 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

336. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO lacks sufficient knowledge and information to either admit or deny, and on that basis denies the allegations.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 336 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

337. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies these allegations. MNAO also denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. Paragraph 337 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

**FOURTEENTH CAUSE OF ACTION**
**Breach of Express Warranty Pursuant to Song-Beverly**
**Consumer Warranty Act – Cal. Civ. Code §§ 1793 and 1791.2, *et seq*.**

**(Plaintiff Gilinets on behalf of the California Class)**

338. MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

339. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

340. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies these allegations. MNAO distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States.

341. This paragraph contains legal conclusions to which no response is required.

342. Cal. Civ. Code § 1794 speaks for itself and this paragraph requires no response. MNAO admits it provides a New Vehicle Limited Warranty and a Powertrain Limited Warranty with new Mazda vehicles.

343. MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. As to the remaining

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

allegations, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

344. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including the owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. As to the remaining allegations, MNAO is also without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

345. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, MNAO denies these allegations. Paragraph 345 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

346. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

347. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

348. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

349. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

## FIFTHTEENTH CAUSE OF ACTION
### Illinois Consumer Fraud and Deceptive Business Practices Act
### (815 ILCS 505/1, ET SEQ. and 720 ILCS 295/1A)

### (Plaintiff Knysz on behalf of the Illinois Class)

350. MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

351. The Illinois Consumer Fraud and Deceptive Business Practice Act speaks for itself and does not require a response.

352. This paragraph contains legal conclusions to which no response is required. MNAO admits that it is a California corporation.

353. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

354. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

355. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. Paragraph 355 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

356. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

357. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. Paragraph 357 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

358. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. Paragraph 358 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

359. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 359 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

360. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 360 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

361. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

362. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 362 also contains allegations

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

363. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 363 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

364. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 364 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

365. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. Paragraph 365 also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

366. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies this allegation.

367. MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

## SIXTEENTH CAUSE OF ACTION
### Breach of the Implied Warranty of Merchantability Pursuant to 810 ILCS §§ 5/2-314 and 5/2A-212

### (Plaintiff Knysz on behalf of the Illinois Class)

368.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

369.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States.

370.  This paragraph contains legal conclusions to which no response is required.

371.  810 ILCS §§ 5/2-104(1) and 5/2A-103(3) speak for themselves and a response is not required. To the extent a response is required, MNAO denies the allegations in this paragraph.

372.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

373.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

374.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

## SEVENTEENTH CAUSE OF ACTION
### Breach of Express Warranty Pursuant to 810 Ill. Comp. Stat. Ann. 5/2-313

### (Plaintiff Knysz on behalf of the Illinois Class)

375.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

376. MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. As for the remaining allegations, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

377.  MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

378. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

379. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

112

that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

380.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

381.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

382.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies this allegation.

## EIGHTEENTH CAUSE OF ACTION
### North Carolina's Unfair and Deceptive Trade Practices Act, ("NCUDTPA") N.C. Gen. Stat. § 75.1.1, *et seq.*

### (Plaintiff Amy Bradshaw on behalf of the North Carolina Class)

383.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

384.  North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat §§ 75.1.1 speaks for itself and a response is not required.

385.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

386.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. This paragraph also contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

387. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

388. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

389. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

115

properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

390.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

391.   These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

392.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO also denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

393.  These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

394.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

395.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

396.  MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO also denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities,

that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

397.  MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents a legal questions (not a factual account) for which Defendant need not provide an answer. These allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

## NINETEENTH CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability Pursuant to the
### N.C. Gen. Stat. § 25-2-314, *et. seq*.

### (Plaintiff Amy Bradshaw on behalf of the North Carolina Class)

398.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

399.  This paragraph contains legal conclusions to which no response is required. MNAO distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States.

400.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

401.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

paragraph. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. MNAO also denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

402.   This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO also denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

403.   MNAO admits that Plaintiffs are attempting to seek certain relief in the TAC but the appropriateness of such pleading presents legal questions (not factual accounts) for which Defendant need not provide an answer. These allegations

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

contain argument and legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph.

