UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

vs.

Mazda Motor of America, Inc.,

Defendant.

Case No.: 8:22-cv-01055-DOC-DFM

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Parties seek entry of an order preliminarily approving the settlement of this action pursuant to their settlement agreement (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed nationwide class action settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

**NOW, THEREFORE, IT IS ON THIS ____ DAY OF _____, 2024, ORDERED THAT**:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

1

2.     The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453(b).

3.     Venue is proper in this District.

4.     The Court grants the Plaintiffs' motion for preliminary approval of the Settlement as fair, reasonable and adequate under Rule 23.  The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good faith, arm's-length negotiations between the parties and their capable and experienced counsel, and with the assistance of an experienced, well-respected and neutral Mediator, Hon. Dickran M. Tevrizian (Ret.) of JAMS.  The Court further finds that the Settlement, including the exhibits attached thereto, is sufficiently fair, reasonable and adequate to justify preliminary approval of the Settlement, preliminary certification of the proposed Settlement Class, dissemination of notice to the Settlement Class, as set forth below and in the Settlement, and to schedule a Final Fairness Hearing to determine whether to grant final approval of the Settlement and enter a final approval order and judgment.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All persons and entities who purchased or leased a Settlement Class Vehicle in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

6.     "Settlement Class Vehicle" means the following model year and model Mazda vehicles equipped with a 2.5L turbocharged engine and valve stem seals within the impacted VIN production range distributed by Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO"), for sale or lease in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands:

> Model Year 2021 Mazda3 (Japan built)

Model Year 2021 & 2022 Mazda3 (Mexico built)

Model Year 2021 & 2022 CX-30 (Mexico built)

Model Year 2021 Mazda6

Model Year 2021 CX5

Model Year 2021 CX9

7. Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges, court staff, and/or mediators or arbitrators who have presided over the Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

8. The Court preliminarily appoints Interim Class Counsel Lemberg Law, LLC, as Class Counsel.

9. The Court preliminarily appoints Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw as Settlement Class Representatives.

10. The Court preliminarily finds, solely for purposes of the Settlement, that the Settlement satisfies the requirements of Rule 23 such that preliminary certification of the Settlement Class and dissemination of the class notice pursuant to the

Settlement's notice program are appropriate.  The Court further finds, for Settlement purposes, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court also preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks of continued litigation.

11.    The Court finds that discovery has been conducted to a sufficient extent that counsel for the parties are reasonably able to evaluate their claims and defenses, the risks of further litigation, and the benefits of settlement which will avoid substantial additional costs to the parties and reduce delay and risks associated with litigating this action to conclusion. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations of vigorously disputed claims, with the assistance of an experienced and respected third-party neutral Mediator.

12.    The Court preliminarily approves the Settlement Agreement and its content and exhibits, including the form and content of the Claim Form (Exhibit 1 to the Settlement Agreement) and the form and content of the Settlement Class Notice (Exhibit 4 to the Settlement Agreement).  The Court finds that the mailing of the Settlement Class Notice in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule 23 and due process.  The foregoing is the best notice practicable under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the class certification for settlement purposes only, the terms of the Settlement and benefits

afforded, the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so, the deadline, procedures and requirements for submitting a reimbursement claim pursuant to the Settlement, Class Counsel's application for fees and expenses, the request for service awards for the named Plaintiffs, and other pertinent information.  The Settlement Class Notice and notice plan constitute due and sufficient notice to the Settlement Class.  The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate, in consultation with the claims administrator, JND Legal Administration.

13.   Accordingly, the Court directs that the aforementioned Class Notice be mailed to the Settlement Class Members, pursuant to the terms of the Settlement, on or before _____ (within sixty (60) days after entry of this Order (the "Notice Date")).

14.   The Court preliminarily appoints JND Legal Administration as the Settlement Claim Administrator.  The Settlement Claim Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including establishing, maintaining, and administering a website dedicated to the Settlement which (i) will provide information about the Settlement including all relevant documents and deadlines and (ii) will instruct on how to submit a Claim for reimbursement.  At least fourteen (14) days before the Final Approval Hearing, the Settlement Claim Administrator shall provide an affidavit or declaration to the Court attesting that Settlement Class Notice was disseminated in a manner consistent with the terms of the Settlement.

