TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Rd.
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Sergei Lemberg (admitted *pro hac vice*)
Stephen Taylor (admitted *pro hac vice*)
Joshua Markovits (admitted *pro hac vice*)
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-2250
E-mail: slemberg@lemberglaw.com
E-mail: jmarkovits@lemberglaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>Mazda Motor of America, Inc.,<br><br>Defendant. | Case No.: 8:22-cv-01055-DOC-DFM<br><br>**DECLARATION OF SERGEI LEMBERG IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL** |

I, Sergei Lemberg, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1.      I am the principal of Lemberg Law, LLC ("Lemberg Law"). I am a consumer rights attorney experienced in prosecuting actions under various federal and state consumer protection statutes. I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

2.      I graduated from Brandeis University in 1997 and from the University of Pennsylvania School of Law in 2001. I am a member in good standing of the bars of, Connecticut, Florida, Georgia, Massachusetts, New Jersey, New York, and Pennsylvania. I am also admitted to practice before the First, Second, Third, Fourth, Fifth, Seventh, Ninth and Eleventh Circuit Courts of Appeal. I am admitted to practice before the following Federal courts: the District of Massachusetts, Eastern and Western Districts of Arkansas; the District of Connecticut; the Northern and Middle Districts of Georgia; the Northern, Central and Southern Districts of Illinois; the District of Maryland; the Eastern and Western Districts of Michigan; the Eastern District of Missouri; the District of Nebraska; the Northern, Southern, Eastern and Western Districts of New York; the Northern District of Ohio; the Northern, Eastern and Western Districts of Oklahoma; the Western District of Texas and the Eastern, Middle and Western Districts of Pennsylvania.

3.      My firm's decisions on consumer right's matters include but are not limited to: *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98 (1st Cir. 2014); *Scott v. Westlake Servs. LLC*, 2014 WL 250251 (7th Cir. Jan. 23, 2014); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012); *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992 (D.N.M. Oct. 19, 2016); *Butto v. Collecto, Inc*, 290 F.R.D. 372, 395-396 (E.D.N.Y. 2013); *Cerrato v. Solomon & Solomon*, 909 F.Supp.2d 139 (D. Conn. 2012); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011); *Davis v. Diversified*

*Consultants, Inc.*, 2014 WL 2944864 (D. Mass. June 27, 2014); *Hudak v. The Berkley Grp., Inc.*, 2014 WL 354666 (D. Conn. Jan. 23, 2014); *Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813 (S.D.N.Y. Dec. 12, 2013); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012).

4. I have been certified as class counsel, in both contested proceedings and in settlement, in the following matters: *Sager, et al. v. Volkswagen Group of America, Inc., and Audi of America, Inc.*, 18-cv-13556 (D.N.J) (settlement class counsel representing nation-wide class of approximately 340,000 members alleging breach of various warranties and state consumer law owing to allegedly defective after-run electric coolant pumps); *Jefferson v. Gen. Motors, LLC*, 344 F.R.D. 175 (W.D. Tenn. 2023), *modified on reconsideration*, 2023 WL 5662596 (W.D. Tenn. Aug. 31, 2023) (contested certification of class of vehicle purchasers and lessees asserting breach of warranty claims regarding alleged common defect with shifter assemblies); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Johnson v. Comodo Grp., Inc.*, No. CV164469SDWLDW, 2020 WL 525898 (D.N.J. Jan. 31, 2020) (certifiying Telephone Consumer Protection Act ("TCPA") class action); *Munday v. Navy Federal Credit Union*, 15-cv-01629 (C.D. Cal., July 14, 2017) (ECF No. 60) (final approval of class settlement of $2.75MM in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, No. CV 15-3509, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM common fund in TCPA action); *In Re: Convergent Telephone Consumer Protection Act Litigation*, 3:13-md-02478 (D. Conn., November 10, 2016) (ECF No. 268) (final approval of class settlement consisting of $5.5MM common fund and injunctive relief in TCPA action); *Oberther v. Midland Credit Management*, 14-cv-30014 (D. Mass. July 13, 2016) (ECF No. 90) (Fair Debt Collection Practice Act ("FDCPA") class

action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) (FDCPA class action); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Douma v. Law Offices of Mitchell N. Kay P.C.*, 09-cv-9957 (S.D.N.Y.) (FDCPA class action); *Waiters v. Collection Tech., Inc.*, 10-cv-02514 (S.D.N.Y.) (FDCPA class action).

5.      Since its inception in 2006, Lemberg Law has also represented plaintiffs in over 10,000 individual automotive actions under the Magnuson-Moss Warranty Act, and various state lemon law and express and implied warranty statutes.

