TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Rd.
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Sergei Lemberg (admitted *pro hac vice*)
Stephen Taylor (admitted *pro hac vice*)
Joshua Markovits (admitted *pro hac vice*)
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-2250
E-mail: slemberg@lemberglaw.com
E-mail: jmarkovits@lemberglaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*<br><br>    Plaintiffs,<br><br>    vs.<br><br>Mazda Motor of America, Inc.,<br><br>    Defendant. | Case No.: 8:22-cv-01055-DOC-DFM<br><br>**DECLARATION OF STEPHEN TAYLOR IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL** |

I, Stephen Taylor, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1.      I am a partner at Lemberg Law, LLC, of Wilton, Connecticut, and counsel to Plaintiffs in this action.  I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

2.      In addition to being licensed to practice law in the states of Connecticut and New York, I am admitted to the following Federal District Courts: the Southern, Eastern, Western and Northern Districts of New York; the Southern, Eastern, and Northern Districts of Texas; the District of Colorado; the Central and Northern Districts of Illinois; the Eastern District of Michigan and the District of Connecticut. I am a member in good standing in both Connecticut and New York and appear in this matter *pro hac vice*.

3.      I am a 2007 graduate of Tulane University School of Law and a 2003 graduate from Boston College.  I am a former judicial clerk and worked for the Connecticut firm the Law Office of Norman Pattis before joining Lemberg Law in 2009.

4.      I have extensive experience in consumer rights litigation including matters brought under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") the Magnuson Moss Federal Act, the Truth in Lending Act, and a variety of state consumer protection statutes.

5.      I have extensive experience in class action litigation and have been certified as class counsel in numerous cases. *See, e.g.*, *Sager, et al. v. Volkswagen Group of America, Inc., and Audi of America, Inc.*, 18-cv-13556 (D.N.J) (settlement class counsel representing nation-wide class of approximately 340,000 members alleging breach of various warranties and state consumer law owing to allegedly defective after-run electric coolant pumps); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Johnson v.*

*Comodo Grp., Inc.*, 2020 WL 525898, at *1 (D.N.J. Jan. 31, 2020) (TCPA contested class action); *Nyby v. Convergent Outsourcing, Inc.*, 2017 WL 3315264, at *5 (D.N.J. Aug. 3, 2017) (final approval of class action settlement agreement in FDCPA matter); *Lavigne v. First Community Bancshares, Inc., et al.*, 2018 WL 2694457, at *5 (D.N.M. June 5, 2018) (certifying TCPA class action and appointing undersigned as class counsel); *Munday v. Navy Federal Credit Union*, ECF No. 60, 15-cv-01629 (C.D. Cal., July 14, 2017) (final approval of class settlement of $2.75MM in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, No. CV 15-3509, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Vinas v. Credit Bureau of Napa County Inc.*, Dkt. No. 112, 14-cv-3270 (D. Md. February 22, 2017) (order granting final approval of FDCPA class action settlement); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM in TCPA action); *Oberther v. Midland Credit Management*, Doc. No. 90, 14-cv-30014 (D. Ma. July 13, 2016) (order granting final approval of FDCPA class action settlement); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action).

6. We have litigated this case with and on behalf of Plaintiffs and the putative class since March 2022. When each Plaintiff contacted us, they and we agreed to pursue their claims on a class action basis.

7. Before filing the Complaint, we investigated the Plaintiffs' claims, the nature of the alleged defect, the affected Class vehicle models, interviewed Class Vehicle owners and lessees, reviewed documents published by Mazda and made available to NHTSA, investigated other Class Vehicle owner complaints, and analyzed potential legal claims.

---

8:22-cv-01055-DOC-DFM                - 3 -                DECLARATION OF STEPHEN TAYLOR

8. In addition to our own investigations, we have engaged in discovery on the merits and on class claims. This includes serving interrogatories and requests for the production of documents on Mazda regarding the individual and class claims and the requirements of Rule 23; reviewing extensive document productions from Defendant outlining, *inter alia,* Defendant's investigation into the root cause of the Defect, the scope of the Defect, and Defendant's repair regarding the Defect including the efficacy of the repair; repeatedly conferring with Defendant regarding the scope of its production and need for additional discovery; and taking the deposition of a Rule 30(b)(6) designee regarding the same areas and to confirm that the redesigned valve stem seals correct the Defect

9. On May 1, 2023, the Parties attended a mediation in Los Angeles, California before Hon. Dickran M. Tevrizian (Ret.) of JAMS.. The session was productive but did not result in a settlement. Further discussions between the Parties and through Judge Tevrizian resulted in a settlement in principle as to the benefits for the Class, which was subsequently memorialized in a term sheet and the Settlement. As a condition of settlement, additional discovery on class size, Mazda's investigation into the defect, and the efficacy of its repair was conducted by the Parties.

10. We recommended to the Class Representatives that the terms of the Settlement Agreement should be accepted as a fair and reasonable resolution of class claims. All the Class Representatives have been very engaged in this case; aiding us in our investigation, providing discovery responses and maintaining regular contact.

11. My recommendation that these terms be accepted is based on my extensive familiarity with the case. We have aggressively pursued this case and discovered all facets necessary to make a well-informed decision on the merits of this settlement. Given my knowledge of the case, its strengths and weaknesses, and my assessment of the risk to any recovery were the matter to proceed to summary

judgment or trial, I find the settlement to be a fair and reasonable resolution of disputed claims.

12. My recommendation is also grounded in my experience in class action litigation which informs my judgment that the terms of the settlement are fair and reasonable.

13. Based on the foregoing, I respectfully request the Court preliminarily approve the class settlement agreement, direct notice be sent to the class and schedule a fairness hearing.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated: January 19, 2024 By: */s/ Stephen Taylor*
Stephen Taylor