TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Rd.
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Sergei Lemberg (admitted *pro hac vice*)
Stephen Taylor (admitted *pro hac vice*)
Joshua Markovits (admitted *pro hac vice*)
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-2250
E-mail: slemberg@lemberglaw.com
E-mail: jmarkovits@lemberglaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>Mazda Motor of America, Inc.,<br><br>Defendant. | Case No.: 8:22-cv-01055-DOC-DFM<br><br>**DECLARATION OF JOSHUA MARKOVITS IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL** |

I, Joshua Markovits, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1.      I am an associate attorney at Lemberg Law, LLC and counsel to Plaintiffs in this action.  I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

2.      I am a 2010 graduate of Brandeis University and a 2015 graduate of the Benjamin N. Cardozo School of Law.

3.      I am a member in good standing to practice law in the state of New York and before the United States District Courts for the Southern, Eastern and Western Districts of New York; the Northern District of Illinois; and the District of Colorado.

4.      I am admitted to appear in this matter pro hac vice.

5.      During law school, I served as a legal intern in the chambers of both a federal court and a New York Supreme Court judge. I also served as a legal intern in the U.S. Commodity Futures Trading Commission's Division of Enforcement.

6.      Since graduating from law school, I have exclusively worked on class action and individual consumer protection lawsuits asserting claims under a variety of state consumer protection laws, the Magnuson Moss Warranty Act, the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA").

7.      I have been certified as class counsel in automotive and other consumer protection class actions in state and federal court. *See, e.g., Jefferson v. Gen. Motors, LLC*, 344 F.R.D. 175 (W.D. Tenn. 2023), *modified on reconsideration*, 2023 WL 5662596 (W.D. Tenn. Aug. 31, 2023) (contested certification of class of vehicle purchasers and lessees asserting breach of warranty claims regarding alleged common defect with shifter assemblies); *Pollard v. Windham Professionals, Inc.*, Case No: 1978CV00033 (Mass Super. Oct. 28, 2021) (final approval of class settlement for alleged violations of Chapter 93A and 940 C.M.R. § 7.04(1)(f)); *Virgne v. C.R.*

*England, Inc.*, Case No. 1:19-cv-02011-SEB-MDJ (S.D. Ind. Jan. 13, 2021) (ECF No. 124) (final approval of class settlement in TCPA action).

8. Before filing the Complaint, we investigated the Plaintiffs' claims, the nature of the alleged defect, the affected Class vehicle models, interviewed Class Vehicle owners and lessees, reviewed documents published by Mazda and made available to NHTSA, investigated other Class Vehicle owner complaints, and analyzed potential legal claims.

9. In addition to our own investigations, we have engaged in discovery on the merits and on class claims. This includes serving interrogatories and requests for the production of documents on Mazda regarding the individual and class claims and the requirements of Rule 23; reviewing extensive document productions from Defendant outlining, inter alia, Defendant's investigation into the root cause of the Defect, the scope of the Defect, and Defendant's repair regarding the Defect including the efficacy of the repair; repeatedly conferring with Defendant regarding the scope of its production and need for additional discovery; and taking the deposition of a Rule 30(b)(6) designee regarding the same areas and to confirm that the redesigned valve stem seals correct the Defect

10. On May 1, 2023, the Parties attended a mediation in Los Angeles, California before Hon. Dickran M. Tevrizian (Ret.) of JAMS. The session was productive but did not result in a settlement. Further discussions between the Parties and through Judge Tevrizian resulted in a settlement in principle as to the benefits for the Class, which was subsequently memorialized in a term sheet and the Settlement. As a condition of settlement, additional discovery on class size, Mazda's investigation into the defect, and the efficacy of its repair was conducted by the Parties.

11. Over the next several months, that discovery was completed, the Settlement Agreement and its exhibits were drafted, finalized.

12. We recommended to the Class Representatives that the terms of the Settlement Agreement should be accepted as a fair and reasonable resolution of class

claims. All the Class Representatives have been very engaged in this case; aiding us in our investigation, providing discovery responses and maintaining regular contact.

13.     My recommendation that these terms be accepted is based on my extensive familiarity with the case.  We have aggressively pursued this case and discovered all facets necessary to make a well-informed decision on the merits of this settlement. Given my knowledge of the case, its strengths and weaknesses, and my assessment of the risk to any recovery were the matter to proceed to summary judgment or trial, I find the settlement to be a fair and reasonable resolution of disputed claims.

14.     My recommendation is also grounded in my experience in class action litigation which informs my judgment that the terms of the settlement are fair and reasonable.

15.     Based on the foregoing, I respectfully request the Court preliminarily approve the class settlement agreement, direct notice be sent to the class and schedule a fairness hearing.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated: January 19, 2024               By: /s/ Joshua Markovits
                                           Joshua Markovits