TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Rd.
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Sergei Lemberg (admitted *pro hac vice*)
Stephen Taylor (admitted *pro hac vice*)
Joshua Markovits (admitted *pro hac vice*)
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-2250
E-mail: slemberg@lemberglaw.com
E-mail: staylor@lemberglaw.com
E-mail: jmarkovits@lemberglaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>Mazda Motor of America, Inc.,<br><br>Defendant. | Case No.: 8:22-cv-01055-DOC-DFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO THE PLAINTIFFS**<br><br>Date:      August 5, 2024<br>Judge:    Hon. David O. Carter<br>Time:     8:30 a.m.<br>Courtroom: 10A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 5, 2024, at 8:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable David O. Carter, District Judge of the United States District Court for the Central District of California, in Courtroom 10A, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 90012, Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw ("Plaintiffs") will, and hereby do move the Court for an order awarding:

    1.  Attorneys' Fees and Expenses to Class Counsel totaling $2,035,000; and

    2.  Service Awards of $2,200 to each Class Representative.

This Motion is based on this notice; the accompanying memorandum of points and authorities; the declarations from Sergei Lemberg, Stephen Taylor; and all other papers filed, and proceedings had in this Action.

This motion is made following conference of counsel pursuant to L.R. 7-3 and mediation between the Parties. *See,* May 10, 2024, Stipulated Agreement Regarding Class Counsel's Fee and Cost Award, attached as <u>Exhibit B</u> to the Declaration of Sergei Lemberg and the Settlement Agreement, Art. VIII(C).  Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO") agrees to a fee and expense award of $2,035,000.00, inclusive of fees, expense and costs to be paid by MNAO separate and apart from class relief and will not oppose Class Counsel's application to the extent it does not exceed that amount. (May 10, 2024 Agreement pg. 2).  MNAO does not otherwise agree with or endorse the application or the valuations contained therein.

DATED:  May 16, 2024

By:   /s/  Sergei Lemberg
Sergei Lemberg (admitted *pro hac vice*)
Stephen Taylor (admitted *pro hac vice*)
Joshua Markovits (admitted *pro hac vice*)
Lemberg Law, LLC

43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-2250
E-mail: slemberg@lemberglaw.com
E-mail: staylor@lemberglaw.com
E-mail: jmarkovits@lemberglaw.com

Trinette G. Kent
TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Rd.
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com
*Attorneys for Plaintiffs and Class Counsel*

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................... iv

INTRODUCTION ..................................................................................................... 1

BACKGROUND ........................................................................................................ 3

ARGUMENT ............................................................................................................. 6

I.    CLASS COUNSEL ARE ENTITLED TO A FEE FOR THEIR EFFORTS ON BEHALF OF THE CLASS .................................................................... 6

II.    THE ATTORNEYS' FEE REQUEST IS REASONABLE UNDER THE LODESTAR APPROACH ........................................................................... 7

1.    The number of hours billed is reasonable. .......................................... 7

2.    The hourly rates are reasonable. ......................................................... 8

3.    A multiplier is warranted here. ......................................................... 10

    a.    Class Counsel achieved a very favorable result for the Settlement Class. ...................................................................... 11

    b.    Class Counsel performed superior quality work. ........................ 12

    c.    The litigation was risky and expensive. ..................................... 13

    d.    Class Counsel worked on a contingent basis. ............................ 14

    e.    The reaction of the Settlement Class. ......................................... 15

III.   THE ATTORNEYS' FEE REQUEST IS ALSO REASONABLE UNDER THE PERCENTAGE-OF-RECOVERY APPROACH ........................... 15

IV.   THE REASONABLENESS OF THE REQUESTED AWARD IS FURTHER DEMONSTRATED BY THE FACT THAT IT IS INCLUSIVE OF EXPENSES ........................................................................................... 16

V.    THE COURT SHOULD APPROVE A SERVICE AWARD OF $2,200 TO EACH OF THE NAMED PLAINTIFFS ................................................. 16

CONCLUSION ....................................................................................................... 17

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Alikhan v. Goodrich Corp.*,
   2020 WL 4919382 (C.D. Cal. June 25, 2020)...................................................................9

*Allagas v. BP Solar Int'l, Inc.*,
   2016 WL 9114162 (N.D. Cal. Dec. 22, 2016) ...............................................................13

*Asghari v. Volkswagen Grp. of Am., Inc.*,
   2015 WL 12732462 (C.D. Cal. May 29, 2015)..............................................................12

*Bang v. BMW of North America, LLC*,
   No. 2:15-cv-06945-MCA-SCM (D.N.J., Sept. 11, 2018) (ECF Nos. 111 & 122) ..11

*Bayat v. Bank of the West*,
   2015 WL 1744342 (N.D. Cal. Apr. 15, 2015)................................................................13

*Bellinghausen v. Tractor* Supply Co.,
   306 F.R.D. 245 (N.D. Cal. 2015) ...................................................................... 10, 14

*Brown v. 22nd Dist. Agric. Ass'n*,
   2017 WL 3131557 (S.D. Cal. July 24, 2017)................................................................15

*Buccellato v. AT & T Operations, Inc.*,
   2011 WL 3348055 (N.D. Cal. June 30, 2011)...............................................................10

*Canava v. Rail Delivery Servs. Inc.*,
   2022 WL 18359143 (C.D. Cal. Dec. 2, 2022)...............................................................17

*Chang v. Wells Fargo Bank, N.A.*,
   2023 WL 6961555 (N.D. Cal. Oct. 19, 2023) ................................................................7

