UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>Mazda Motor of America, Inc.,<br><br>Defendant. | Case No.: 8:22-cv-01055-DOC-DFM |

**FINAL APPROVAL ORDER AND JUDGMENT**

The Court having held a Final Fairness Hearing on August 5 and September 16, 2024, regarding the instant proposed nationwide class action settlement, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying Settlement Class, (3) Approving Notice Plan, (4) Setting Final Fairness Hearing ("Preliminary Approval Order") and (5) scheduling the Final Fairness Hearing, and having considered all matters submitted to it at the Final Fairness Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing, therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release, including its exhibits, fully executed on January 19, 2024, and as modified by the Addendum to the Parties' Settlement Agreement executed on September 11, 2024 (together, the "Agreement" or the "Settlement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order (Dkt. No. 102) are also incorporated by reference in this Order.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453(b).

3. Venue is proper in this District.

4. The Settlement Class means:

> All persons and entities who purchased or leased a Settlement Class Vehicle in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

5. "Settlement Class Vehicle" means the following model year and model Mazda vehicles equipped with a 2.5L turbocharged engine and valve stem seals within the impacted Vehicle Identification Number ("VIN") production range distributed by Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO"), for sale or lease in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands:

> Model Year 2021 Mazda3 (Japan built)
> Model Year 2021 & 2022 Mazda3 (Mexico built)
> Model Year 2021 & 2022 CX-30 (Mexico built)
> Model Year 2021 Mazda6
> Model Year 2021 CX5
> Model Year 2021 CX9

6. Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges, court staff, and/or mediators or arbitrators who have presided over the Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

7. Seven timely exclusions were submitted to the Claims Administrator. Those persons and entities identified in the list attached as Exhibit C to the Declaration of Bronyn Heubach are validly excluded from the Settlement Class. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any benefits of the Settlement obtained in connection with the Settlement Agreement.

8. The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Defendant MNAO, and Defendants' Counsel, on the other hand, and with the assistance of an experienced, well-respected and neutral Mediator, Hon. Dickran M. Tevrizian (Ret.) of JAMS.

9. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Agreement and this Court's Preliminary Approval Order (Dkt. No. 102).

10. The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and constitute the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

11. This Court hereby finds and concludes that the notice provided by the Claim Administrator pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

12. The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions. The Plaintiffs, in their roles as Class Representatives, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to fully perform its terms as set forth in the Settlement Agreement fully executed on January 19, 2024, and the Addendum to the Parties' Settlement Agreement executed on September 11, 2024. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

1  13. The Court approves Class Counsel's request for an award for attorney's fees and expenses of $2,035,000. The award of attorneys' fees and expenses are to be paid directly by Defendant in the manner provided by the terms of the Agreement.

14. The Court finds the payment of incentive awards in the amount of $2,200 each to Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw to be fair and reasonable. The incentive awards are to be paid directly by Defendant in the manner provided by the terms of the Agreement.

15. The Settlement Class described in paragraph 4 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

16. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Defendant.

17. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, all of the Actions.

18. The Claims Administrator is directed to administer claims and consideration to the Settlement Class pursuant to the terms of the Agreement.

19. Plaintiffs and each and every one of the non-excluded Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement. In addition, any

rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code (and any other similar, comparable, or equivalent laws) are hereby terminated.

20. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, Settlement Class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

21. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Plaintiffs.

22. By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

23. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the

Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

24. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

25. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

26. The Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and the Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

**IT IS SO ORDERED.**

Dated: October 8, 2024

*/s/ David O. Carter*

Hon. David O. Carter
United States District Judge