TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Rd.
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Sergei Lemberg (admitted *pro hac vice*)
Stephen Taylor (admitted *pro hac vice*)
Joshua Markovits (admitted *pro hac vice*)
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-2250
E-mail: slemberg@lemberglaw.com
E-mail: jmarkovits@lemberglaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>Mazda Motor of America, Inc.,<br><br>Defendant. | Case No.: 8:22-cv-01055-DOC-DFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT  AGREEMENT**<br><br>Date:        June 9, 2025<br>Judge:      Hon. David O. Carter<br>Time:       8:30 a.m.<br>Courtroom: 10A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 9, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable David O. Carter, District Judge of the United States District Court for the Central District of California, in Courtroom 10A, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 90012, Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw ("Plaintiffs") will, and hereby do move for an order of the Court to:

1. Enforce the Parties' Class Action Settlement Agreement;

2. Order Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO") to extend the Mazda Powertrain Limited Warranty for all Class Vehicles as set forth in the Settlement Agreement, Art I(S) & II(B);

3. Reimburse all Class Members who have paid for repairs covered by the Warranty Extension created under the Settlement Agreement; and

4. Require MNAO to report to the Court its compliance with numbers 2 & 3 *supra* within twenty-one days.

This Motion is based on this notice; the accompanying memorandum of points and authorities, the Declaration of Class Counsel, Stephen Taylor, and all other papers filed and proceedings had in this Action.

Pursuant to L.R. 7-3, Plaintiffs conferred with counsel for the Defendant by telephone and email regarding the contents of this motion. The telephone conferral occurred on April 2, 2025 and April 10, 2025. Defendant does not consent to the motion.

DATED: April 11, 2025

By:   */s/   Stephen Taylor*

Sergei Lemberg (admitted *pro hac vice*)
Stephen Taylor (admitted *pro hac vice*)

PLS.' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Joshua Markovits (admitted *pro hac vice*)
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-2250
E-mail: slemberg@lemberglaw.com
E-mail: jmarkovits@lemberglaw.com

TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Rd.
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Attorneys for Plaintiffs and Class Counsel*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................iv

BACKGROUND ..............................................................................................................2

IMPLEMENTAION OF THE WARRANTY EXTENSION ....................................5

ARGUMENT ....................................................................................................................6

    I.    The Warranty Extension is Not Limited to Repairs Related to the Valve
          Stem Seal Defect, the Court Should Enforce the Settlement ......................7

    II.   Mazda has Breached the Agreement and Must Pay Damages to Impacted
          Class Members ..........................................................................................7

    III.  Monitoring Performance ..............................................................................8

CONCLUSION .................................................................................................................8

# **TABLE OF AUTHORITIES**

**CASES**

*Badie v. Bank of Am.*,
  67 Cal. App. 4th 779, 79 Cal. Rptr. 2d 273 (1998) .......................................................7

*Bank of the West v. Superior Court*,
  2 Cal. 4th 1254, 10 Cal. Rptr. 2d 538 (1998) .............................................................7

*Flores v. Garland*,
  2024 WL 3051166 (C.D. Cal. Apr. 3, 2024) ...............................................................6

*O'Neil v. Bunge Corp.*,
  365 F.3d 820 (9th Cir 2004) .........................................................................................6

*United Commercial Ins. Serv., Inc. v. Paymaster Corp.*,
  962 F.2d 853 (9th Cir. 1992) .......................................................................................6

Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw ("Plaintiffs"), submit this memorandum of points and authorities in support of their motion to enforce the Class Action Settlement Agreement (the "Agreement") between Plaintiffs and Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO") approved by the Court on October 8, 2024 (Doc. No. 167, Final Approval Order).

MNAO is failing to honor the Powertrain Limited Warranty extension set forth in the Agreement. It is, therefore, in breach of the Agreement, its warranty, the Final Approval Order and Plaintiffs seek relief on behalf of themselves and the Settlement Class.

As consideration for the class dismissal and release, the Agreement provided Settlement Class Members with an extension of Class Vehicles' Powertrain Limited Warranties by an additional 24 months or 20,000 miles (hereafter, the "Warranty Extension"). *Agreement*, I(S), II(B)[1]. The Agreement set forth:

> MNAO will extend coverage of Class Vehicles' Powertrain Limited Warranty, covering materials and workmanship defects in powertrain components (generally the Engine, the Transmission and Transaxle and the Front/Rear Drive System as set forth in the Powertrain Limited Warranty) from 60 months and 60,000 miles, whichever comes first, to 84 months and 84,000 miles, whichever comes first.

*Agreement*, II(B)(1). The Warranty Extension is to the entire Powertrain Limited Warranty, irrespective of whether the subject repair arises from defective Valve Stem Seals:

> The Warranty Extension covers all qualifying repairs under the Powertrain Limited Warranty including and **is not limited to repairs arising from the defective Valve Stem Seals**.