### TWENTIETH CAUSE OF ACTION
**Breach of Express Warranty Pursuant to N.C. Gen. Stat. § 25-2-313, *et. seq*.**

**(Plaintiff Bradshaw on behalf of the North Carolina Class)**

404.  MNAO incorporates the corresponding preceding answers as if they were repeated and alleged verbatim here.

405. MNAO admits that it distributes Mazda vehicles to independent, authorized dealers located in the United States and, as the warrantor of limited express warranties, provides warranty-related services in the United States. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves. As for the remaining allegations, MNAO is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

406. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

407. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO also denies Plaintiffs' characterization of the Subject Vehicles and/or their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim. MNAO admits that certain documents and materials were included with the Subject Vehicles at the time of sale including an owner's manual, warranty booklets, and maintenance guide. These documents and materials speak for themselves.

408. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations in this paragraph. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC. MNAO also denies Plaintiffs' characterization of the Subject Vehicles and/or

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

their components and functionalities, that there is or was any "defect," and that Plaintiffs have any basis for an actionable claim.

409. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

410. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

411. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, MNAO denies the allegations. MNAO further denies the allegations contained in this paragraph because they purport to assert Plaintiffs' subjective opinions as fact. This paragraph contains allegations regarding Plaintiffs' class definitions and does not require a response from MNAO. To the extent an answer is required, MNAO denies that Plaintiffs have properly defined a class, or that a proposed class can be certified as alleged in the TAC.

## DEMAND FOR RELIEF

MNAO disputes and denies that Plaintiffs are entitled to any of the legal, equitable, declaratory or other relief requested, and class certification is inappropriate, unwarranted, and unsupported by the applicable laws and rules. MNAO specifically denies that Plaintiffs (and the Proposed Class—which Defendant denies is properly defined or appropriate for certification for litigation purposes) is entitled to any recovery sought in the TAC.

## DEMAND FOR JURY TRIAL

The demand for jury trial requires no response. MNAO hereby demands a trial by jury of any and all issues so triable in this action.

## GENERAL DENIAL

To the extent any allegations in Plaintiffs' TAC are not specifically admitted, MNAO denies them.

MNAO denies Plaintiffs are entitled to judgment against them as requested in

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

the Demand for Relief.  Further, as set forth below, MNAO asserts the following affirmative defenses against Plaintiffs and/or putative class members:

## AFFIRMATIVE DEFENSES

Subject to the responses above, MNAO alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, MNAO reserves the right to modify, amend, expand upon, and/or assert additional defenses if discovery, investigation, or analysis indicates that they would be appropriate.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The TAC, and each cause of action and claim for relief asserted therein, fails to state facts sufficient to constitute a cause of action or claim for relief against MNAO.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Meet the Elements to Certify a Class Action)

The TAC, and each cause of action and claim for relief asserted therein, fails to state facts sufficient to constitute a class action.  Plaintiffs have not properly defined a class, that the allegations and definition(s) meet the requirements of Rule 23, or that the proposed classes should be certified for litigation (as opposed to settlement) purposes. Accordingly, this case is not suitable for class action treatment

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

for litigation purposes.

### THIRD AFFIRMATIVE DEFENSE

### (Inadequate Class Representation)

The claims of Plaintiffs are not "typical" of the putative class, and Plaintiffs are not "adequate" class representatives for purposes of certification for litigation purposes.

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

Plaintiffs have failed to sufficiently plead reliance, much less justifiable reliance, on any representation or purported misrepresentation or omission of MNAO.

### FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs lack standing to assert the claims alleged in the TAC and further lack standing to serve as representatives of the putative class asserted in the TAC for litigation purposes. Plaintiffs have not suffered injury, including any monetary loss or diminution in the value of their vehicles, that was caused by any conduct or omission of MNAO, and that can be redressed by a court.

### SIXTH AFFIRMATIVE DEFENSE

### (No Injury to Plaintiffs)

Plaintiffs have not plausibly pled that they have been injured or have

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

otherwise suffered any loss or damage in any manner by any conduct, acts, or omissions by MNAO.  Plaintiffs have not alleged to having suffered any physical injuries or health risks due to the alleged defect and have not suffered any monetary loss or diminution in the value of their vehicles.  Plaintiffs' vehicles are fit for the ordinary purpose of providing safe and reliable transportation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiffs have suffered damages by virtue of any conduct, acts or omissions of MNAO, which is denied, Plaintiffs have failed to mitigate any such damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As a result of the acts, conduct, and/or omissions of the Plaintiffs and/or each of their agents, every cause of action and claim for relief averred in the TAC has been waived.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a result of the acts, conduct, statements, representations, and/or omissions of the Plaintiffs and/or each of their agents, and MNAO's reliance thereon, Plaintiffs are estopped from asserting every cause of action and claim for relief averred in the TAC.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