15.   The Court authorizes the Settlement Claim Administrator, JND Legal Administration, through data aggregators or otherwise, to request, obtain and utilize vehicle registration information from the Department of Motor Vehicles for all 50

states, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands and all other United States territories and/or possessions for the purposes of providing the identity of and contact information for purchasers and lessees of Class Vehicles. Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make and model of the vehicle.

16.    The Departments of Motor Vehicles within the United States and its territories are ordered to provide approval to Polk/IHS Markit, Experian, or any other company so retained by the parties and/or the Settlement Claim Administrator, to release the names and addresses of Settlement Class Members in this action associated with the titles of the Vehicle Identification Numbers ("VINs") at issue in this action for the purposes of disseminating the Settlement Class Notice to the Settlement Class Members.  Settlement Class Members' contact information may be used solely for providing Settlement Class Notice in this action and for no other purpose.

17.    Any Settlement Class Members that wish to exclude themselves from the Settlement must submit a Request for Exclusion, in writing, to the Settlement Claim Administrator at the address to be specified in the Class Notice.  All Requests for Exclusion must be postmarked no later than _____, 2024 (within forty-five (45) days after the Notice Date) (the "Exclusion Deadline"), and must include/state the following:

(a)    the Settlement Class Member's full name, address and telephone number;

(b)    the model, model year and VIN of the Settlement Class Vehicle;

(c)    state that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

(d)    a specific and unambiguous statement that he/she/it desires to be excluded from the Settlement Class.

18.    Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall remain in the Settlement Class

and shall be subject to and bound by all determinations and judgments in the Action concerning the Settlement, including but not limited to the Release set forth in the Settlement Agreement.

19. Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of this Settlement Agreement, the request for Settlement Class Counsel fees and expenses and/or the request for Settlement Class Representative service awards. Any objection and supporting documents must be filed, on or before _____ (forty-five (45) days after the Notice Date) (the "Objection Deadline"), with the Court via the Court's electronic filing system, or if not filed via the Court's electronic system, the objection and supporting documents must be mailed to all of the following persons by first-class mail postmarked no later than the Objection Deadline:

(a) Clerk of the Court, Ronald Reagan United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516.

(b) Sergei Lemberg, Lemberg Law, LLC, 43 Danbury Road, 3rd Floor, Wilton, CT 06897; and

(c) Jahmy S. Graham, Nelson Mullins Riley and Scarborough LLP, 19191 South Vermont Avenue, Torrance, CA 90502; and

(d) JND Legal Administration by mailing to:

Mazda Excessive Oil Consumption Settlement
c/o JND Legal Administration
PO Box 91414
Seattle, WA 98111

20. For an objection to be considered by the Court, the objection must contain the following:

(a) the case name, *Guthrie et al. v. Mazda Motor of America, Inc.*, 8:22-cv-01055 (DOC) (DFM);

(b) the objector's full name, address, and telephone number;

(c)    the model, model year and Vehicle Identification Number ("VIN") of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

(d)    a written statement of all grounds for the objection accompanied by any legal support for such objection;

(e)    copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and

(f)    a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/it shall affirmatively so state in the objection.

21.    Any objection that fails to satisfy all of these requirements is not valid and shall not be considered by the Court.

22.    Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the final fairness hearing to explain the bases for his/her/its objection. In order to appear, the objecting Settlement Class Member must, by the Objection Deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the fairness hearing. The notice of intention to appear must include copies of any papers, exhibits, or other evidence and identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the fairness hearing.

23.    Any Settlement Class Member who does not object in the time and manner directed in this Order shall be deemed to have waived such objections and shall forever

be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed Settlement and any judgment approving the Settlement.

24.     The Court hereby schedules the Final Fairness Hearing for _____, 2024 at _____ a.m./p.m. (not less than 135 days after the date of this Order) and will take place in Courtroom 10A of the Ronald Reagan United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516.  The Final Fairness Hearing will assist the Court in determining whether the proposed Settlement should receive final approval as fair, reasonable, and adequate, the Settlement Class should be certified, a final order and judgment should be entered approving the Settlement, and whether Settlement Class Counsel's applications for reasonable attorneys' fees and expenses and service awards to the Settlement Class Representatives should be approved.

25.     Settlement Class Counsel shall file their Motion for reasonable attorneys' fees and expenses ("Fee and Expense Application") and service awards for the Settlement Class Representative Plaintiffs, no later than three (3) days after the Notice Date.  In addition, Class Counsel will cause the Fee and Expense Application, and any Opposition filed by Defendant, and Reply by Plaintiffs, and any other documents the Court orders, to be posted on the settlement website.

26.     Plaintiffs shall file their Motion for Final Approval of the Settlement, no later than _____, 2024 (fourteen (14) days before the Final Fairness Hearing).  If Defendant chooses to file a memorandum of law in support of final approval of the Settlement, it must do so no later than _____, 2024 (seven (7) days before the Final Fairness Hearing).

27.     Plaintiffs and Class Counsel shall file their responses to any timely and properly filed objections to the Settlement, the Fee and Expense Application or Settlement Class Representative service awards no later than _____, 2024 (fourteen (14) days before the Final Fairness Hearing).  If Defendant chooses to

file a response to timely and properly filed objections, it also must do so no later than
_____, 2024 (seven (7) days before the Final Fairness Hearing).

28.     In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

(b)    All of the Parties' respective pre-Settlement claims, defenses and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

(c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant, Released Parties or Plaintiffs on any claim, defense, or point of fact or law;

(d)    Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise;

(e)    Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence in any action;

(f)    The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified; and

(g)     The terms in Section VI of the Settlement Agreement shall survive.

29.     Pending the Final Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been approved by the Court at the Final Fairness Hearing), shall commence, continue, prosecute or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement against any of the Released Parties (as that term is defined in the Settlement Agreement).  Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

30.     Upon final approval of the Settlement, all Settlement Class Members who have not been determined to have timely and validly excluded themselves from the Settlement Class, shall be forever enjoined and barred from asserting any of the matters, Released Claims or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, Released Claims, and causes of action against any of the Released Parties as provided in the Settlement Agreement.

31.     Settlement Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, agreed minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

32. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation of the Settlement terms.

33. Based on the foregoing, the Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

(a) Notice shall be provided in accordance with the Notice Plan and this Order;

(b) Class Counsel shall file their Fee and Expense Application and request for service awards for Plaintiffs no later than _____, 2024 (three (3) days after the Notice Date);

(c) Settlement Class Members must file any objections to the Settlement, Class Counsel's Fee and Expense Application and/or the request for service awards no later than _____, 2024 (forty-five (45) days after Notice Date);

(d) Settlement Class Members who wish to exclude themselves from the Settlement must submit proper and sufficient Requests for Exclusion from the Settlement no later than _____, 2024 (forty-five (45) days after Notice Date);

(e) Plaintiffs shall file their Motion for Final Approval of the Settlement and responses to timely and properly filed objections to the Settlement, the Fee and Expense Application or Settlement Class representative service awards no later than _____, 2024 (fourteen (14) days before the Final Fairness Hearing);

(f) If Defendant chooses to file a memorandum of law in support of final approval of the Settlement or to respond to timely and properly filed objections, it must do so no later than _____, 2024 (seven (7) days before the Final Fairness Hearing);

(g) The Settlement Claim Administrator must file with the Court, no later than _____, 2024 (fourteen (14) days before the Final Fairness Hearing), (i) a list of those persons or entities who or which have opted-out or excluded themselves from the Settlement; and (ii) the

details outlining the scope, method and results of the notice program;

(h)   The Final Fairness Hearing will be held on _____, 2024 (not less than 135 days after the date of this Order), at _____, at the Ronald Reagan United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516.

**IT IS SO ORDERED.**

Dated: _____        _____

Hon. David O. Carter
United States District Judge

13