6.      I have co-authored the definitive compilation of form complaints in Connecticut, Connecticut Civil Complaints for Business Litigation, contributing form complaints for the Lemon Law and Auto Fraud sections.

7.      I have been interviewed and asked to contribute on multiple occasions by the media regarding various matters that I worked on, such as the Boston Herald, NorthJersey.com, Newsweek, The Leader Herald, PatriotLedger.com, Law360, Texas Lawyer, ABC News, Chanel 7 in Boston, McClatchy, AOL Autos, Connecticut Law Tribune, Philly.com, the Los Angeles Times, Consumer Reports.org, Syracuse.com, Daily News, Harford Advocate.com and the Boston Herald.

8.      I am also the former Chair of the Consumer Law Section of the Connecticut Bar Association. I held that position from 2014 to 2015.  I have been a guest speaker at the Professional Association for Customer Engagement conference in 2014 and the National Debt Collection Forum in 2016.  In both instances I spoke about best practices that should be or are adopted in the debt collection profession from the perspective of a consumer advocate.

9.      We have litigated this case with and on behalf of Plaintiffs and the putative class since March 2022 regarding the oil consumption issues with their Mazda vehicles.

When each Plaintiff contacted us, they and we agreed to pursue their claims on a class action basis.

10. Before filing the Complaint against Defendant Mazda North American Operations ("MNAO"), we investigated the Plaintiffs' claims, the nature of the alleged defect (the "Valve Stem Seal Defect"), the affected Class vehicle models, interviewed Class Vehicle owners and lessees, reviewed documents published by MNAO and made available to NHTSA, investigated other Class Vehicle owner complaints, consulted with an automotive expert and analyzed potential legal claims.

11. In addition to our own investigations, we have engaged in discovery on the merits and on class claims. This includes serving interrogatories and requests for the production of documents on MNAO regarding the individual and class claims and the requirements of Rule 23; reviewing extensive document productions from Defendant outlining, *inter alia,* the investigation into the cause of the Valve Stem Seal Defect, its scope, and the repair regarding the Valve Stem Seal Defect including the efficacy of the repair; repeatedly conferring with MNAO regarding the scope of its production and need for additional discovery; and taking the deposition of a Rule 30(b)(6) designee regarding the same areas and to confirm that the redesigned valve stem seals correct the Defect. True and correct excerpts from the deposition transcript of Jerry Ward, Senior Manager for Product Quality at MNAO, are attached hereto as Exhibit A.

12. Discovery and data from MNAO showed there were approximately 86,116 vehicles produced with the valve stem seal which caused the Valve Stem Defect and are in the Settlement Class. At least 58,789 of those vehicles, or approximately 68%, had a low engine oil level light illuminate before the regular oil change interval. Further, the discovery showed that 12.9% of vehicles that had valve stem seals replaced with redesigned parts had the oil level light illuminate before the regular oil change interval, which was in line with Mazda turbocharged engines of this type.

13.     On May 1, 2023, the Parties attended a mediation in Los Angeles, California before Hon. Dickran M. Tevrizian (Ret.) of JAMS. The session was productive but did not result in a settlement.  Further discussions between the Parties and through Judge Tevrizian resulted in a settlement in principle as to the benefits for the Class, which was subsequently memorialized in a term sheet and the Settlement. As a condition of settlement, additional discovery on class size, Mazda's investigation into the defect, and the efficacy of its repair was conducted by the Parties.

14.     Over the next several months, that discovery was completed, the Settlement Agreement and its exhibits were drafted, finalized and Plaintiffs retained Hemming Morse, LLC to provide an expert opinion of the value of the warranty extension and repair components of the settlement. A true and correct copy of that report is attached hereto as Exhibit B.

15.     We recommended to the Class Representatives that the terms of the Settlement Agreement should be accepted as a fair and reasonable resolution of the class claims. All the Class Representatives have been very engaged in this case; aiding us in our investigation, providing discovery responses and maintaining regular contact.

16.     My recommendation that these terms be accepted is based on my extensive familiarity with the case.  We have aggressively pursued this case and discovered all facets necessary to make a well-informed decision on the merits of this settlement. Given my knowledge of the case, its strengths and weaknesses, and my assessment of the risk to any recovery were the matter to proceed to summary judgment or trial, I find the settlement to be a fair and reasonable resolution of disputed claims.

17.     My recommendation is also grounded in my experience in class action litigation which informs my judgment that the terms of the settlement are fair and reasonable.

18.    Based on the foregoing, I respectfully request the Court preliminarily approve the class settlement agreement, direct notice be sent to the class and schedule a fairness hearing.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated: January 19, 2024                              By: */s/ Sergei Lemberg*
                                                              Sergei Lemberg