*Ching v. Siemens Indus., Inc.*,
   2014 WL 2926210 (N.D. Cal. June 27, 2014)..............................................................14

*Craft v. Cty. of San Bernardino*,
   624 F. Supp. 2d 1113 (C.D. Cal. 2008) ...........................................................................8

*Edwards v. First Am. Corp.*,
   2016 WL 8999934 (C.D. Cal. Oct. 4, 2016) ...................................................................9

*Estate of McConnell v. EUBA Corp.*,
   2021 WL 1966062 (S.D. Ohio May 17, 2021)................................................................8

*Gonzales v. City of Maywood*,
   729 F.3d 1196 (9th Cir. 2013) ........................................................................................8

*Granillo v. FCA US LLC*,
   2019 WL 4052432 (D.N.J. Aug. 27, 2019))..................................................................11

*Gutierrez v. Wells Fargo Bank, N.A.*,
   2015 WL 2438274 (N.D. Cal. May 21, 2015).........................................................9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..........................................................................6, 7

*Hartless v. Clorox Co.*,
   273 F.R.D. 630 (S.D. Cal. 2011) .........................................................................16

*Hartman v. Duffey*,
   973 F. Supp. 199 (D.D.C. 1997).........................................................................13

*Hessefort v. Super Micro Computer, Inc.*,
   2023 WL 7185778 (N.D. Cal. May 5, 2023)........................................................6

*Hopkins v. Stryker Sales Corp.*,
   2013 WL 496358 (N.D. Cal. Feb. 6, 2013) ........................................................10

*Hunter v. Nature's Way Prods.*,
   2020 WL 71160 (S.D. Cal. Jan. 6, 2020) .............................................................7

*In re Heritage Bond Litig.*,
   2005 WL 1594389 (C.D. Cal. June 10, 2005).................................................12, 13

*In re HP Printer Firmware Update Litig.*,
   2019 WL 2716287 (N.D. Cal. June 28, 2019)......................................................6

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) ......................................................................6, 7, 11

*In re Omnivision Techs.*,
   559 F. Supp. 2d 1036 (C.D. Cal. 2008)................................................................14

*In re Philips/Magnavox Television Litig.*,
   2012 WL 1677244 (D.N.J. May 14, 2012)............................................................8

*In re Toyota Motor Corp. Unint. Accel. Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   2013 WL 12327929 (C.D. Cal. July 24, 2013) ...............................10, 12, 13, 14

*In re Volkswagen & Audi Warranty Extension Litig.*,
   89 F. Supp. 3d 155 (D. Mass. 2015)....................................................................11

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   2017 WL 1352859 (N.D. Cal. Apr. 12, 2017)......................................................8

*In re WPPSS Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) .........................................................................9, 14

*Jefferson v. Gen. Motors, LLC*,
   344 F.R.D. 175 (W.D. Tenn. 2023)......................................................................13

*Johansson-Dohrmann v. Cbr Systems, Inc.*,
  2013 WL 3864341 (S.D. Cal. Jul. 24, 2013) ........................................................15

*Johnson v. Comodo Grp., Inc.*,
  2020 WL 525898 (D.N.J. Jan. 31, 2020) ..............................................................13

*Kakani v. Oracle Corp.*,
  2007 WL 4570190 (N.D. Cal. Dec. 21, 2007) ......................................................14

*Kissel v. Code 42 Software Inc.*,
  2018 WL 6113078 (C.D. Cal. Feb. 20, 2018) ................................................ 10, 14

*Marshall v. Northrup Grumman*,
  2020 WL 5668935 (C.D. Cal. Sept. 18, 2020) .......................................................9

*Moore v. Verizon Commc'ns Inc.*
  2014 WL 588035 (N.D. Cal. Feb. 14, 2014) .................................................. 10, 14

*Morales v. City of San Rafael*,
  96 F.3d 359 (9th Cir. 1996) ...................................................................................7

*Norris v. Mazzola*,
  2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) ......................................................13

*O'Keefe v. Mercedes-Benz USA, LLC*,
  214 F.R.D. 266 (E.D. Pa. 2003) ...........................................................................11

*Paul, Johnson, Alston & Hunt v. Graulty*,
  886 F.2d 268 (9th Cir. 1989) ................................................................................15

*Pelletz v. Weyerhaeuser Co.*,
  592 F. Supp. 2d 1322 (W.D. Wash. 2009) ...........................................................16

*Powers v. Eichen*,
  229 F.3d 1249 (9th Cir. 2000) ................................................................................6

*Radcliffe v. Experian Info. Solutions*,
  715 F.3d 1157 (9th Cir. 2013) ..............................................................................17

*Riley v. Gen. Motors LLC*,
  2024 WL 1256056 (S.D. Ohio Mar. 25, 2024) .....................................................13

*Rivera v. Agreserves, Inc.*,
  2017 WL 445710 (E.D. Cal. Feb. 1, 2017) .............................................................8

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ................................................................................16

*Rutti v. Lojack Corp., Inc.*,
  2012 WL 3151077 (C.D. Cal. July 31, 2012) .......................................................16

*Smith v. CRST Van Expedited, Inc.*,
   2013 WL 163293 (S.D. Cal. Jan. 14, 2013) ............................................................15

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
   2018 WL 8334858 (C.D. Cal. July 30, 2018) ............................................................9

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ............................................................ 7, 10, 14

*Yaeger v. Subaru of Am., Inc.*,
   2016 WL 4541861 (D.N.J. Aug. 31, 2016) ............................................................12

*Zepeda v. PayPal, Inc.*,
   2017 WL 1113293 (N.D. Cal. Mar. 24, 2017) ............................................................13

**RULES**

Fed. R. Civ. P. 23(h) ............................................................6

Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw ("Plaintiffs"), respectfully submit this Memorandum in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and Service Awards to the Plaintiffs.

## INTRODUCTION

Plaintiffs and Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Defendant," "Mazda" or "MNAO") agreed to a settlement resolving nationwide class claims regarding an alleged defect in the Skyactiv-G 2.5T engines of 86,000 Settlement Class Vehicles[1] which can contain defective valve stem seals (the alleged "Valve Stem Seal Defect").[2] The Valve Stem Seal Defect caused excessive oil consumption in Settlement Class Vehicles.

The Settlement provides very substantial benefits to Class Members:

First, repair – Class Vehicles that have manifested an oil consumption issue are entitled to a repair of the defect in the form of a redesigned valve stem seal. There are over 50,000 vehicles that have manifested an oil consumption issue and as a result of this litigation and Settlement, MNAO will replace the valve stem seals of any Class Vehicle which has experienced excessive oil consumption. The value of the Repair Program to the Settlement Class is $46,413,916. (Report of Susan K. Thompson & Brian S. Repucci of Hemming Morse, LLC (the "HM Report")[3] ¶¶ 28-35).

Second, protection – the Settlement extends the Mazda Powertrain Limited Warranties for all 86,116 Settlement Class Vehicles, whether an oil consumption issue has occurred or not, to 84 months/84,000 miles, from the earlier of 60 months/60,000

---

[1] The Settlement Class Vehicles or "Class Vehicles" are the 2021-2022 Mazda CX-30, the 2021 CX-5, the 2021 CX-9, the 2021-2022 Mazda3, and the 2021 Mazda6.

[2] While Defendant MNAO did not oppose approval of the settlement and has agreed to pay Attorneys' Fees and Expenses as sought herein, MNAO does not admit any liability or concede that the proposed Class Vehicles are defective.

[3] Attached as Exhibit A to the Declaration of Sergei Lemberg ("Lemberg Decl.")

miles. The extended warranties cover any defect in materials and workmanship in the powertrain components supplied by Mazda, not just the valve stem seals at issue in this case. The value of the warranty extension to the Settlement Class is $58,836,174. (HM Report ¶¶ 24-27).

Third, reimbursement – MNAO will fully reimburse Settlement Class Members who submit approved claims for out-of-pocket costs for oil and oil changes incurred before the normal oil change interval.

These benefits are the result of Class Counsel's efforts and the willingness of these Plaintiffs to step forward and represent others. Indeed, the settlement followed nearly two years of hard-fought litigation where Class Counsel overcame motions to dismiss, engaged in extensive discovery, consulted with experts, and vigorously pursued the interests of class members all on contingency. The high value of Class Counsel's work is reflected in the considerable value to the Class they obtained.

After the Settlement Agreement was agreed, executed and preliminary approved by the Court (Dkt. No. 102), the Parties conduced a mediation before the Hon. Dickran M. Tevrizian (Ret.) on May 7, 2024, in an attempt to resolve Class Counsel's fees and costs. (Lemberg Decl. ¶ 18). As part of the class settlement itself, the Parties had not agreed or negotiated any fee amount. *Id*. ¶ 18; SA Art. VIII(C). After the Parties reached an impasse, Judge Tevrizian made a mediator's proposal of $2,035,000 in attorneys' fees and costs which the Parties accepted. *Id*. ¶ 18; May 10, 2024, Stipulated Agreement Regarding Class Counsel's Fee and Cost Award (hereinafter, the "May 10 Stipulation").[4] Class Counsel now seeks approval of a fee and cost award in this amount.

The fee award sought here is abundantly reasonable as this is an excellent settlement which provides substantial benefits to the entire class, the settlement was agreed only after discovery, dispositive motion practice, and an arms-length mediation

---

[4] Attached as <u>Exhibit B</u> to the Declaration of Sergei Lemberg ("Lemberg Decl.")

before a neutral and MNAO will pay the fee and expense award separate and apart from any relief to the Settlement Class.

Further, Plaintiffs seek Court approval of service awards of $2,200 for each of the Plaintiffs. Given the results achieved on behalf of the Settlement Class with their assistance, the requested service awards are reasonable and should be approved.

## **BACKGROUND**

Prior to initiating this action, Class Counsel conducted an extensive pre-suit investigation which included analyzing the cause of Class Vehicles' oil consumption, consulting with an automotive expert, identifying the Defect and the affected Class Vehicle models, interviewing Class Vehicle owners and lessees, reviewing documents published by Mazda and made available to NHTSA, investigating additional vehicle owner complaints, and analyzing potential legal claims. (Lemberg Decl. ¶ 10(a)).

On April 18, 2022, Plaintiff Gary Guthrie filed a Class Action Complaint in the Superior Court of the State of California, County of Orange, against Mazda, bringing fraudulent concealment, unjust enrichment, consumer protection and breach of warranty claims on behalf of himself and nationwide and Washington classes of purchases and lessees of 2021 Mazda CX-30, CX-5, CX-9, Mazda3, and Mazda6 vehicles. (Dkt. No. 1-1).

On May 25, 2022, Mazda removed the state case to this Court (Dkt. No. 1) and then moved to dismiss the Complaint for failure to state a claim on July 7, 2022. (Dkt. No. 12).

On July 18, 2022, Plaintiffs filed a First Amended Class Action Complaint which added Plaintiffs Stephanie Crain, Chad Hinton and Julio Zelaya, and Florida and Tennessee state classes and claims in addition to the nationwide and Washington classes and claims. (Dkt. No. 14 ("FAC")).

Mazda again moved to dismiss the FAC for failure to state a claim on August 15, 2022. (Dkt. No. 18). Plaintiffs opposed the motion to dismiss the FAC on September 26, 2022. (Dkt. No. 23).

On October 3, 2022, the Parties filed their Rule 26(f) Report. (Dkt. No. 28).

On October 17, 2022, the Court held a hearing on Mazda's motion to dismiss the FAC and ordered the Plaintiffs to file a Second Amended Class Action Complaint. (Dkt. No. 36).

On October 31, 2022, Plaintiffs filed a Second Amended Class Action Complaint ("SAC") which added Plaintiffs Anna Gilinets, Marcy Knysz and Lester Woo, and California and Illinois state classes and claims in addition to the nationwide and Florida, Tennessee and Washington classes. (Dkt. No. 39).

Mazda moved to dismiss the SAC for failure to state a claim on December 2, 2022. (Dkt. No. 46).  Plaintiffs opposed the motion to dismiss on January 11, 2023. (Dkt. No. 51).

On January 16, 2023, the Parties filed an updated Rule 26(f) Report. (Dkt. No. 53).

On January 26, 2023, Plaintiffs moved for appointment of Lemberg Law, LLC as interim Class Counsel (Dkt. No. 55) which the Court granted on April 7, 2023 (Dkt. No. 66).  On the same day, Plaintiffs also moved to intervene and to stay *Heinz v. Mazda Motor of America, Inc.,* a later-filed case originally filed in the Eastern District of California which raises substantially similar claims based on the same Defect. 2:23-cv-05420-DOC-DFM (ECF No. 10).  *Heinz* was subsequently transferred to this Court and stayed pending resolution of this action.

On January 30, 2023, the Court held a Scheduling Conference and hearing on Mazda's motion to dismiss the SAC and took the motion under submission. (Dkt. No. 56).

On February 1, 2023, the Court entered the Scheduling Order. (Dkt. No. 57).

The Parties then engaged in discovery. Plaintiffs served interrogatories and requests for the production of documents regarding the individual and class claims and the requirements of Rule 23. (Lemberg Decl. ¶ 10(i)).  Plaintiffs received extensive document productions from Defendant and repeatedly conferred with Defendant

regarding the scope of its production and need for additional discovery.  Plaintiffs later conducted a Rule 30(b)(6) deposition of Defendant regarding the merits, class issues, and the efficacy of the redesigned valve stem seals. *Id.*

On May 1, 2023, the Parties attended an in-person mediation before Hon. Dickran M. Tevrizian (Ret.) of JAMS. (Lemberg Decl. ¶ 10(j-k)).  The mediation was productive and, following additional negotiations under the guidance of Judge Tevrizian, a settlement in principle as to the benefits for the Class was reached, which was subsequently memorialized in a term sheet and the Settlement. *Id.*

On November 21, 2023, Plaintiffs filed a Third Amended Class Action Complaint ("TAC"), the operative complaint, which added Plaintiff Amy Bradshaw and North Carolina state class and claims in addition to the nationwide and California, Florida, Illinois Tennessee and Washington classes. (Dkt. No. 84).  Mazda filed its Answer on December 5, 2023. (Dkt. No. 86).

On January 22, 2024, Plaintiffs moved for preliminary approval of the Parties' Class Action Settlement Agreement. (Dkt. No. 91).  The Court granted the motion and, on March 14, 2024, the Order Granting Preliminary Approval entered. (Dkt. No. 102).

In the absence of agreement between the Parties on Class Counsel's fee and expense award and in anticipation of Class Counsel's upcoming fee motion, on May 7, 2024, the Parties mediated before Judge Tevrizian in an attempt to resolve the fee dispute. (Lemberg Decl. ¶ 18).  Prior to the mediation, the Parties provided Judge Tevrizian with detailed mediation briefs setting forth their positions on the fee question. *Id.*  After negotiations reached an impasse, Judge Tevrizian made a mediator's proposal which the Parties accepted. *Id.*; the May 10 Stipulation. The May 10 Stipulation provides that (1) MNAO will pay to Class Counsel a fee and expense award of $2,035,000.00 separate and apart from relief to the Class and subject to approval by the Court and (2) MNAO does not endorse or otherwise agree to Plaintiff's valuation of the overall settlement. (May 10 Stipulation pg. 2).

- 5 -

## ARGUMENT

### I.   CLASS COUNSEL ARE ENTITLED TO A FEE FOR THEIR EFFORTS ON BEHALF OF THE CLASS

"Federal Rule of Civil Procedure 23(h) permits the court to award reasonable attorney's fees and costs in class action settlements as authorized by law or by the parties' agreement." *In re HP Printer Firmware Update Litig.*, 2019 WL 2716287, at *2 (N.D. Cal. June 28, 2019) (*citing* Fed. R. Civ. P. 23(h)). "Courts in this circuit determine attorney's fees in class actions using either the lodestar method or the percentage-of-recovery method." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).

The amounts in fees and expenses sought were agreed well after agreement on relief to the Class was reached. The specific amount is the result of a contentious mediation before Judge Tevrizian where the Parties ultimately accepted his mediator's proposal as an acceptable compromise.  The fee and expense award does not come from, and is separate to, any relief to the Class.  The manner in which the fee question has been addressed, through adversarial mediation between the Parties where the Class relief had already been set and preliminary approved, should give the Court every confidence the fee amount is reasonable.

"Regardless of whether the court uses the lodestar or percentage approach, the main inquiry is whether the fee award is 'reasonable in relation to what the plaintiffs recovered.'" *Hessefort v. Super Micro Computer, Inc.*, 2023 WL 7185778, at *8 (N.D. Cal. May 5, 2023) (*quoting Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000)). Because this settlement does not provide a monetary common fund (although the Settlement provides benefits that have calculable and significant value even under conservative estimates), there is some ambiguity about which methodology is appropriate to apply in assessing the attorneys' fees request. Therefore, Plaintiffs address and demonstrate the reasonableness of their request under both the lodestar and

percentage-of-the-recovery methods.

## II.   THE ATTORNEYS' FEE REQUEST IS REASONABLE UNDER THE LODESTAR APPROACH

The lodestar calculation requires "multiplication of the number of hours reasonably expended by a reasonable hourly rate." *In re Hyundai*, 926 F.3d at 570 (*quoting Hanlon*, 150 F.3d at 1029)). A court may apply a multiplier to the lodestar amount based on the results achieved, the complexity of the case, the risks involved, and the contingent nature of representation. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002); *see also Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996) (noting the district court was "not only free but obligated to consider the results obtained . . . in calculating the lodestar figure") (cleaned up).

The requested attorneys' fees and expenses are reasonable under the lodestar method as counsel's hourly rates are reasonable, the amount of billable time expended was reasonable, and a multiplier in the amount of at least 2.72 is warranted.

### 1.   The number of hours billed is reasonable.

Class Counsel's lodestar to date in this action is $732,000 which is based on 979.9 attorney and professional staff hours. (Lemberg Decl. ¶ 11). Courts do not require counsel to submit detailed time records in support of a lodestar fee application, Class Counsel have not done so here, as they have provided summaries of the time billed by professional along with a description of the work performed in the matter. (Lemberg Decl. ¶¶ 10-12). *See, e.g.*, *Hunter v. Nature's Way Prods.*, 2020 WL 71160, at *8 (S.D. Cal. Jan. 6, 2020) ("Class Counsel has not provided detailed time records, but instead provides general summaries of each firm's billing time. The summaries and declarations provide a sufficient showing of the hours counsel performed on this case."); *Chang v. Wells Fargo Bank, N.A.*, 2023 WL 6961555, at *8 (N.D. Cal. Oct. 19, 2023) (same).

The lodestar does not include additional work associated with the instant motion, final approval, and Class Counsel's oversight of the settlement administration process,

and resolving any objections. (Lemberg Decl. ¶ 12). Indeed, Class Counsel anticipates $210,000 to $385,000 in additional lodestar following this filing, for responding to objectors, preparing for and presenting at the fairness hearing, resolving any appeals, and overseeing settlement administration. *Id.*; *see Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal. 2008) (awarding a 5.2 multiplier based on plaintiffs' lodestar that included "post-approval projected time"); *In re Philips/Magnavox Television Litig.*, 2012 WL 1677244, at *17 (D.N.J. May 14, 2012) (recognizing that time submitted in connection with fee petition filed before final approval "does not include the fees and expenses . . . expended after [that date] on tasks such as preparing for and appearing at the fairness hearing"); *Estate of McConnell v. EUBA Corp.*, 2021 WL 1966062, at *7 (S.D. Ohio May 17, 2021) ("The Court is aware that Class Counsel's work does not end at final approval. Class Counsel frequently spend additional time, sometimes significant time, dealing with class members' inquiries, administration issues, and other post-approval matters.")

The time expended by Class Counsel was reasonable, appropriate, and necessary for the effective prosecution of this case. As set forth above, this case saw extensive early motion practice, the production and review of documents, testimonial discovery, discovery conferrals, expert consultation and work before it settled. Then when it settled, Class Counsel spent and will continue to spend significant work getting it through final approval, any appeals, and administration. Although Plaintiffs were able to resolve the action before trial, courts recognize that Class Counsel "should not be 'punished' for efficiently litigating[.]" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 1352859, at *6 (N.D. Cal. Apr. 12, 2017); *see also Rivera v. Agreserves, Inc.*, 2017 WL 445710, at *13 (E.D. Cal. Feb. 1, 2017).

### 2. <u>The hourly rates are reasonable.</u>

Generally, "prevailing market rates in the relevant community set the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "[T]he relevant community is the

forum in which the district court sits," *id.*, and because counsel should be compensated for the delay in payment, it is appropriate to apply each biller's current rates for all hours. *In re WPPSS Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994). Accordingly, Class Counsel's rates are reasonable if they are within the range charged by and awarded to attorneys of comparable experience, reputation, and ability for similar work—i.e., complex class action litigation – within the relevant community.

Class Counsel's rates reflect their skill, experience, reputation and ability for similar work. The hourly rates sought here range from $800-900 for partners, $600 for of counsel; $550 for associates and $225 for paralegals. (Lemberg Decl. ¶¶ 11, 13-17; Taylor Decl. ¶¶ 2-5).  These rates are well within the prevailing market rates in this forum for attorneys of comparable experience in complex class action litigation. *See Marshall v. Northrup Grumman*, 2020 WL 5668935, at *7 (C.D. Cal. Sept. 18, 2020) (approving "for attorneys with at least 25 years of experience, $1,060 per hour; for attorneys with 15–24 years of experience, $900 per hour; for attorneys with 5–14 years of experience, $650 per hour; for attorneys with 2–4 years of experience, $490 per hour; and for paralegals and law clerks, $330 per hour."); *Alikhan v. Goodrich Corp.*, 2020 WL 4919382, at *8 (C.D. Cal. June 25, 2020) (approving rates of up to $950 per hour); *Edwards v. First Am. Corp.*, 2016 WL 8999934, at *5 (C.D. Cal. Oct. 4, 2016) (rates of up to $990 found reasonable); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 8334858, at *6 (C.D. Cal. July 30, 2018) (approving billing rates between $600 and $825 per hour for attorneys with more than ten years of experience, $325 to $575 per hour for attorneys with ten or fewer years of experience, and $250 per hour for paralegals and clerks); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (rates ranging $475-$975 for partners, $300-$490 for associates, $150-$430 for paralegals and $250-$340 for litigation support staff); *In re Toyota Motor Corp. Unint. Accel. Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2013 WL

12327929, at *33 n.13 (C.D. Cal. July 24, 2013) (rates ranging from $150-$950).

### 3. <u>A multiplier is warranted here.</u>

Class Counsel's request for $2,035,000.00 in fees reflects a 2.72 multiplier of their lodestar to date after accounting for Class Counsel's litigation costs ($41,037.01) and deducting them from the total award.[5] This multiplier will only be diluted down by the work expected to be performed through final approval, any appeals, and Settlement administration. When factoring in an estimated $297,500 in additional lodestar, the multiplier could drop to 1.93. These are very reasonable multipliers well within the range of multipliers awarded. *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 265 (N.D. Cal. 2015) ("'Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases.'") (*quoting Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *1 (N.D. Cal. Feb. 6, 2013); *Moore v. Verizon Commc'ns Inc.* 2014 WL 588035, at *7 (N.D. Cal. Feb. 14, 2014) (awarding multiplier in contested fee application); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.6 (9th Cir. 2002) (finding that, in approximately 83 percent of the cases surveyed by the court, the multiplier was between 1.0 and 4.0 with a "bare majority ... 54% ... in the 1.5—3.0 range"); *Buccellato v. AT & T Operations, Inc.*, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (applying a multiplier of 4.3).

Courts in the Ninth Circuit consider a number of factors when considering the reasonableness of a fee and multiplier: (1) the results achieved; (2) the risks of litigation; (3) whether there are benefits to the class beyond the immediate generation of a cash fund; (4) whether the percentage rate is above or below the market rate; (5) the contingent nature of the representation and the opportunity cost of bringing the suit; and (6) reactions from the class. *Vizcaino*, 290 F.3d at 1048-52; *see also Kissel v. Code 42 Software Inc.*, 2018 WL 6113078, at *4 (C.D. Cal. Feb. 20, 2018). These factors

---

[5] (Proposed Award – Costs) / Lodestar = Multiplier.

1   support the multiplier here.

2       **a.** <u>**Class Counsel achieved a very favorable result for the**</u>
           <u>**Settlement Class.**</u>

3        The Settlement here is an excellent result.  Class Members receive substantial

4   relief with significant value including the Repair Program (valued at $46,413,916), the

5   extended Powertrain Limited Warranties (valued at $58,836,174), and reimbursement

6   of out-of-pocket expenses for excessive oil consumption.[6] The Repair Program itself

7   went into effect by the time notice issued to the class and qualifying members can get

8   repairs to their valve stem seals immediately.  All Class Members receive the extended

9   powertrain warranty, all class members that have manifested an oil consumption issue

10  (shown by, e.g., their engine oil warning light triggered before the Mazda recommended

11  interval for regular oil service of 7,500 miles or 1 year which is at least 58,789 vehicles)

12  can get the repair, and all class members that paid out of pocket for excessive oil refills

13  or oil changes before the Mazda recommended interval for regular oil service of 7,500

14  miles or 1 year can submit claims for reimbursement. Class Counsel secured

15  multifaceted and significant relief for the Class while avoiding the risks of continued
    litigation.

16       This relief exceeds or is comparable to similar settlements for oil consumption

17  issues which have been approved. *See, e.g., Bang v. BMW of North America, LLC,* No.

18  2:15-cv-06945-MCA-SCM (D.N.J., Sept. 11, 2018) (ECF Nos. 111 & 122) (approving

19  _____

20  [6] *Granillo v. FCA US LLC,* 2019 WL 4052432, at \*9 (D.N.J. Aug. 27, 2019) (explaining
    that courts "determine[] the potential value of a settlement involving non-monetary

21  benefits such as automotive warranties by multiplying the total number of vehicles at
    issue"); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 305 (E.D. Pa. 2003)

22  (noting that the value of the benefit to the class was "most accurately measured by
    making an estimation of the Extended Coverage Program's market price"); *In re*

23  *Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 169 (D. Mass.
    2015) (finding the retail value of the extended warranty to be "a sensible measure of

24  what the class members gained from free extended coverage"); *see also In re Hyundai
    & Kia Fuel Econ. Litig.*, 926 F.3d at 571 n.13 (noting appropriateness of relying on

25  expert's assessment of the benefits under a class settlement).

26

oil consumption class action where relief to class consisted of replacement of allegedly defective engine causing oil consumption if vehicle failed two oil consumption tests and if class member contributes towards the cost of the replacement; reimbursement of certain out-of-pocket costs for oil consumption; and coupons for additional oil changes and batteries and a discount towards the purchase of a separate BMW model); *Yaeger v. Subaru of Am., Inc.*, 2016 WL 4541861, at *3-4 (D.N.J. Aug. 31, 2016) (approving oil consumption class action where relief to the class was repair; extended warranty to cover only repairs needed to correct engine oil consumption; and reimbursement of out-of-pocket expenses); *Asghari v. Volkswagen Grp. of Am., Inc.,* 2015 WL 12732462, at *7, 21 (C.D. Cal. May 29, 2015) (granting final approval to oil consumption class action where relief to the class was repair or reimbursement for those who had already paid for repair out-of-pocket; extended warranty to cover repairs needed to correct engine oil consumption; and reimbursement of out-of-pocket expense). Notably, the relief here includes a repair free of charge, covers most of the class if they have had the engine oil warning light activate prematurely, and provides for extended warranty coverage for the entire powertrain.

The result obtained is significant in its value (over $100 million) and in its practical utility (members can get their vehicles fixed and have substantial additional warranty coverage). When comparing the requested fee and cost award ($2.035 million) to just the extended warranty alone, the award makes up just 3.4% of its value. These factors are enough to warrant the lodestar enhancement here.

### b. Class Counsel performed superior quality work.

"Courts have recognized that the 'prosecution and management of a complex national class action requires unique legal skills and abilities.'" *In re Toyota*, 2013 WL 12327929, at *31 (citation omitted). When evaluating this factor, the "single clearest factor reflecting the quality of class counsels' services to the class are the results obtained." *In re Heritage Bond Litig.*, 2005 WL 1594389, at *12 (C.D. Cal. June 10, 2005) (citations omitted). As discussed above, the results achieved here confer

significant benefits to the Settlement Class, and they were achieved after Counsel resisted motions to dismiss and were in discovery.

Class Counsel also has significant experience in consumer class actions and auto defect cases. *See, e.g.*, *Riley v. Gen. Motors LLC*, 2024 WL 1256056 (S.D. Ohio Mar. 25, 2024) (certifying class of vehicle owners in contested breach of warranty proceeding); *Jefferson v. Gen. Motors, LLC,* 344 F.R.D. 175, 188 (W.D. Tenn. 2023) (same); *Johnson v. Comodo Grp., Inc.*, 2020 WL 525898 (D.N.J. Jan. 31, 2020) (ceritfying class in Telephone Consumer Protection Act ("TCPA") proceeding); *see also* Lemberg Decl. ¶¶ 4-5; Taylor Decl. ¶¶ 2-5). Their experience permitted efficient litigation and the skill exhibited supports approval of the fee request. *See also, e.g., Norris v. Mazzola*, 2017 WL 6493091, at *13 (N.D. Cal. Dec. 19, 2017) (fee award supported by the skill required by highly experienced counsel); *Zepeda v. PayPal, Inc.*, 2017 WL 1113293, at *20 (N.D. Cal. Mar. 24, 2017) (class counsel's consumer class action expertise allowed for a result that "would have been unlikely if entrusted to counsel of lesser experience or capability" given the "substantive and procedural complexities" and the "contentious nature" of the settlement); *Allagas v. BP Solar Int'l, Inc.*, 2016 WL 9114162, at *2 (N.D. Cal. Dec. 22, 2016) (class counsel "highly experienced in prosecuting and settling complex class actions" factors in favor of requested fee). Where class counsel is particularly experienced, their lodestar alone can fail to reflect such benefits of their expertise, and they should not be punished for their efficiency. *Bayat v. Bank of the West*, 2015 WL 1744342, at *9 (N.D. Cal. Apr. 15, 2015); *Hartman v. Duffey*, 973 F. Supp. 199, 202 (D.D.C. 1997). Under this prong, Class Counsel's enhanced lodestar request is also warranted.

### c.  The litigation was risky and expensive.

Another factor to consider in determining attorneys' fees is the risk counsel took of "not recovering at all, particularly in a case involving complicated legal issues." *In re Toyota*, 2013 WL 12327929, at *31 (internal alterations and citations omitted*); see also In re Heritage Bond Litig.*, 2005 WL 1594389, at *14 ("The risks assumed by

Class Counsel, particularly the risk of non-payment or reimbursement of costs, is a factor in determining counsel's proper fee award."); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance."). Consumer fraud class actions carry an inherent risk of being more uncertain than other types of class actions. *Kakani v. Oracle Corp.*, 2007 WL 4570190, at *4 (N.D. Cal. Dec. 21, 2007).

Here, while Class Counsel was confident in Plaintiffs' claims, MNAO denied there was a defect, that it breached any applicable warranties or that Plaintiffs and class members were entitled to any relief whatsoever. Moreover, Class Counsel is David to MNAO's, a very large and sophisticated defendant, Goliath.  There was enormous risk that Class Counsel would get nothing at all for their time and expense on behalf of the Class and the risk enhancement is a key component of taking a case like this on.  *Moore*, 2014 WL 588035, at *6 ("The Court is persuaded that Class Counsel took this case with the expectation that they would receive a substantial risk enhancement if they prevailed, and would not have undertaken the litigation without such potential."); *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1046-47 (C.D. Cal. 2008) ("The risk that further litigation might result in plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees.").

### d.  Class Counsel worked on a contingent basis.

"Attorneys are entitled to a larger fee award when their compensation is contingent in nature." *In re Toyota*, 2013 WL 12327929, at *32 (*citing Vizcaino*, 290 F.3d at 1048-50); *see also Kissel*, 2018 WL 6113078, at *5. "[W]hen counsel takes cases on a contingency fee basis, and litigation is protracted, the risk of non-payment after years of litigation justifies a significant fee award." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 261 (N.D. Cal. 2015). The potential of receiving little or no recovery in the face of increasing risk weighs in favor of the requested fee. *See In re WPPSS*, 19 F.3d 1291, 1299; *Ching v. Siemens Indus., Inc.*, No. 11-cv-04838, 2014 WL 2926210, at *8 (N.D. Cal. June 27, 2014) ("Courts have long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent

basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all for their work."); *Brown v. 22nd Dist. Agric. Ass'n*, 2017 WL 3131557, at \*8 (S.D. Cal. July 24, 2017) (recognizing that "class counsel was forced to forego other employment in order to devote necessary time to this litigation" and the substantial risk associated with taking the matter on a contingent basis warranted "an upward adjustment to the fee award"). This case was litigated on a purely contingent basis, with work efforts devoted here necessarily not expended towards other matters. The risk of non-recovery is sufficiently substantial to justify the instant fee request.

### e.  The reaction of the Settlement Class.

This motion is filed three days after notice to the class issued and the time for members to lodge objections has not expired.  Consideration of this factor will be addressed in conjunction with final approval.

Consideration of the foregoing shows the fee request is reasonable and the multiplier of 2.72 is warranted.

## III.  THE ATTORNEYS' FEE REQUEST IS ALSO REASONABLE UNDER THE PERCENTAGE-OF-RECOVERY APPROACH

Under the "percentage-of-the-recovery" method for calculating attorney fees, federal courts frequently evaluate the reasonableness of a fee request by viewing it as a percentage of the total value of settlement fund as a benefit to the Class. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).  This method is appropriate where, as here, "the class benefit can be monetized with a reasonable degree of certainty." *Johansson-Dohrmann v. Cbr Systems, Inc.*, 2013 WL 3864341, \*8 (S.D. Cal. Jul. 24, 2013); *Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, \*4 (S.D. Cal. Jan. 14, 2013) (same).

Class Counsel's fee and expense request of $2.035 million is reasonable under percentage-of-recovery method, as either a cross-check to the lodestar analysis above or as a basis for an award in its own right.  The request represents just 1.9% of the total $109,895,680.00 value (HM Report ¶ 14).  It represents 3.5% of the value of the

Extended Powertrain Limited Warranty Coverage ($58,836,174 (HM ¶¶ 24-27)) alone. Applying the same factors considered above (the excellent results, risks, benefits, including nonmonetary benefits, secured for the class, and the contingent nature of the representation) the result is the same: Class Counsels' fee request should be approved as reasonable. Moreover, the award amount here was negotiated entirely separately and did not and does not impact relief to the class itself.

## IV.    THE REASONABLENESS OF THE REQUESTED AWARD IS FURTHER DEMONSTRATED BY THE FACT THAT IT IS INCLUSIVE OF EXPENSES

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *Kissel*, 2018 WL 6113078, at *6. "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." *Rutti v. Lojack Corp., Inc.*, 2012 WL 3151077, *12 (C.D. Cal. July 31, 2012). Class Counsel's expenses total $41,037.01. (Lemberg Decl. ¶¶ 19-22). The fact that these expenses are included in the amount sought by Class Counsel demonstrates that the requested amount is reasonable and appropriate.

## V.    THE COURT SHOULD APPROVE A SERVICE AWARD OF $2,200 TO EACH OF THE NAMED PLAINTIFFS

Service awards to named plaintiffs attempt to account for financial or reputational risks associated with litigation and promote the public policy of encouraging individual plaintiffs to undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal. 2011) ("Incentive awards are fairly typical in class actions."); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329 (W.D. Wash. 2009) ("The trial court has discretion to award incentives to the class representatives."). Incentive awards are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives. *See*

1  *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013) (finding

2  incentive award must not "corrupt the settlement by undermining the adequacy of the

3  class representatives and class counsel"). Further, "[a] service award of $5,000 to

4  named plaintiffs is considered presumptively reasonable in the Ninth Circuit." *Canava*

5  *v. Rail Delivery Servs. Inc.*, 2022 WL 18359143, at *2 (C.D. Cal. Dec. 2, 2022)

6  (citations omitted).

7      Here, Class Counsel asks the Court to award a service payment  to the Class

8  Representatives in an amount of $2,200 each. Plaintiffs have each been intimately

9  involved with this case.  They have been in contact with and aided their counsel

10  throughout the case and maintained abreast of the litigation. (Taylor Decl. ¶ 7).  But for

11  their willingness to proceed with this case as a class action, the class members would

12  receive nothing.  The amounts sought are reasonable, fair and should be approved.

## CONCLUSION

    For the reasons set forth above, Plaintiffs and Class Counsel respectfully request

that the Court grant this motion and (1) award attorneys' fees and expenses to Class

Counsel in the amount of $2,035,000 and (2) award service awards in the amounts of

$2,200 to each of the named Plaintiffs.

DATED:  May 16, 2024

                                    By:  ___/s/ Sergei Lemberg_____
                                    Sergei Lemberg (admitted *pro hac vice*)
                                    Stephen Taylor (admitted *pro hac vice*)
                                    Joshua Markovits (admitted *pro hac vice*)
                                    Lemberg Law, LLC
                                    43 Danbury Road
                                    Wilton, CT 06897
                                    Telephone: (203) 653-2250
                                    Facsimile: (203) 653-2250
                                    E-mail: slemberg@lemberglaw.com
                                    E-mail: jmarkovits@lemberglaw.com

                                  Trinette G. Kent

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Rd.
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com
*Attorneys for Plaintiffs and Class Counsel*

- 18 -

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, and not a party to the above-entitled cause. I hereby certify that on May 16, 2024, a copy of the foregoing was filed electronically.  Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.


By:    /s/  Trinette G. Kent
Trinette G. Kent
Lemberg Law, LLC
*Attorney for Plaintiffs*