*Agreement*, II(B)(2) (emphasis supplied).

---

[1] The Settlement Agreement approved by the Court is at Doc. 91-2 and attached hereto as Exhibit A.

However, MNAO is not covering a transmission warranty repair because, it advises, "[t]ransmission repairs are not covered by the extended warranty in connection with this class settlement on valve stem seal/oil consumption/engine issues." (Taylor Decl. ¶ 10). There is no such limitation to the Warranty Extension. Just the opposite, the Settlement Agreement expressly set forth the Warranty Extension "is not limited to repairs arising from the defective Valve Stem Seals." *Agreement*, Art II(B)(2). This is an unambiguous term referenced throughout the Agreement and papers. MNAO is in breach of the Agreement, this Court's Final Approval Order approving the Agreement, and Plaintiffs request that the Court order MNAO to comply and extend the Powertrain Limited Warranty as set forth in the Agreement.

Further, as set forth below, one family has been charged over *$6,000* for a transmission repair which is covered by the Warranty Extension. MNAO is in breach of its warranty as to that Class Vehicle owner and all others similarly situated. MNAO must therefore, at the very least, reimburse – with interest – those Class Vehicle owners where it has denied coverage.

Finally, the foregoing family is just the one Class Counsel knows about. MNAO's failure to abide by the Warranty Extension will logically have impacted more. Thus, Plaintiffs ask the Court to order MNAO to report to the Court within twenty-one days (1) that it has implemented the Warranty Extension as agreed (2) that it has reimbursed Class Vehicle owners for warranty repairs which were covered by the Warranty Extension but where MNAO denied coverage.

## **BACKGROUND**

On April 18, 2022, Plaintiff Gary Guthrie, initiated this action alleging, for himself and a class of similarly situated, claims arising from MNAO's sale of vehicles with defective Valve Stem Seals which caused excessive oil consumption. (Dkt. No. 1-1). On January 19, 2024, after months of negotiations, the Parties executed the Agreement resolving the Plaintiffs' claims on a class-wide basis. *Agreement*, pg. 30 (signature blocks). Prior to MNAO executing the Settlement Agreement, Plaintiffs

provided MNAO, for purposes of conferral, their motion for preliminary approval of the Class Action Settlement Agreement and Plaintiffs' Experts' evaluation of the worth of the settlement. (Taylor Decl. ¶ 4).

On March 11, 2024, pursuant to Fed. R. Civ. P. 23, the Court granted preliminary approval to the Agreement. (Doc. No. 102). After notice to the Settlement Class, and hearings to consider objections and the fairness of the settlement, on October 8, 2024, the Court granted final approval to the Agreement. (Doc. No. 167).

In consideration for the dismissal and release, the Agreement provided a simple repair program for all Class Vehicles with a manifestation of the Valve Stem Defect, a reimbursement program for out-of-pocket expenses and the Warranty Extension. *Agreement*, II ("Settlement Consideration").

The Warranty Extension Benefit is set forth in section II(B) of the Agreement and is not dependent on the subject repair arising from the Valve Stem Seal Defect. As noted, it provides that "MNAO will extend coverage of Class Vehicles' Powertrain Limited Warranty, covering materials and workmanship defects in powertrain components (generally the Engine, the Transmission and Transaxle and the Front/Rear Drive System as set forth in the Powertrain Limited Warranty)[.]" *Id*. II(B)(1). It covers "all qualifying repairs under the Powertrain Limited Warranty including and is not limited to repairs arising from the defective Valve Stem Seals." *Id*. II(B)(2). The extension is "subject to the same terms and conditions set forth in the Class Vehicle's Powertrain Limited Warranty, except that repairs to or replacement of defective Valve Stem Seals under [the] Agreement are permissible pursuant to the terms set forth in [the] Agreement." *Id*. II(B)(3). The Warranty Extension is "fully transferable to subsequent owners or lessees of Class Vehicles." *Id*. II(B)(4).

Further, as part of the Settlement, the Parties agreed to the form and content of notice documents which are attached as Exhibit 4 to the Agreement and submitted here as Exhibit A to the Declaration of Stephen Taylor. Like the text of the Agreement, the notice documents make clear Warranty Extension repairs are not dependent on a Valve

Stem Seal issue.  Thus, in clear terms the Long Form Notice, posted on-line, described the Warranty Extension:

- The settlement provides the following benefits:

(1) replacement of the affected valve stem seals in included vehicles (certain conditions apply as outlined below);

(2) extension of Mazda's Powertrain Limited Warranty from 60 months and 60,000 miles, whichever comes first, to 84 months and 84,000 miles, whichever comes first for all Settlement Class Vehicles;

(3) reimbursement of certain out-of-pocket costs incurred by a current or former owner or lessee of a Settlement Class Vehicle who actually incurred and paid out-of-pocket costs for an (a) oil change performed more frequently than the normal interval of 7,500 miles or 1 year, and/or (b) additional engine oil in between the normal interval of 7,500 miles or 1 year; and

(4) loaner vehicles to be provided (subject to dealer availability) for the repair.

(Agreement, Ex 4, pg. 1 (red box added)).  Further, the postcard notice, agreed by the Parties and mailed to Settlement Class Members, explicitly advised that Warranty Extension applied to vehicles whether or not an oil issue occurred on the very cover of the postcard:

> All vehicles within the impacted VIN range, whether or not an oil issue has occurred, get a 24 month/24,000 mile powertrain limited warranty extension and are part of a potential class settlement – read this notice carefully

(Taylor Decl., Ex A, pg. 6).  The foregoing is what MNAO agreed and what MNAO agreed to tell the Class was the substance of the class relief.  That relief included a clean and simple extension of the entire Powertrain Warranty.

Additionally, MNAO told the same to this Court.  In opposition to objections to the Settlement, MNAO set forth:

Plaintiffs and MNAO (collectively, the "Parties") reached the proposed class settlement agreement following extensive arm's-length negotiations and under the supervision of an experienced and neutral JAMS mediator. (See Dkt. 91-2, Settlement Agreement ("SA").) The settlement resolves Plaintiffs' claims pertaining to excessive oil consumption in certain Mazda vehicles, and provides three substantial benefits to class members: (1) a free and effective repair for the excessive oil consumption, **(2) a powertrain warranty extension**, and

(3) out-of-pocket cost reimbursement. MNAO is committed to ensuring that Mazda drivers are satisfied with their vehicle and trust in its reliability. That is why MNAO chose to work with class counsel to structure a settlement that gives each class member **not only a free and effective repair for the issue, but added peace of mind with the powertrain warranty extension.**

("MNAO's Response to Objections and in Support of the Proposed Class Settlement", Doc. No. 146, pg. 5) (emphasis supplied).

The Agreement was unambiguous that the Warranty Extension was an extension of the entire Powertrain Limited Warranty. It expressly said it was "**not limited to repairs arising from the defective Valve Stem Seals.**" The notice documents affirmed this relief to class members. MNAO affirmed the agreed relief to this Court.

The Final Approval Order entered by the Court sets forth:

> The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions. [. . .] the Parties are hereby directed to fully perform its terms as set forth in the Settlement Agreement"

Final Approval Order (Doc. No. 167) ¶ 12. The Court "retain[ed] jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and the Settlement[.]" *Id*. ¶ 26; *see also Agreement* IX(E) ("Continuing Jurisdiction").

## IMPLEMENTAION OF THE WARRANTY EXTENSION

The entirety of the Agreement became effective on February 6, 2025, the first business day after dismissal of the Farina appeal by the Ninth Circuit and exhaustion of all appellate rights. *Agreement,* I(J) ("Effective Date").

One class member has contacted the administrator and class counsel regarding transmission issues on their Class Vehicle. (Taylor Decl. ¶¶ 7-8). The member advised the vehicle was past the normal Powertrain Warranty Extension period (60,000 miles) but not beyond the Warranty Extension (84,000 miles). They brought their vehicle to

a Mazda dealership for transmission repairs but were denied warranty coverage as the warranty had expired. The persons showed the dealership the class notice concerning the extension but were still denied coverage. They emailed Mazda customer service seeking to have the vehicle covered and were advised that the extended warranty applied only for oil consumption related concerns and not transmission issues. On March 18, 2025, the class member was charged $6,499.55 for their transmission repair. (Taylor Decl. ¶ 8).

Class Counsel met and conferred with MNAO's counsel regarding this matter. Class Counsel noted that the Agreement explicitly said the Warranty Extension was not limited to oil consumption issues. MNAO's response was "[t]ransmission repairs are not covered by the extended warranty in connection with this class settlement on valve stem seal/oil consumption/engine issues." (Taylor Decl. ¶ 10).

## ARGUMENT

This Court has the inherent power to enforce the terms of the Agreement which provides the Court may retain continuing and exclusive jurisdiction over the Parties for purposes of administration and enforcement. *Agreement* IX(E) ("Continuing Jurisdiction"); Final Approval Order ¶ 26; *Flores v. Garland*, 2024 WL 3051166, at *2–3 (C.D. Cal. Apr. 3, 2024) ("this Court has the inherent power to enforce the terms of the Agreement because, with certain exceptions not relevant here, the Agreement 'provides for the enforcement, in this District Court, of the provisions of this Agreement'") (collecting cases).

"[T]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir 2004) (quoting *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992)).

Where the parties dispute the meaning of specific contract language, "the court must decide whether the language is 'reasonably susceptible' to the interpretations urged by the parties." *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 798, 79 Cal. Rptr.

2d 273 (1998). If the contract is clear, however, the plain language of the contract governs. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264, 10 Cal. Rptr. 2d 538 (1998).

### I. <u>The Warranty Extension is Not Limited to Repairs Related to the Valve Stem Seal Defect, the Court Should Enforce the Settlement</u>

The Agreement is clear, the Warranty Extension covers "all qualifying repairs under the Powertrain Limited Warranty including **and is not limited** to repairs arising from the defective Valve Stem Seals." *Agreement*, II(B)(2); I(S) & II(B)(1).  The agreed notice documents say the same and advised members the extension is a clean extension of the Powertrain Warranty. Agreement, <u>Ex 4</u>, pg. 1.  The postcard notice advised all vehicles get the warranty extension "whether or not an oil issue has occurred." Agreement, <u>Ex 4</u>, pg. 6.  In opposing objections, MNAO said that the extension was provided to provided class members with "peace of mind" separate and apart from Valve Stem Seal repairs. (Doc. No. 146, pg. 5).

There is no basis in the Agreement for MNAO's failure to cover qualifying warranty repairs because they are not caused by the Valve Stem Seal defect.  Just the opposite, that extra protection was explicitly the consideration MNAO paid for class members to release their claims arising from MNAO selling them defective vehicles to begin with.

MNAO cannot avoid its promises now. Plaintiffs request that the Court order MNAO to implement the Agreement and extend the Powertrain Limited Warranty for all Class Vehicles to 84 months or 80,000 miles, as agreed.

### II. <u>Mazda has Breached the Agreement and Must Pay Damages to Impacted Class Members</u>

Mazda is in breach of the Agreement, and its Powertrain Warranty, where it has refused to perform qualifying repairs on Class Vehicles covered by the Warranty Extension.  Because of that breach of the Agreement, class members have been damaged.

For purposes of this motion, Plaintiffs request that the Court order Mazda to (1) identify all instances where it has rejected warranty coverage because it did not implement the Warranty Extension as agreed, (2) among those, identify where the Vehicle owners paid for the repairs at a Mazda authorized dealership, and (3) reimburse those Vehicle owners the costs of repair, plus interest.

As set forth above, Class Counsel is aware of one instance of refusal to correctly provide warranty coverage. That instance, and MNAO's response, show the refusal is a policy, not an accident and it is logical to presume there are others. This Court retains jurisdiction to enforce the agreement which contemplates providing remedies for breach which, here, means giving these people their money, plus interest.

## III.  **Monitoring Performance**

This Court retains jurisdiction to administer the Settlement. Final Approval Order ¶ 26. In the context of MNAO's refusal to implement the Agreement, the Court should exercise that authority and order MNAO to (1) confirm to the Court within twenty-one days that the Warranty Extension in the Agreement is being implemented according to its terms and (2) that it has reimbursed Class Vehicle owners for warranty repairs which were covered by the Warranty Extension but where MNAO denied coverage.

## CONCLUSION

1. For the reasons set forth above, Plaintiffs respectfully request that the Court Enforce the Parties' Class Action Settlement Agreement;

2. Order Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO") to extend the Mazda Powertrain Limited Warranty for all Class Vehicles as set forth in the Settlement Agreement, Art I(S) & II(B);

3. Reimburse all Class Members who have paid for repairs covered by the Warranty Extension created under the Settlement Agreement; and

4. Require MNAO to report to the Court its compliance with numbers 2 & 3

*supra* within twenty-one days.

This Motion is based on this notice; the accompanying memorandum of points and authorities, the Declaration of Class Counsel, Stephen Taylor,  and all other papers filed and proceedings had in this Action.

DATED:  April 11, 2025                    By:   */s/   Stephen Taylor*
                                          Sergei Lemberg (admitted *pro hac vice*)
                                          Stephen Taylor (admitted *pro hac vice*)
                                          Joshua Markovits (admitted *pro hac vice*)
                                          Lemberg Law, LLC
                                          43 Danbury Road
                                          Wilton, CT 06897
                                          Telephone: (203) 653-2250
                                          Facsimile: (203) 653-2250
                                          E-mail: slemberg@lemberglaw.com
                                          E-mail: jmarkovits@lemberglaw.com

                                          TRINETTE G. KENT (State Bar No. 222020)
                                          Lemberg Law, LLC
                                          1100 West Town & Country Rd.
                                          Suite 1250
                                          Orange, California 92868
                                          Telephone: (480) 247-9644
                                          Facsimile: (480) 717-4781
                                          E-mail: tkent@lemberglaw.com

                                          *Class Counsel*