The TAC, and each purported cause of action or claim for relief asserted therein, is barred in whole or in part by the doctrine of laches by reason of Plaintiffs' unreasonable delay in commencing this action, which delay has caused prejudice to MNAO.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (MNAO's Performance)

MNAO has fully and/or substantially performed any and all obligations it may have had to Plaintiffs, if any, except such obligations as MNAO was excused from performing as a result of Plaintiffs' conduct, failure to properly perform their obligations, or otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Notice)

Some or all of Plaintiffs' claims for damages are barred because Plaintiffs did not provide adequate notice as required by statute and/or otherwise failed to provide MNAO an opportunity to repair the subject vehicles.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

Plaintiffs' claims are barred in whole or in part because Plaintiffs are not in privity with MNAO.  A third-party beneficiary ("TPB") exception, where permitted, is not applicable here as Plaintiffs have not pleaded facts supporting such an exception.   Further, Plaintiffs have not pleaded facts showing that the sum of interaction and expectations between Plaintiffs and MNAO demonstrate that a TPB contract exists.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

MNAO's actions, if any, respecting the subject matters alleged in the TAC, and the claims for relief asserted therein, were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper, and justified means to further MNAO's purpose of engaging in and continuing its business.  By reason thereof, Plaintiffs are barred, in whole or in part, from recovery on the claims for relief alleged in the TAC.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

At all times relevant herein, the conduct of MNAO alleged in the TAC conformed to all applicable statutes, government regulations, and industry standards applicable thereto.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Acts of Others/Intervening or Superseding Cause)

MNAO asserts that Plaintiffs' damages, if any, were the result of one or more intervening or superseding causes, or caused by the acts and/or failures to act of persons and/or entities other than MNAO, and were not the result of any act or omission on the part of MNAO.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Punitive Damages)

The TAC fails to state a cause of action or facts that would support the awarding of punitive damages against MNAO.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Fault of the Plaintiffs)

MNAO asserts that each cause of action is barred because any damages or losses that Plaintiffs have alleged, if they exist, were proximately caused or contributed to by the negligence and/or conduct of Plaintiffs thereby barring or reducing Plaintiffs' recovery herein.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Preemption/Primary Jurisdiction)

The injunctive relief requested in the TAC is barred by the doctrines of preemption and/or primary jurisdiction.

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

NELSON MULLINS RILEY & SCARBROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Agreement to Arbitration or Class Action Waiver)

Some or all of the claims made in the TAC, including claims made on behalf of the putative plaintiff class, must be resolved through arbitration because the purchase and lease agreements, and/or warranty and financing agreements to which some or all members of the proposed putative plaintiff class purchased or leased or financed their vehicles contain an arbitration and/or class action waiver clause.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Prudential Mootness)

Some or all of the claims made in the TAC, including claims made on behalf of the putative plaintiff class, are prudentially moot in light of countermeasures related to the Subject Vehicles and Plaintiffs' alleged claims for relief in this action.

\*\*\*

MNAO asserts that it presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. MNAO therefore reserves the right to assert additional defenses if discovery, investigation, or analysis indicates that they would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, MNAO prays for judgment:

1.      That Plaintiffs' TAC and each separate cause of action asserted against

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

MNAO therein be dismissed;

2.      That Plaintiffs take nothing by their TAC;

3.      That  MNAO  be  awarded  reasonable  attorneys'  fees  necessarily incurred herein to the extent allowed by applicable law; and

4.      That MNAO has and recovers from Plaintiffs its costs of suit and such other and further relief as this Court may deem just and proper.

Dated: December 5, 2023          Respectfully submitted,

                                 NELSON MULLINS RILEY &
                                 SCARBOROUGH LLP


                                 By:    /s/ Jahmy S. Graham
                                        Jahmy S. Graham
                                        Priscilla Szeto


                                 Attorneys for Defendant
                                 MAZDA MOTOR OF AMERICA, INC. d/b/a
                                 MAZDA NORTH AMERICAN
                                 OPERATIONS

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on December 5, 2023, I electronically filed the foregoing

3   with the Clerk of Court using the CM/ECF system and I served a copy of the

4   foregoing pleading on all counsel for all parties, via the CM/ECF system and/or

5   mailing same by United States Mail, properly addressed, and first class postage

6   prepaid, to all counsel of record in this matter.

7

8       By:    */s/ Jahmy S. Graham*
                Jahmy S. Graham

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MNAO'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT