# <u>Exhibit A</u>

## GUTHRIE, ET AL., V. MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS

### SETTLEMENT AGREEMENT

Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo and Amy Bradshaw (identified hereafter by their respective surnames and collectively as "Plaintiffs" or proposed "Class Representatives"), individually and as representatives of the Class (defined below), and Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO" or "Defendant" and, with the Plaintiffs, the "Parties"), by and through their counsel, enter into this Settlement Agreement ("Settlement Agreement" or "Agreement"), providing for settlement ("Settlement") of all claims that were asserted or that could have been asserted in the Action described below, pursuant to the terms and conditions set forth below, and subject to the approval of the Court in the Action.

### RECITALS

WHEREAS, the putative class action case captioned *Guthrie, et al. v. Mazda Motor of America, Inc.,* No. 8:22-cv-01055 (C.D. Cal.), concerns claims for relief on behalf of Plaintiffs and other consumers nationwide similarly situated seeking damages and other relief in connection with the purchase or lease of certain MNAO vehicles (hereinafter, the "Action");

WHEREAS, Guthrie filed the class action complaint (the "Guthrie Complaint") in the Superior Court of the State of California, Orange County, on April 19, 2022;

WHEREAS, pursuant to 28 U.S.C. § 1441(b) and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453(b) ("CAFA"), MNAO removed the matter to the United States District Court for the Central District of California on May 25, 2022;

WHEREAS, on July 7, 2022, MNAO moved to dismiss the Guthrie Complaint;

1

WHEREAS, on July 18, 2022, Plaintiffs filed a First Amended Class Action Complaint ("FAC") which added Plaintiffs Crain, Hinton and Zelaya;

WHEREAS, on August 15, 2022, MNAO moved to dismiss Plaintiffs' FAC;

WHEREAS, on October 31, 2022, Plaintiffs filed a Second Amended Class Action Complaint ("SAC"), which added Plaintiffs Gilinets, Knysz and Woo;

WHEREAS, on December 2, 2022, MNAO moved to dismiss Plaintiffs' SAC;

WHEREAS, on January 30, 2023, the Parties appeared before the Court for a scheduling conference and hearing on MNAO's motion to dismiss the SAC;

WHEREAS, on February 1, 2023, the Court entered a scheduling order (Dkt. No. 57);

WHEREAS, on April 7, 2023, the Court appointed Plaintiffs' counsel, Lemberg Law, as Interim Class Counsel;

WHEREAS, on November 21, 2023, Plaintiffs filed a Third Amended Class Action Complaint (TAC"), which added Plaintiff Bradshaw;

WHEREAS, the Action arises from Plaintiffs' allegations that certain Mazda vehicles were manufactured, marketed, distributed, sold, and/or leased containing defective valve stem seals which causes excessive oil consumption (the "Valve Stem Seal Defect" or the "alleged defect");

WHEREAS, MNAO denies and continues to deny Plaintiffs' allegations, any wrongdoing, and any liability to Plaintiffs or other Class Members, and maintains that it has numerous meritorious defenses to Plaintiffs' claims;

WHEREAS, the Parties have engaged in discovery, have exchanged extensive documentation, and Plaintiffs have taken testimony from MNAO's 30(b)(6) witness concerning the alleged defect, its root cause, the countermeasures developed to remedy the alleged defect, and the scope of affected vehicles and customers;

2

WHEREAS, counsel for the Parties met and conferred numerous times regarding Plaintiffs' allegations, MNAO's defenses, and potential resolution of the Action;

WHEREAS, the Parties engaged in mediation on May 1, 2023, with the Honorable Dickran Tevrizian (Ret.) of JAMS in Los Angeles, California, concerning potential resolution of claims that have been or could have been brought in the Action on behalf of Plaintiffs and Class Members against MNAO;

WHEREAS, following the mediation session with former U.S. District Court Judge Dickran Tevrizian (Ret.) of the Central District of California, in May 2023, the Parties continued to negotiate the terms of a potential nationwide class settlement with the assistance and participation of Judge Tevrizian;

WHEREAS, the Parties having agreed to a nationwide class settlement resolving the claims that have been or could have been brought in the Action against MNAO and having reduced that agreement to this Settlement Agreement;

WHEREAS, Plaintiffs and Interim Class Counsel have conducted a thorough investigation of the law and facts relating to the matter set forth in the Action;

WHEREAS, Interim Class Counsel, with the assistance of experts, and MNAO have engaged in extensive discussion of the issues presented in the Action and in arm's-length negotiations of the possible terms of settlement of Plaintiffs' and putative Class Members' claims;

WHEREAS, as set forth above and further below, Plaintiffs have taken thorough discovery from MNAO, including deposition of a corporate designee;

WHEREAS, after analyzing the relevant facts and applicable law, taking into account the burdens, risks, uncertainties, time, and expense of litigation, as well as the merits of the terms set

3

forth herein, Plaintiffs and Interim Class Counsel have concluded that the terms set forth in this Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Class;

WHEREAS, MNAO has concluded that resolving the claims settled under the terms of this Settlement Agreement on a classwide basis is desirable to reduce the time, risk, and expense of defending multiple claims and multiple party litigation, and to resolve finally and completely the claims of Plaintiffs and Class Members without any admission of wrongdoing or liability;

NOW, THEREFORE, Plaintiffs, Interim Class Counsel, and MNAO stipulate and agree to the terms and conditions set forth herein, which are subject to the Court's approval under Federal Rule of Civil Procedure 23(e).

## I.  DEFINITIONS

### A. "Action" or "Lawsuit"

"Action" or "Lawsuit" refers to Civil Action No. 8:22-cv-01055, entitled *Guthrie, et al. v. Mazda Motor of America, Inc.,* pending in the United States District Court for the Central District of California.

### B. "Business Day"

"Business Day" means any day except any Saturday, any Sunday, or any day on which banking institutions are authorized or required by law or other governmental action to close.

### C. "Claim Administrator"

The "Claim Administrator" will be JND Legal Administration.

### D. "Claim" or "Claim for Reimbursement"

"Claim" or "Claim for Reimbursement" shall mean the timely submission of the required fully executed Claim Form and accompanying Proof of Oil Change Expense or Additional Engine

4

Oil Purchase in which a Settlement Class Member seeks to claim reimbursement available under, and in the manner provided by, the terms of this Settlement Agreement.

### E. "Claim Form"

"Claim Form" refers to the form that must be fully completed and executed in order to request reimbursement under the terms of this Settlement Agreement, substantially in the form attached hereto as Exhibit 1.

### F. "Class Counsel" or "Plaintiffs' Counsel"

"Class Counsel" or "Plaintiffs' Counsel" shall mean Lemberg Law LLC.

### G. "Class Notice Plan"

"Class Notice Plan" means the plan for disseminating Class Notice to the Settlement Class as set forth in Section IV of this Settlement Agreement and includes any further notice provisions agreed upon by the Parties and/or ordered by the Court.

### H. "Court"

"Court" refers to the United States District Court for the Central District of California.

### I. "Defense Counsel"

"Defense Counsel" shall mean Jahmy S. Graham, Esq. and other counsel from Nelson Mullins Riley and Scarborough LLP.

### J. "Effective Date"

"Effective Date" means the first business day after (1) the Court enters a Final Order and Judgment approving the Classwide Settlement, substantially in the form attached hereto as Exhibit 2, and (2) all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees, costs/expenses or service awards/payments, have expired or been exhausted in such a manner as to affirm the Final Order and Judgment.

5

### K. "Final Order and Judgment"

The "Final Order and Judgment" means the Final Order and Judgment approving the Settlement Agreement and dismissing the Action with prejudice as to Defendant.

### L. "Notice Date"

"Notice Date" means the date by which Notice of this Settlement is to be sent to the Settlement Class. The Notice Date shall be within sixty (60) days after the Court enters a Preliminary Approval Order, substantially in the form attached hereto as Exhibit 3.

### M. "Proof(s) of Oil Change Expense or Additional Engine Oil Purchase"

"Proof(s) of Oil Change Expense or Additional Engine Oil Purchase" shall refer to the documents submitted in support of a Settlement Class Member's Claim for reimbursement of out-of-pocket expenses incurred for an oil change performed more frequently than the normal interval of 7,500 miles or 1 year or the purchase of engine oil in between the normal interval related to the alleged defect. Such Proof(s) of Oil Change Expense or Additional Engine Oil Purchase may take the form of an original or legible copies of oil change or engine oil purchase invoices, receipt or similar record identifying the date and price of the oil change and/or replacement oil.

### N. "Released Claims" or "Settled Claims"

"Released Claims" or "Settled Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiffs and any and all Settlement Class Members (including their successors, heirs, assigns and representatives) which in any way relate to the defective valve stem seals of Class Vehicles (defined below), including but not limited to all matters that were or could have been asserted in the Action, and all claims, causes of action, demands, debts, suits, liabilities,

6

obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, arising under any state, federal or local statute, law, rule and/or regulation, under any federal, state or local consumer protection, consumer fraud, unfair business practices or deceptive trade practices statutes or laws, under common law, and under any legal or equitable theories whatsoever including tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express and/or implied warranty, the Uniform Commercial Code and any federal, state or local derivations thereof, any state Lemon Laws, secret warranty and/or any other theory of liability and/or recovery, whether in law or in equity, and for any and all injuries, losses, damages, remedies, recoveries or entitlements of any kind, nature and description, in law or in equity, under statutory and/or common law, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, statutory penalties or rights, restitution, unjust enrichment, and any other legal, declaratory and/or equitable relief. "Released Claims" does not include claims for damage to property other than to the Class Vehicle itself, subrogation, personal injury or wrongful death, or claims derivative of such claims, nor does this Settlement Agreement revive any such claims. "Released Claims" also does not include any claims that arise from any future National Highway Traffic Safety Administration ("NHTSA") recall or voluntary recall unrelated to the Valve Stem Seal Defect.

### O. "Released Parties"

"Released Parties" shall mean Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO"), Mazda Motor Corporation ("MC"), all designers, manufacturers, assemblers, distributors, importers, retailers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, authorized dealers, repairers and servicers of

the Class Vehicles and each of their component parts and systems, all of their past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns and representatives, and all of the aforementioned persons' and entities' attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees and representatives.

**P. "Class Vehicles" or "Settlement Class Vehicle(s)"**

Class Vehicles or Settlement Class Vehicles means the following model year and model Mazda vehicles equipped with a 2.5L turbocharged engine and valve stem seals within the impacted VIN production range distributed by MNAO for sale or lease in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands:

> Model Year 2021 Mazda3 (Japan built)
>
> Model Year 2021 & 2022 Mazda3 (Mexico built)
>
> Model Year 2021 & 2022 CX-30 (Mexico built)
>
> Model Year 2021 Mazda6
>
> Model Year 2021 CX5
>
> Model Year 2021 CX9

**Q. "Settlement Class" or "Settlement Class Members"**

"Settlement Class" or "Settlement Class Members" refers to: All persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I(P) of this Agreement, in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges, court staff, and/or mediators or arbitrators who have presided over the Action and their spouses; (c) all current employees, officers, directors, agents

and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

### R.    "Valve Stem Seal(s)"

The affected "Valve Stem Seal(s)" means the component which, in part, controls oil leakage into the exhaust manifold and, prior to September 13, 2021, were installed in Class Vehicles' 2.5L turbocharged engine.

### S.    "Extended Warranty" or "Warranty Extension"

"Extended Warranty" or "Warranty Extension" refers to the extension of Mazda Powertrain Limited Warranty from 60 months and 60,000 miles, whichever comes first, to 84 months and 84,000 miles, whichever comes first for all Class Vehicles, as set forth more fully in Section II(B).

## II.    SETTLEMENT CONSIDERATION

In consideration for the full and complete Release of all Released Claims against all Released Parties, and the dismissal of the Action with prejudice, Defendant agrees to provide the following consideration to the Settlement Class:

## A. Repair Program Benefit

1. MNAO will institute a Repair Program (the "Program") to repair Settlement Class Vehicles and replace the vehicles' Valve Stem Seals with different (countermeasure) valve stem seals as set forth herein.

2. Under the Program, MNAO will repair Class Vehicles and replace the valve stem seals with non-defective parts pursuant to the repair set forth in Technical Service Bulletin ("TSB") 01-003/23 under a new TSB as set forth herein, and/or as in a Special Service Program or Campaign ("SSP") of any Class Vehicle that has excessive oil consumption (*i.e.*, defect manifestation) as shown by (1) the Engine Oil Level Warning Light has illuminated with Diagnostic Trouble Code ("DTC") P250F:00, signifying low engine oil level, before the regular oil change interval of 7,500 miles or 1 year; (2) Class Vehicles enrolled with the Mazda Connected Services MyMazda mobile application have recorded a "Low Engine Oil Level" alert in the application before the regular oil change interval of 7,500 miles or 1 year; or (3) documented previous refilling of oil (either by a dealer or service station or the customer) before the engine oil level warning light came on in between regular oil change interval of 7,500 miles or 1 year (documented proof can include but is not limited to repair orders or invoices from dealers or service stations or a receipt for the purchase of engine oil with documented proof that the refilling occurred before the regular oil change interval), or (4) if neither 1, 2 nor 3, a failed excessive oil consumption test performed at an MNAO authorized dealer and at MNAO's cost. Withing 30 business days after the Court grants preliminary approval of the proposed classwide settlement, Mazda will issue a revised TSB to its authorized dealers such that technicians should perform the repair if any of the conditions 1-4 above are met.

3. Under the Program, MNAO and its authorized dealerships may give repair priority to older or higher mileage Class Vehicles over newer or lower mileage Class Vehicles unless a

newer or lower mileage vehicle has manifested excessive oil consumption through item 1, 2 or 3 in Section II(A)(2) of this Agreement and the older or higher mileage vehicle has not.

4.      Under the Program, during the initial one-year period after the Program begins, MNAO authorized dealers servicing Class Vehicles for any reason will check whether DTC P250F:00 code is stored in the vehicle memory.  If the code is stored in memory, the MNAO authorized dealer will advise the Class Vehicle owner or lessee if they are eligible to receive replacement valve stem seals under the Program.

5.      Under the Program, MNAO will provide a loaner vehicle to any Class Vehicle owner or lessee during the period of an evaluation or repair under the Program, subject to normal dealer availability of loaner vehicles.

6.      The Program will commence reasonably promptly under the circumstances after the Court grants preliminary approval of the classwide Settlement. For example, the timing of the start of providing class notice will depend on the time necessary to identify or otherwise gather addresses or other contact information for Class Members.

7.      The Program will last for the entirety of Class Vehicles' extended warranty period of 84 months or 84,000 miles, whichever comes first.

8.      Settlement Class Vehicle owners or lessees shall not be required to present the Long Form Notice, Claim Form, or any other Settlement-related document to receive benefits under the Program.

**B.  Warranty Extension Benefit**

1.      MNAO will extend coverage of Class Vehicles' Powertrain Limited Warranty, covering materials and workmanship defects in powertrain components (generally the Engine, the Transmission and Transaxle and the Front/Rear Drive System as set forth in the Powertrain

Limited Warranty) from 60 months and 60,000 miles, whichever comes first, to 84 months and 84,000 miles, whichever comes first.

2.      The Warranty Extension covers all qualifying repairs under the Powertrain Limited Warranty including and is not limited to repairs arising from the defective Valve Stem Seals.

3.      The Warranty Extension is subject to the same terms and conditions set forth in the Class Vehicle's Powertrain Limited Warranty, except that repairs to or replacement of defective Valve Stem Seals under this Agreement are permissible pursuant to the terms set forth in this Agreement.

4.      The Warranty Extension will, to the extent not expired, be fully transferable to subsequent owners or lessees of Class Vehicles.

5.      Defendant shall not be responsible for, and the Warranty Extension will not cover, repair or replacement work performed on a Settlement Class Vehicle by an independent service center that is not an authorized MNAO dealer.

### C. Reimbursement for Out-of-Pocket Costs for Excessive Oil Consumption

1.      Class Vehicle owners or lessees that submit qualifying and timely Claims will be entitled to reimbursement of certain past oil change expenses and the purchase of additional engine oil in between oil change intervals.

2.      If a current or former owner or lessee of a Class Vehicle incurred and paid out-of-pocket costs for an (1) oil change performed more frequently than the normal interval of 7,500 miles or 1 year or (2) additional engine oil in between the normal interval of 7,500 miles or 1 year, they will be entitled to receive dollar-for-dollar reimbursement of the paid cost of the oil change or engine oil purchase.

3.    Oil change and engine oil purchase reimbursements will be provided irrespective of whether the oil change or engine oil purchase out-of-pocket expense was incurred at an MNAO authorized dealership, an non-MNAO affiliated service station or dealership or elsewhere.

4.    To qualify for reimbursement of past paid out-of-pocket expenses under Section II(C), Settlement Class Members must timely comply with the following requirements:

(a)    Any Claim for Reimbursement must contain the required completed and signed Claim Form, together with all required Proof(s) of Oil Change Expense or Additional Engine Oil Purchase and must be mailed to the Claim Administrator, post-marked no later than seventy-five (75) days after date of Final Approval and Judgment.

(b)    Each Claim for Reimbursement shall require a properly completed Claim Form, signed under penalty of perjury, and accompanied by the appropriate Proof of Oil Change Expense or Additional Engine Oil Purchase demonstrating, among other things, that the claimant is a Settlement Class Member, the vehicle is a Class Vehicle, the oil change service was incurred for an oil change performed more frequently than the normal interval of 7,500 miles or 1 year, or that additional engine oil was purchased in between the normal interval, and proof of payment including the amount paid; and

(c)    If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim shall contain proof that the claimant is a Settlement Class Member and that the vehicle is a Class Vehicle.

5.    The Claim Administrator's denial of any Claim shall be binding and non-appealable, except that a Settlement Class Member may seek attorney review of said denial by so requesting it from the Claim Administrator within fourteen (14) days of the date of mailing of the

decision. If attorney review is timely requested, Class Counsel and Defense Counsel will confer and attempt to resolve any disputed denial by the Claim Administrator in good faith.

## III.    CLAIMS ADMINISTRATION

### A. Claims for Reimbursement Shall Be Administered by the Claim Administrator.

Defendant shall be responsible for the costs of Class Notice and Claim Administration under this Settlement Agreement.  The Parties retain the right to audit and review the claim handling by the Claim Administrator, and the Claim Administrator shall report to both Parties jointly.

### B. Administration

1.     For each approved Reimbursement Claim, the Claim Administrator, on behalf of Defendant, shall mail or send to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check, electronic monetary transfer or monetary payment card depending on the Settlement Class Member preference and Settlement Administrator's procedures, to be sent within seventy-five (75) days of the date of receipt of the Claim, or within seventy-five (75) days of the Effective Date, whichever is later.

2.     Disputes as to the sufficiency of the Proof of Oil Change Expense or Additional Engine Oil Purchase submitted in support of the Claim Form shall be submitted to and resolved by the Claim Administrator.  In the event the Claim Administrator makes a preliminary determination that the Proof of Oil Change Expense or Additional Engine Oil Purchase submitted is insufficient, the Claim Administrator will send the Settlement Class Member a letter advising of the deficiencies.  The Settlement Class Member will have thirty (30) days to cure the deficiencies or the claim will be denied.

## IV.    NOTICE

### A.  To Attorneys General:

In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Claim Administrator shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state (or jurisdiction within the U.S., including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands) in which a known Settlement Class Member resides.

### B.  To the Settlement Class:

1.    On an agreed upon date with the Claim Administrator within sixty (60) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the forms attached hereto as Exhibit 4 (the long form notice and mailer postcard), together with the Claim Form, substantially in the form attached hereto as Exhibit 1, to be disseminated.  The postcard notice in Exhibit 4 is to be sent by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members from the class list provided by Defendant to the Claim Administrator. The Claim Form will be available electronically on the Settlement website, but may also be sent by first class mail to Class Members who request a printed Claim Form. The class list (or any contact information for Class Members) provided to the Claim Administrator or otherwise in connection with this Action shall not be used for any other purpose than to effectuate class notice or the administration of class claims, and shall not be used for any other purpose whatsoever, including contact by any party or counsel for the purpose of solicitation or otherwise regarding other matters, potential litigation, or issues unrelated to the Action and the Valve Stem Seal Defect.  The Claim Administrator may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Defense Counsel and Class Counsel approves all changes and

15

formatting. The Claim Administrator shall be responsible for dissemination of the Class Notice and Claim Form.

2. For purposes of identifying Settlement Class Members, the Claim Administrator may obtain from Polk/IHS Markit or Experian the names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained, and the VINs of Class Vehicles, to the extent such information has not or cannot be provided by Defendant.

3. Prior to mailing the Class Notice, an address search through the United States Postal Service's National Change of Address database will be conducted to update the address information for Settlement Class Vehicle owners and lessees. For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided. For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced address search (e.g., a skip trace) and re-mail any undeliverable to the extent any new and current addresses are located.

4. The Claim Administrator shall diligently, and/or as reasonably requested by Class Counsel or Defense Counsel, report to Class Counsel and Defense Counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

5. The Claim Administrator shall, upon request, provide Class Counsel and Defense Counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this section, subject to Section IV.B.1 above

(regarding no contact by any party for solicitation or otherwise regarding other matters, potential litigation, or issues unrelated to the Action and the Valve Stem Seal Defect).

6.      The Claim Administrator shall implement a Settlement website containing:

(a)     The information contained in the long form notice in <u>Exhibit 4</u> and that notice;

(b)     instructions on how to submit a Claim for reimbursement online or by mail;

(c)     instructions on how to contact the Claim Administrator, Defense Counsel and Class Counsel for assistance;

(d)     a copy of the Claim Form, Class Notice, this Settlement Agreement and other pertinent documents to be agreed upon by counsel for the Parties; and

(e)     relevant deadlines, the date/time of the final fairness hearing and any other relevant information agreed upon by counsel for the Parties.

7.      No later than ten (10) days after the Notice Date, the Claim Administrator shall provide an affidavit or declaration to Class Counsel and Defense Counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Agreement or those required by the Court.

**C. By MNAO and the Settlement Administrator:**

1.      Reasonably promptly after entry of the Preliminary Approval of Class Settlement, MNAO will revise the operative TSB to notify dealers and the Settlement Administrator will identify Class Members and send Class Notice to notify Settlement Class Members about the availability and/or terms of (1) the Program to repair and replace Valve Stem Seals in Class Vehicles and (2) the Warranty Extension.

2.      The Class Notice shall be by first class mail to the last known address of all Settlement Class Members.

## V.    RESPONSE TO NOTICE

### A. Objection to Settlement

1.      Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, which date shall be approximately forty-five (45) days after the Notice Date, file any such objection via the Court's electronic filing system, and if not filed via the Court's electronic system, must mail the objection to the Court and the following persons, by first-class mail postmarked no later than forty-five (45) days after the Notice Date: Sergei Lemberg, Lemberg Law, LLC, 43 Danbury Road, 3rd Floor, Wilton, Connecticut 06897 on behalf of Class Counsel; Jahmy S. Graham, Nelson Mullins Riley and Scarborough LLP, 19191 South Vermont Avenue, Torrance, CA 90502, on behalf of Defense Counsel; and the Claim Administrator at Mazda Excessive Oil Consumption Settlement, c/o JND Legal Administration, PO Box 91414, Seattle, WA 98111.

2.      Any objecting Settlement Class Member must include with his or her objection:

(a)     the objector's full name, address, and telephone number;

(b)     the model, model year and Vehicle Identification Number of the Class Vehicle, along with proof that the objector has owned or leased the Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

(c)     a written statement of all grounds for the objection accompanied by any legal support for such objection;

(d)     copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and

(e)     a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United

18

States in the previous five years, he/she/it shall affirmatively so state in the objection.

3.      Moreover, subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the final fairness hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or Class Representative service awards.  In order to appear, the objecting Settlement Class Member must, by the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the fairness hearing. The notice of intention to appear must include copies of any papers, exhibits, or other evidence and identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the fairness hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

**B.  Request for Exclusion from the Settlement**

1.      Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion") to the Claim Administrator at the address specified in the Class Notice by the date specified in the Preliminary Approval Order and recited in the Class Notice.  To be effective, the Request for Exclusion must:

(a)     include the Settlement Class Member's full name, address and telephone number;

(b)     identify the model, model year and VIN of the Class Vehicle;

19

(c)   state that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

(d)   specifically and unambiguously state his/her desire to be excluded from the Settlement Class.

2.   Any Request for Exclusion must be postmarked on or before the deadline set by the Court, which date shall be approximately forty-five (45) days after the Notice Date.  Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall be subject to and bound by this Settlement Agreement, the Release and every order or judgment entered relating to this Settlement Agreement.

3.   The Claim Administrator will receive purported Requests for Exclusion and will consult with Class Counsel and Defense Counsel in determining whether they meet the requirements of a Request for Exclusion.  Any communications from Settlement Class Members (whether styled as an exclusion request, an objection or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself/herself from the Settlement Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation, if possible.  Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be submitted to the Court for resolution.  The Claim Administrator will maintain a database of all Requests for Exclusion, and will send the original written communications memorializing those Requests for Exclusion to Class Counsel and Defense Counsel.  The Claim Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court, Class Counsel and Defense Counsel within eighteen (18) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

## VI.    WITHDRAWAL FROM SETTLEMENT

1.     Plaintiffs or Defendant shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:

a)  Any objection to the proposed Settlement is sustained and such objection results in changes to this Agreement that the withdrawing party deems in good faith to be material (e.g., because it substantially increases the costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, or occurrences outside the control of the Parties or the Court (such as Force Majeure, a national or global pandemic, or the like), shall not be deemed material);

b)  The preliminary or final approval of this Classwide Settlement is not obtained without modification, and any modification required by the Court for approval is not agreed to by the Parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it substantially increases the cost of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, or occurrences outside the control of the Parties or the Court (such as Force Majeure, a national or global pandemic, or the like), shall not be deemed material);

c)  Entry of the Final Order and Judgment described in this Agreement is vacated by the Court or reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and costs and expenses, if any, shall not be a basis for withdrawal; or

d)  The Defendant shall, in addition, have the option to withdraw from this Settlement Agreement, and to render it null and void, if more than ten percent (10%) of the persons and entities

21

identified as being members of the Settlement Class exclude themselves from the Settlement Class in accordance with the provisions of part V(B) of this Settlement Agreement.

2.      To withdraw from this Settlement Agreement under this paragraph, the withdrawing party must provide written notice to the other party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court modifying, adding or altering any of the material terms or conditions of this Agreement.  In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered in evidence or used in the Action or any other litigation for any purpose, including the existence, certification or maintenance of any purported class.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendant and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.  Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

3.      A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VII.    ADMINISTRATIVE OBLIGATIONS

1.      In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement,

22

any Claims submitted pursuant to the Settlement Agreement and any responses thereto. The Claim Administrator, on a monthly basis, shall provide to Class Counsel and Defense Counsel summary information concerning the number of claims made, number of claims validated, number of returned claims for incompleteness, and total dollar amount of payouts on claims made, the number of claims rejected and the total dollar amount of claims rejected, such that Class Counsel and Defense Counsel may inspect and monitor the claims process.

2.    Except as otherwise stated in this Agreement, all expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid by Defendant.

## VIII.    SETTLEMENT APPROVAL PROCESS

### A.  Preliminary Approval of Settlement

Promptly after the execution of this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit 3.

### B.  Final Approval of Settlement

1.    If this Classwide Settlement is preliminarily approved by the Court, Class Counsel shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the form attached as Exhibit 2.

2.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement

23

Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. Such best efforts shall include taking all reasonable steps to secure entry of a Final Order and Judgment, as well as supporting the Settlement and the terms of this Settlement Agreement through any appeal.

### C. Plaintiffs' Application for Attorneys' Fees and Service Awards

1.      Class Counsel may apply to the Court for an attorneys' fee award, cost award, and Class Representative service awards, each in an amount to be determined by the Court. Any such application is inclusive of an attorneys' fee award and cost award sought on behalf of Plaintiffs' Counsel, including any attorneys currently or previously affiliated with those law firms.

2.      MNAO agrees to pay the attorneys' fees, expenses, and Class Representative service awards as ordered by the Court separate and apart from, and in addition to, the relief provided to the Class. Any order or proceedings relating to Plaintiffs' application for an attorneys' fee award, cost award, or Class Representative service award, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or effect or delay the Effective Date of this Settlement Agreement as it relates to benefits conferred to Settlement Class Members, provided that the Settlement Agreement is otherwise in all respects final.

3.      MNAO agrees to not oppose service awards to each of the Class Representatives to the extent no more than $2,200 is requested for each Class Representative.

4.      MNAO does not agree to any specific amount in attorneys' fee award or cost award. MNAO may oppose Plaintiffs' motion or request for an award of attorneys' fees and/or costs on any ground available to MNAO.

5.      MNAO shall pay Plaintiffs and/or Plaintiffs' Counsel the fees, expenses, and Class Representative service payments awarded by the Court within the later of thirty (30) days

24

following (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order. Within three (3) Business Days following (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order, Plaintiffs' Counsel shall provide MNAO, for each payee, a W-9 along with wire instructions on their firm letterhead for the payment to Plaintiffs' Counsel of fees, expenses, and service payments awarded by the Court.

6.      MNAO is not responsible for any fees or expenses of any counsel, other than Interim Class Counsel, retained by Settlement Class Members other than lawyers working for or with Interim Class Counsel subject to MNAO's objections or opposition to Plaintiffs' request for attorneys' fees and the Court's order thereon. Settlement Class Members are solely responsible for such fees and expenses.

7.      The procedure for and the grant or denial or allowance or disallowance by the Court of the fee award, cost award and service awards are not part of the Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement Agreement. Any order or proceedings relating solely to the fee award, cost award and service awards, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date of this Agreement. Payment of any fee award, cost award and service awards will not reduce the benefit being made available to the Settlement Class Members, and the Settlement Class Members.

### D. Release of Plaintiffs' and Settlement Class Members' Claims

1.      Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged the Released Parties from all Released Claims.

2.      Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

3.      Upon the Effective Date, the Action will be deemed dismissed with prejudice.

## IX.    MISCELLANEOUS PROVISIONS

### A. Effect of Exhibits

The exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

### B. No Admission of Liability

Neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged in the Action or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendant and the Released Parties, or any admissions by Defendant and the Released Parties of any claim or allegation made in any action or proceeding against them.  The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendant, the Released Parties, the Plaintiffs or the

Settlement Class Members, or cited or referred to in the Action or any action or proceeding, except in an action or proceeding brought to enforce the terms of this Agreement.

### C.  Entire Agreement

This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of this Settlement Agreement.  The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.  No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Settlement Agreement is sought.

### D.  Arm's-Length Negotiations and Good Faith

The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length and in good faith. The Parties have vigorously and zealously advanced the interests of their respective clients.  All terms, conditions and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

### E.  Continuing Jurisdiction

The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement.

## F. Binding Effect of Settlement Agreement

This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, heirs, successors and assigns.

## G. Extensions of Time

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

## H. Service of Notice

Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to Defense Counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing, of a successor individual or address:

As to Plaintiffs:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, Connecticut 06897

As to Defendant:

Jahmy S. Graham, Esq.
Nelson Mullins Riley and Scarborough LLP
19191 South Vermont Avenue
Torrance, California 90502

## I. Authority to Execute Settlement Agreement

Each counsel or other person executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

## J. Discovery

Defendant has and will cooperate and participate in reasonable confirmatory discovery, to the extent reasonably deemed necessary by Plaintiffs and/or the Court and agreed by the Parties.

### K. No Assignment

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

### L. No Third-Party Beneficiaries

This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Agreement.

### M. Construction

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement and, therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

### N. Captions

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

29

*ON BEHALF OF PLAINTIFFS:*

Dated:                January 19   2024

_____

Sergei Lemberg
**Lemberg Law, LLC**
43 Danbury Road, 3rd Floor
Wilton, Connecticut 06897

*ON BEHALF OF DEFENDANT:*

Dated:                January 19   2024

_____

Jahmy S. Graham
**Nelson Mullins Riley and Scarborough LLP**
19191 South Vermont Avenue
Torrance, CA 90502

Exhs.
1     Claim Form
2     Final Order and Judgment
3     Preliminary Approval Order
4     Class Notice

*ON BEHALF OF PLAINTIFFS:*

Dated:                    January 19   2024

Sergei Lemberg
**Lemberg Law, LLC**
43 Danbury Road, 3rd Floor
Wilton, Connecticut 06897

*ON BEHALF OF DEFENDANT:*

Dated:                    January 19   2024

Jahmy S. Graham
**Nelson Mullins Riley and Scarborough LLP**
19191 South Vermont Avenue
Torrance, CA 90502

Exhs.
1       Claim Form
2       Final Order and Judgment
3       Preliminary Approval Order
4       Class Notice

30

# EXHIBIT 1

*Guthrie, et al. v. Mazda Motor of America, Inc. d/b/a Mazda North American Operations*
United States District Court for the Central District of California, Case No. 8:22-cv-01055

# Mazda Excessive Oil Consumption Settlement
# Claim Form for Qualifying Low Oil Concerns with Oil Change or Oil Refilling

If you submit a valid Claim Form and accompanying Proof of Oil Change Expense as a result of low oil concerns or Additional Engine Oil Purchase related to the eligible, specific VIN (Vehicle Identification Number) to claim reimbursement available under, and in the manner provided by, the terms of this Settlement by _____, **2024**, you will receive a Claim Payment. This deadline is unlikely to, but could, change, so please visit the Settlement Website for the most updated information on the deadline to submit a claim. You can submit a Claim Form on the Settlement Website at www.[website].com or by mailing a Claim Form to: Mazda Excessive Oil Consumption Settlement, PO Box 91414, Seattle, WA 98111. See the instructions for additional details.

If you wish to make a claim for more than one vehicle, please submit a separate Claim Form for each vehicle.

## I. CONTACT INFORMATION

Full Name

Mailing Address – Line 1

Mailing Address – Line 2 (If Applicable)

| City | State | Zip Code |
|---|---|---|
| | | |

| Telephone Number | Email Address |
|---|---|
| | |

## II. VEHICLE INFORMATION

Vehicle Identification Number (VIN)

| Vehicle Model | Vehicle Model Year |
|---|---|
| | |

Questions? Contact the Claim Administrator at 1-877-231-0642 or info@[website].com
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

### III. <u>OIL CHANGE/OIL REFILL INFORMATION</u>

Please complete the details below for all oil change and/or oil refill events for which you are claiming reimbursement. Proof of Oil Change Expense or Additional Engine Oil Purchase, specific to the eligible VIN, is required for all claimed oil change and/or oil refill events. Detailed information concerning the required types of documentation is provided in the instructions on page 3 of this Claim Form.

| Date of Oil Change/Oil Refill | Mileage at time of service | Amount paid |
|---|---|---|
| | | |
| Date of Oil Change/Oil Refill | Mileage at time of service | Amount paid |
| | | |
| Date of Oil Change/Oil Refill | Mileage at time of service | Amount paid |
| | | |
| Date of Oil Change/Oil Refill | Mileage at time of service | Amount paid |
| | | |
| Date of Oil Change/Oil Refill | Mileage at time of service | Amount paid |
| | | |

### IV. <u>PAYMENT ELECTION</u>

You may elect to receive your payment by check or electronic payment. Please choose one. If you do not make a selection, and your claim is approved, your settlement benefit will be issued by check.

☐ **Paper Check by Mail**

☐ **Virtual Debit Card**

**Email Address for Virtual Debit Card**: _____

### V. <u>CERTIFICATION</u>

By signing this form, I attest under penalty of perjury that:

1. I am a Settlement Class Member.

2. The documents I have submitted in support of this claim are true and accurate copies and reflect oil changes and/or oil refill purchases associated with the claimed vehicle after the low engine oil light illuminated in my vehicle or other indications that my oil was low (e.g., MyMazda app alerts) before the regular oil change interval of 7,500 miles or 1 year.

3. The information provided in this Claim Form is true and correct to the best of my knowledge.

Signature: _____     Date: _____

## **Mazda Excessive Oil Consumption Settlement**:

## **Instructions for claiming reimbursement for Qualifying Oil Changes or Oil Refilling**

**You can only file a claim if you are a Class Member**. You are a Class Member if you fit the following description and do not opt out of the Settlement:

*All persons or entities in the United States who are current or former owners and/or lessees of a 2021-2022 Mazda CX-30, 2021 CX-5, 2021 CX-9, 2021-2022 Mazda3, and 2021 Mazda6 vehicle equipped with 2.5L turbocharged engines within the defined VIN range.*

**To check whether your vehicle is included in the Settlement Class**, visit the VIN Lookup page on the Settlement Website at www.[website].com and enter your Vehicle Identification Number (VIN). You may also contact the Claim Administrator by email or phone at info@[website].com or 1-877-231-0642.

**Supporting documentation is required for ALL claims**. Your claim must include Proof of Oil Change Expense or Additional Engine Oil Purchase specific to the eligible VIN as defined in the Settlement Agreement. This may take the form of an original (or legible copies) of oil change or engine oil purchase invoices, repair orders ("ROs"), receipts or similar records identifying the date and price of each claimed oil change and/or purchase of replacement oil. For any questions related to completing this Claim Form or the documentation required to support your claim, please contact the Claim Administrator at info@[website].com or 877-231-0642.

**The deadline to file a claim for reimbursement is _____, 2024**. All claims must be submitted online or postmarked on or before this date or they will not be considered. You must complete all sections of the Claim Form and sign the certification to complete your claim submission. For faster processing, please submit your claim online at www.[website].com.

# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

vs.

Mazda Motor of America, Inc.,

Defendant.

Case No.: 8:22-cv-01055-DOC-DFM

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Fairness Hearing on _____ regarding the instant proposed nationwide class action settlement, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying Settlement Class, (3) Approving Notice Plan, (4) Setting Final Fairness Hearing ("Preliminary Approval Order") and (5) scheduling the Final Fairness Hearing, and having considered all matters submitted to it at the Final Fairness Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing, therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement and Release, including its exhibits, fully executed on _____, 2024 ("Agreement"), and the definitions contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order (Dkt. No. ___) are also incorporated by reference in this Order.

1

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453(b).

3. Venue is proper in this District.

4. The Settlement Class means:

All persons and entities who purchased or leased a Settlement Class Vehicle in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

5. "Settlement Class Vehicle" means the following model year and model Mazda vehicles equipped with a 2.5L turbocharged engine and valve stem seals within the impacted Vehicle Identification Number ("VIN") production range distributed by Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO"), for sale or lease in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands:

Model Year 2021 Mazda3 (Japan built)

Model Year 2021 & 2022 Mazda3 (Mexico built)

Model Year 2021 & 2022 CX-30 (Mexico built)

Model Year 2021 Mazda6

Model Year 2021 CX5

Model Year 2021 CX9

6. Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges, court staff, and/or mediators or arbitrators who have presided over the Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any

insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

7.     _____ timely exclusions were submitted to the Claims Administrator. Those persons and entities identified in the list attached as Exhibit __ to the Declaration of _____ are validly excluded from the Settlement Class. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any benefits of the Settlement obtained in connection with the Settlement Agreement.

8.     The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Defendant MNAO, and Defendants' Counsel, on the other hand, and with the assistance of an experienced, well-respected and neutral Mediator, Hon. Dickran M. Tevrizian (Ret.) of JAMS.

9.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Agreement and this Court's Preliminary Approval Order (Dkt. No. ____).

10.     The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and constitute the best notice practicable under the circumstances.  The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

3

11.    This Court hereby finds and concludes that the notice provided by the Claim Administrator pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

12.    The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions.  The Plaintiffs, in their roles as Class Representatives, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.  Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to fully perform its terms.  The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

13.    The Court approves Class Counsel's award for attorney's fees and expenses of _____.  The award of attorneys' fees and expenses are to be paid directly by Defendant in the manner provided by the terms of the Agreement.

14.    The Court finds the payment of incentive awards in the amount of $2,200 each to Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw to be fair and reasonable.  The incentive awards are to be paid directly by Defendant in the manner provided by the terms of the Agreement.

15.    The Settlement Class described in paragraph 4 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

16.    The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein.  The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and

4

fact common to the class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Defendant.

17.    This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, all of the Actions.

18.    The Claims Administrator is directed to administer claims and consideration to the Settlement Class pursuant to the terms of the Agreement.

19.    Plaintiffs and each and every one of the non-excluded Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement.  In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code (and any other similar, comparable, or equivalent laws) are hereby terminated.

20.    Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, Settlement Class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any

governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

21. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Plaintiffs.

22. By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

23. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

24. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

25. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

26. The Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and the Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce

6

the above-described bar on and injunction against prosecution of any and all Released Claims.

**IT IS SO ORDERED.**

Dated: _____        _____
Hon. David O. Carter
United States District Judge

# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

vs.

Mazda Motor of America, Inc.,

Defendant.

Case No.: 8:22-cv-01055-DOC-DFM

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Parties seek entry of an order preliminarily approving the settlement of this action pursuant to their settlement agreement (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed nationwide class action settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

**NOW, THEREFORE, IT IS ON THIS \_\_\_\_ DAY OF _____, 2024, ORDERED THAT**:

1.    This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

1

2.      The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453(b).

3.      Venue is proper in this District.

4.      The Court grants the Plaintiffs' motion for preliminary approval of the Settlement as fair, reasonable and adequate under Rule 23.  The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good faith, arm's-length negotiations between the parties and their capable and experienced counsel, and with the assistance of an experienced, well-respected and neutral Mediator, Hon. Dickran M. Tevrizian (Ret.) of JAMS.  The Court further finds that the Settlement, including the exhibits attached thereto, is sufficiently fair, reasonable and adequate to justify preliminary approval of the Settlement, preliminary certification of the proposed Settlement Class, dissemination of notice to the Settlement Class, as set forth below and in the Settlement, and to schedule a Final Fairness Hearing to determine whether to grant final approval of the Settlement and enter a final approval order and judgment.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All persons and entities who purchased or leased a Settlement Class Vehicle in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

6.      "Settlement Class Vehicle" means the following model year and model Mazda vehicles equipped with a 2.5L turbocharged engine and valve stem seals within the impacted VIN production range distributed by Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO"), for sale or lease in the United States of America, including the District of Columbia, Puerto Rico, and the U.S. Virgin Islands:

> Model Year 2021 Mazda3 (Japan built)

Model Year 2021 & 2022 Mazda3 (Mexico built)

Model Year 2021 & 2022 CX-30 (Mexico built)

Model Year 2021 Mazda6

Model Year 2021 CX5

Model Year 2021 CX9

7.      Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges, court staff, and/or mediators or arbitrators who have presided over the Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (d) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

8.      The Court preliminarily appoints Interim Class Counsel Lemberg Law, LLC, as Class Counsel.

9.      The Court preliminarily appoints Plaintiffs Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo, and Amy Bradshaw as Settlement Class Representatives.

10.      The Court preliminarily finds, solely for purposes of the Settlement, that the Settlement satisfies the requirements of Rule 23 such that preliminary certification of the Settlement Class and dissemination of the class notice pursuant to the

3

Settlement's notice program are appropriate.  The Court further finds, for Settlement purposes, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court also preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks of continued litigation.

11.    The Court finds that discovery has been conducted to a sufficient extent that counsel for the parties are reasonably able to evaluate their claims and defenses, the risks of further litigation, and the benefits of settlement which will avoid substantial additional costs to the parties and reduce delay and risks associated with litigating this action to conclusion. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations of vigorously disputed claims, with the assistance of an experienced and respected third-party neutral Mediator.

12.    The Court preliminarily approves the Settlement Agreement and its content and exhibits, including the form and content of the Claim Form (Exhibit 1 to the Settlement Agreement) and the form and content of the Settlement Class Notice (Exhibit 4 to the Settlement Agreement).  The Court finds that the mailing of the Settlement Class Notice in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule 23 and due process.  The foregoing is the best notice practicable under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the class certification for settlement purposes only, the terms of the Settlement and benefits

afforded, the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so, the deadline, procedures and requirements for submitting a reimbursement claim pursuant to the Settlement, Class Counsel's application for fees and expenses, the request for service awards for the named Plaintiffs, and other pertinent information. The Settlement Class Notice and notice plan constitute due and sufficient notice to the Settlement Class. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate, in consultation with the claims administrator, JND Legal Administration.

13. Accordingly, the Court directs that the aforementioned Class Notice be mailed to the Settlement Class Members, pursuant to the terms of the Settlement, on or before _____ (within sixty (60) days after entry of this Order (the "Notice Date")).

14. The Court preliminarily appoints JND Legal Administration as the Settlement Claim Administrator. The Settlement Claim Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including establishing, maintaining, and administering a website dedicated to the Settlement which (i) will provide information about the Settlement including all relevant documents and deadlines and (ii) will instruct on how to submit a Claim for reimbursement. At least fourteen (14) days before the Final Approval Hearing, the Settlement Claim Administrator shall provide an affidavit or declaration to the Court attesting that Settlement Class Notice was disseminated in a manner consistent with the terms of the Settlement.

15. The Court authorizes the Settlement Claim Administrator, JND Legal Administration, through data aggregators or otherwise, to request, obtain and utilize vehicle registration information from the Department of Motor Vehicles for all 50

states, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands and all other United States territories and/or possessions for the purposes of providing the identity of and contact information for purchasers and lessees of Class Vehicles. Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make and model of the vehicle.

16.    The Departments of Motor Vehicles within the United States and its territories are ordered to provide approval to Polk/IHS Markit, Experian, or any other company so retained by the parties and/or the Settlement Claim Administrator, to release the names and addresses of Settlement Class Members in this action associated with the titles of the Vehicle Identification Numbers ("VINs") at issue in this action for the purposes of disseminating the Settlement Class Notice to the Settlement Class Members.  Settlement Class Members' contact information may be used solely for providing Settlement Class Notice in this action and for no other purpose.

17.    Any Settlement Class Members that wish to exclude themselves from the Settlement must submit a Request for Exclusion, in writing, to the Settlement Claim Administrator at the address to be specified in the Class Notice.  All Requests for Exclusion must be postmarked no later than _____, 2024 (within forty-five (45) days after the Notice Date) (the "Exclusion Deadline"), and must include/state the following:

   (a)    the Settlement Class Member's full name, address and telephone number;

   (b)    the model, model year and VIN of the Settlement Class Vehicle;

   (c)    state that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

   (d)    a specific and unambiguous statement that he/she/it desires to be excluded from the Settlement Class.

18.    Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall remain in the Settlement Class

and shall be subject to and bound by all determinations and judgments in the Action concerning the Settlement, including but not limited to the Release set forth in the Settlement Agreement.

19. Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of this Settlement Agreement, the request for Settlement Class Counsel fees and expenses and/or the request for Settlement Class Representative service awards. Any objection and supporting documents must be filed, on or before _____ (forty-five (45) days after the Notice Date) (the "Objection Deadline"), with the Court via the Court's electronic filing system, or if not filed via the Court's electronic system, the objection and supporting documents must be mailed to all of the following persons by first-class mail postmarked no later than the Objection Deadline:

(a) Clerk of the Court, Ronald Reagan United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516.

(b) Sergei Lemberg, Lemberg Law, LLC, 43 Danbury Road, 3rd Floor, Wilton, CT 06897; and

(c) Jahmy S. Graham, Nelson Mullins Riley and Scarborough LLP, 19191 South Vermont Avenue, Torrance, CA 90502; and

(d) JND Legal Administration by mailing to:

Mazda Excessive Oil Consumption Settlement
c/o JND Legal Administration
PO Box 91414
Seattle, WA 98111

20. For an objection to be considered by the Court, the objection must contain the following:

(a) the case name, *Guthrie et al. v. Mazda Motor of America, Inc.*, 8:22-cv-01055 (DOC) (DFM);

(b) the objector's full name, address, and telephone number;

7

(c)    the model, model year and Vehicle Identification Number ("VIN") of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

(d)    a written statement of all grounds for the objection accompanied by any legal support for such objection;

(e)    copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and

(f)    a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/it shall affirmatively so state in the objection.

21.    Any objection that fails to satisfy all of these requirements is not valid and shall not be considered by the Court.

22.    Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the final fairness hearing to explain the bases for his/her/its objection. In order to appear, the objecting Settlement Class Member must, by the Objection Deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the fairness hearing. The notice of intention to appear must include copies of any papers, exhibits, or other evidence and identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the fairness hearing.

23.    Any Settlement Class Member who does not object in the time and manner directed in this Order shall be deemed to have waived such objections and shall forever

be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed Settlement and any judgment approving the Settlement.

24.    The Court hereby schedules the Final Fairness Hearing for _____, 2024 at _____ a.m./p.m. (not less than 135 days after the date of this Order) and will take place in Courtroom 10A of the Ronald Reagan United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516.  The Final Fairness Hearing will assist the Court in determining whether the proposed Settlement should receive final approval as fair, reasonable, and adequate, the Settlement Class should be certified, a final order and judgment should be entered approving the Settlement, and whether Settlement Class Counsel's applications for reasonable attorneys' fees and expenses and service awards to the Settlement Class Representatives should be approved.

25.    Settlement Class Counsel shall file their Motion for reasonable attorneys' fees and expenses ("Fee and Expense Application") and service awards for the Settlement Class Representative Plaintiffs, no later than three (3) days after the Notice Date.  In addition, Class Counsel will cause the Fee and Expense Application, and any Opposition filed by Defendant, and Reply by Plaintiffs, and any other documents the Court orders, to be posted on the settlement website.

26.    Plaintiffs shall file their Motion for Final Approval of the Settlement, no later than _____, 2024 (fourteen (14) days before the Final Fairness Hearing).  If Defendant chooses to file a memorandum of law in support of final approval of the Settlement, it must do so no later than _____, 2024 (seven (7) days before the Final Fairness Hearing).

27.    Plaintiffs and Class Counsel shall file their responses to any timely and properly filed objections to the Settlement, the Fee and Expense Application or Settlement Class Representative service awards no later than _____, 2024 (fourteen (14) days before the Final Fairness Hearing).  If Defendant chooses to

9

file a response to timely and properly filed objections, it also must do so no later than _____, 2024 (seven (7) days before the Final Fairness Hearing).

28.     In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

(b)     All of the Parties' respective pre-Settlement claims, defenses and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant, Released Parties or Plaintiffs on any claim, defense, or point of fact or law;

(d)     Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise;

(e)     Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence in any action;

(f)     The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified; and

10

(g)     The terms in Section VI of the Settlement Agreement shall survive.

29.     Pending the Final Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been approved by the Court at the Final Fairness Hearing), shall commence, continue, prosecute or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement against any of the Released Parties (as that term is defined in the Settlement Agreement).  Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

30.     Upon final approval of the Settlement, all Settlement Class Members who have not been determined to have timely and validly excluded themselves from the Settlement Class, shall be forever enjoined and barred from asserting any of the matters, Released Claims or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, Released Claims, and causes of action against any of the Released Parties as provided in the Settlement Agreement.

31.     Settlement Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, agreed minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

11

32. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation of the Settlement terms.

33. Based on the foregoing, the Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

(a) Notice shall be provided in accordance with the Notice Plan and this Order;

(b) Class Counsel shall file their Fee and Expense Application and request for service awards for Plaintiffs no later than _____, 2024 (three (3) days after the Notice Date);

(c) Settlement Class Members must file any objections to the Settlement, Class Counsel's Fee and Expense Application and/or the request for service awards no later than _____, 2024 (forty-five (45) days after Notice Date);

(d) Settlement Class Members who wish to exclude themselves from the Settlement must submit proper and sufficient Requests for Exclusion from the Settlement no later than _____, 2024 (forty-five (45) days after Notice Date);

(e) Plaintiffs shall file their Motion for Final Approval of the Settlement and responses to timely and properly filed objections to the Settlement, the Fee and Expense Application or Settlement Class representative service awards no later than _____, 2024 (fourteen (14) days before the Final Fairness Hearing);

(f) If Defendant chooses to file a memorandum of law in support of final approval of the Settlement or to respond to timely and properly filed objections, it must do so no later than _____, 2024 (seven (7) days before the Final Fairness Hearing);

(g) The Settlement Claim Administrator must file with the Court, no later than _____, 2024 (fourteen (14) days before the Final Fairness Hearing), (i) a list of those persons or entities who or which have opted-out or excluded themselves from the Settlement; and (ii) the

details outlining the scope, method and results of the notice program;

(h) The Final Fairness Hearing will be held on _____, 2024 (not less than 135 days after the date of this Order), at _____, at the Ronald Reagan United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516.

**IT IS SO ORDERED.**

Dated: _____          _____

Hon. David O. Carter
United States District Judge

# <u>EXHIBIT 4</u>

**LONG FORM NOTICE AND POSTCARD NOTICE**
**[Subject to Modification to fit notice or postcard notice on website**
**or postcard respectively]**

*For more information visit www.xyz.com*

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

## NOTICE OF PROPOSED CLASS SETTLEMENT

**If your 2021-2022 Mazda3, 2021-2022 CX-30, 2021 Mazda6, 2021 CX5, or 2021 CX9 vehicle equipped with a 2.5L turbocharged engine had**

- **a "LOW ENGINE OIL LEVEL" warning message on the instrument cluster before the regular oil change interval of 7,500 miles or 1 year, OR**

- **an oil refill after noticing the oil was low before the regular oil change interval**

**You can get a repair of your vehicle's Valve Stem Seals now and may get reimbursement for prior oil refills (subject to certain conditions).**

**Your rights may be affected by this settlement whether you act or not.  Read this notice carefully.**

• A proposed class action settlement has followed from allegations that some Mazda vehicles were manufactured, marketed, distributed, sold, and/or leased containing defective valve stem seals which causes excessive oil consumption (the alleged "Valve Stem Seal Defect"). This is caused by damage to the valve stem seals on the exhaust side of the engine. To eliminate this concern, the design of these valve stem seals has been modified. Mazda denies any wrongdoing. The parties have reached a settlement to avoid the costs of litigation, and provide class members relief, repair, a warranty extension and compensation for qualifying past oil refills or oil changes.

• The settlement provides the following benefits:

(1) replacement of the affected valve stem seals in included vehicles (certain conditions apply as outlined below);

(2) extension of Mazda's Powertrain Limited Warranty from 60 months and 60,000 miles, whichever comes first, to 84 months and 84,000 miles, whichever comes first for all Settlement Class Vehicles;

(3) reimbursement of certain out-of-pocket costs incurred by a current or former owner or lessee of a Settlement Class Vehicle who actually incurred and paid out-of-pocket costs for an (a) oil change performed more frequently than the normal interval of 7,500 miles or 1 year, and/or (b) additional engine oil in between the normal interval of 7,500 miles or 1 year; and

(4) loaner vehicles to be provided (subject to dealer availability) for the repair.

• To qualify for repair, you must have owned or leased one of the affected Mazda vehicles listed above (specific to the VIN—see VIN ranges below) that have the affected valve stem seals and manifested excessive oil consumption as explained below.

*For more information visit www.xyz.com*

# Who Is Included?

You are receiving this Notice because your Vehicle Identification Number (VIN) indicates that your vehicle may be included in the settlement.  Alternatively, you can visit the Settlement Website www.[website].com and you can look up your VIN to confirm your vehicle is included in the settlement. The VIN is a 17-character number that can be found on the driver's side dashboard or driver's side door post. The VIN also appears on your registration card and insurance card.

If the settlement is approved, Judge David O. Carter of the United States District Court for the Central District of California will decide that everyone who fits this description is a Settlement Class Member:

**All persons or entities in the United States who are current or former owners and/or lessees of a 2021-2022 Mazda CX-30, 2021 CX-5, 2021 CX-9, 2021-2022 Mazda3, and 2021 Mazda6 vehicle equipped with a 2.5L turbocharged engine  with the affected valve stem seals.**

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges, court staff, and/or mediators or arbitrators who have presided over the lawsuit and their spouses; (c) all current employees, officers, directors, agents and representatives of Mazda, and their family members; (d) any affiliate, parent or subsidiary of Mazda and any entity in which Mazda has a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Class Settlement, settled with and released Mazda or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

The following models and VIN ranges are equipped with the affected valve stem seals:

- 2021 Mazda3 (Japan built 2.5T) with VINS from JM1BP******315204 - 403637 (produced from October 12, 2020 to September 13, 2021)
- 2021-2022 Mazda3 (Mexico built 2.5T) with VINS starting from 3MZBP******209389 - 307372 (produced from December 8, 2020 to June 16, 2022)
- 2021-2022 CX-30 (2.5T) with VINS starting from 3MVDM******233598 - 437812 (produced from December 7, 2020 to June 30, 2022)
- 2021 Mazda6 (2.5T) with VINS from JM1GL******602506 - 618909 (produced from October 6, 2020 to September 14, 2021)
- 2021 CX-5 (US/Canada spec 2.5T with 10.25" center display) with VINS from JM3KF******320280 – 472324 (produced from October 6, 2020 to September 13, 2021)
- 2021 CX-9 (US/Canada spec 2.5T with 10.25" center display) with VINS from JM3TC******509027 – 541070 (produced from October 6, 2020 to September 13, 2021)
- 2021 CX-5 (Canada/Mexico spec 2.5T with 8" center display) with VINS from JM3KF******112005 – 135036 (produced from October 6, 2020 to September 1, 2021)
- 2021 CX-9 (Canada/Mexico spec 2.5T with 7" or 9" center display) with VINS from JM3TC******451418 – 455173 (produced from October 6, 2020 to September 11, 2021)

*For more information visit www.xyz.com*

**If you meet the definition of "Who is Included?" detailed above, you ARE a class member.**

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

### GET A VALVE STEM SEAL REPAIR

If the "Low Engine Oil Level" on your vehicle instrument cluster has illuminated before the regular oil change interval of 7,500 miles/1 year, you can go to or contact a Mazda authorized dealership and schedule a repair for the Valve Stem Seals right now.

If the "Low Engine Oil Level" has not illuminated, you can still get a repair right now if your engine oil has been refilled (by the customer or the dealer) before the regular interval because the engine oil was too low.

If neither of the above, you can bring your vehicle to a Mazda authorized dealership for a free-of-charge excessive oil consumption test and, if your vehicle fails the test, you will receive the Valve Stem Seal repair.

The Valve Stem Seal repair involves replacing the valve stem seals on the exhaust side of your engine with redesigned valve stem seals.

### SUBMIT A CLAIM FORM FOR OIL CHANGES OR OIL REFILLING

If you submit a valid Claim Form and accompanying Proof of Oil Change Expense or Additional Engine Oil Purchase to claim reimbursement available under, and in the manner provided by, the terms of this Settlement by _____, 2024, you will receive a Claim Payment. This date could change, so please visit the Settlement Website often for the most updated information on the deadline to submit a claim. You can submit a Claim Form on the Settlement Website or by mailing a Claim Form to: _____.

### EXCLUDE YOURSELF FROM THE CASE

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens or has happened in the lawsuit. You may be able to sue (or continue to sue) Mazda in the future. The deadline for excluding yourself is _____, 2024.

Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion") to the Claim Administrator at the following address _____.  To be effective, the Request for Exclusion must:

(a)  include the Settlement Class Member's full name, address and telephone number;

(b)  identify the model, model year and VIN of the Settlement Class Vehicle;

(c)  state that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

(d)  specifically and unambiguously state his/her/its desire to be excluded from the Settlement Class.

### OBJECT TO THE SETTLEMENT

If you are a Settlement Class Member, you can object to the settlement, any award of attorneys' fees and costs and/or incentive awards to the Plaintiffs. You can give reasons why you think the Court should not approve the Settlement or any awards. The Court will consider your views. The deadline for objecting is _____, 2024.

Any Settlement Class Member who intends to object to the fairness of this Class Settlement must file any such objection via the Court's electronic filing system, and if not filed via the Court's electronic

*For more information visit www.xyz.com*

system, must mail the objection to the Court and the following persons, by first-class mail postmarked no later than ____, 2024: Sergei Lemberg, Lemberg Law, LLC, 43 Danbury Road, 3rd Floor, Wilton, Connecticut 06897 on behalf of Settlement Class Counsel; Jahmy S. Graham, Nelson Mullins Riley and Scarborough LLP, 19191 South Vermont Avenue, Torrance, CA 90502, on behalf of Defense/Mazda Counsel; and the Claim Administrator, Mazda Excessive Oil Consumption Settlement, c/o JND Legal Administration, PO Box 91414, Seattle, WA 98111.

## DO NOTHING

If you do nothing, you will be bound by the terms of the Settlement, you will obtain the extended warranty coverage to your vehicle, you can get the Valve Stem Seal Defect repair as set forth above. You will not receive any reimbursement for past qualifying expenses unless you submit a claim.  By doing nothing you do give up certain rights to sue Mazda or other Released Persons or Entities.

## ATTEND THE FINAL APPROVAL HEARING

The Court will hold a Fairness Hearing on ____, 2024, at __:__ a.m., in-person at U.S. District Court for the Central District of California, **Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 10 A, Santa Ana, CA, 92701-4516**. The putative class action case is captioned *Guthrie, et al. v. Mazda Motor of America, Inc. d/b/a Mazda North American Operations*, No. 8:22-cv-01055 (C.D. Cal.). The Court may hold the Fairness Hearing electronically, reschedule the Fairness Hearing, or change any of the deadlines described in the Notice. The date of the Fairness Hearing may change without further notice to the Settlement Class Members. Be sure to check the Settlement Website for news of any such changes.

# THE CLASS REPRESENTATIVES AND CLASS COUNSEL

## Who are the class representatives and how much will they receive?

There are eight class representatives: Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo and Amy Bradshaw.  The Class Representatives will receive their benefits of the settlement as Class Members and they will request incentive awards of $2,200 each, to be paid by Mazda, for having pursued this action.  No amount of an incentive has been awarded.  The Class Representatives will request that the Court approve their awards and the awards are subject to Court Approval.

## Do I have a lawyer in this case?

To represent the class, the Court has appointed attorneys with the law firm of Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897 as "Class Counsel."

Class Counsel will request an award of attorney's fees and costs to be paid by Mazda.  Class Counsel's petition for an award of attorneys' fees and costs will be available on the Settlement Website. No amount for fees or costs has been agreed to by Mazda or awarded by the Court. Any attorney's fee and expense award is subject to Court Approval.  You may hire your own attorney, but only at your own expense.

# ADDITIONAL DETAILS ABOUT THE PROGRAM:

**DESCRIPTION**

Customers within any of the 50 States of the U.S. and the District of Columbia, Puerto Rico, or U.S. Virgin Islands whose covered vehicles (1) experienced the Low Engine Oil Warning Indication light before the recommended service/oil change interval of 7,500 miles or 1 year, or (2) has had the oil refilled before the warning light came on if the customer or dealer noticed that the oil level was too low before the regular service/oil change interval, are requested to visit a dealer for a valve stem seal replacement.

*For more information visit www.xyz.com*

If neither 1 nor 2, customers may bring their vehicle to a Mazda authorized dealership for an oil consumption test.  If the vehicle fails the test, it may receive a valve stem seal replacement.

During the initial one-year period of the Program, Mazda dealers servicing Class Vehicles for any reason will check whether the DTC P250F:00 ("Low Engine Oil Level") is stored in the memory.  If the code is stored in memory before the regular oil change interval of 7,500 miles or 1 year, even if the engine oil level is not low or decreased at the time of the technicians' inspection of the vehicle due to previous refilling of oil, the dealer will advise the vehicle owner that they are eligible to receive replacement of the affected valve stem seals under the Program.

*For more information visit www.xyz.com*

*A federal court authorized this Notice.*
*This is not a solicitation from a lawyer.*

**CLASS ACTION NOTICE**

**If your 2021-2022 Mazda3, 2021-2022 CX-30, 2021 Mazda6, 2021 CX5, or 2021 CX9 vehicle equipped with a 2.5L turbocharged engine had**

- **a "LOW ENGINE OIL LEVEL" warning message on the instrument cluster before the regular oil change interval of 7,500 miles or 1 year, OR**

- **an oil refill after noticing the oil was low before the regular oil change interval**

**You can get a repair of your vehicle's Valve Stem Seals at no cost now and may get reimbursement for prior oil refills/ changes.**

**All vehicles within the impacted VIN range, whether or not an oil issue has occurred, get a 24 month/24,000 mile powertrain limited warranty extension and are part of a potential class settlement – read this notice carefully**

**Mazda Excessive Oil Consumption Settlement**
c/o JND Legal Administration
PO Box 91414
Seattle, WA 98111

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit#___

||||||||||||||||||||
Postal Service: Please do not mark barcode

Unique ID: «CF_PRINTED_ID»

«Full_Name»
«CF_CARE_OF_NAME»
«CF_ADDRESS_1»
«CF_ADDRESS_2»
«CF_CITY», «CF_STATE» «CF_ZIP»
«CF_COUNTRY»

ID #:8721

A proposed class action settlement has been reached in a class action lawsuit called *Guthrie, et al. v. Mazda Motor of America, Inc. d/b/a Mazda North American Operations,* No. 8:22-cv-01055 (C.D. Cal.) (the "Settlement"). Records indicate that you may be a Settlement Class Member. This notice summarizes your rights and options. More details are available at www.[website].com.

**What is this about?** Plaintiffs alleged that some Mazda vehicles were sold and/or leased with defective valve stem seals which causes excessive oil consumption (the alleged "Valve Stem Seal Defect"). To eliminate this concern, the design of these seals has been changed. Mazda denies any wrongdoing. The parties have reached a settlement to avoid the costs of litigation, and provide class members relief, repair, a warranty extension and compensation for qualifying past oil refills or oil changes.

**Who is affected?** Settlement Class Members include all persons or entities in the United States who are current or former owners and/or lessees of a 2021-2022 Mazda CX-30, 2021 CX-5, 2021 CX-9, 2021-2022 Mazda3, and 2021 Mazda6 vehicle within the defined Vehicle Identification Number ("VIN") range with a 2.5L turbocharged engine. There are several exclusions to the Settlement Class. Visit www.[website].com for more details.

**What does the Settlement provide?** (1) replacement of the affected valve stem seals in vehicles where a low engine oil issue has manifested by premature oil light illumination, oil refill or change, or failure of an oil consumption test; (2) a 24,000 mile/2yr extension of Mazda's Powertrain Limited Warranty; (3) reimbursement of out-of-pocket costs incurred by a current or former owner or lessee of a Settlement Class Vehicle for an oil change and/or additional oil more frequently than the normal interval of 7,500 miles or 1 year; and (4) loaner vehicles to be provided (subject to dealer availability) for the repair.

**How do I get the settlement benefits?** The Valve Stem Seal Repair Program is available now. Contact your Mazda authorized dealership to schedule an appointment. If you have not refilled your oil, or your low engine oil has not gone off before the recommended interval, you may schedule an oil consumption test. The extended powertrain warranty is automatic for all Class Vehicles if the Settlement is approved. To recover out-of-pocket costs for a past qualifying oil change or additional oil, you must submit a valid claim for reimbursement. Go to www.[website].com to file or download a reimbursement Claim Form. You can also write Mazda Excessive Oil Consumption Settlement, c/o JND Legal Administration, PO Box 91414, Seattle, WA 98111, or email

info@[website].com. Claim Forms and supporting documentation must be submitted online or postmarked by _____, **2024** or they will not be considered. Go to www.[website].com to learn more.

**What are my other options?** You can do nothing, exclude yourself or object to the Settlement. <u>Do nothing</u>. You will be bound by the terms of the Settlement, you will obtain the extended warranty coverage to your vehicle, and you can get the Valve Stem Seal repair now. You will not receive any reimbursement for past qualifying expenses unless you submit a claim. By doing nothing you do give up certain rights to sue Mazda or other Released Persons or Entities. <u>Exclude yourself</u>. If you ask to be excluded, you will not get any settlement benefits and you cannot object to the Settlement. You will not be legally bound by anything that happens or has happened in the lawsuit. You may be able to sue (or continue to sue) Mazda in the future. <u>Object</u>. If you do not exclude yourself from the Settlement Class, you can object to the Settlement, any award of attorneys' fees and costs and/or incentive awards to the Plaintiffs. The deadline for exclusion requests and objections is _____**, 2024.** For more details about your rights and options and how to exclude yourself or object, go to www.[website].com.

**What happens next?** The Court will hold a Fairness Hearing on _____, 2024 at __:__ am to consider whether to approve the Settlement, Class Counsel's attorneys' fees and expenses, and incentive awards of $2,200 for each of the Class Representatives (Gary Guthrie, Stephanie Crain, Chad Hinton, Julio Zelaya, Anna Gilinets, Marcy Knysz, Lester Woo and Amy Bradshaw). The applications for fees, expenses and incentive awards are available on the settlement website. The Court has appointed the law firm of Lemberg Law, LLC as Class Counsel. You or your attorney may ask to speak at the hearing at your own expense, but you do not have to. The Court may hold the Fairness Hearing electronically, reschedule the Fairness Hearing, or change any of the deadlines described in the Notice. The date of the Fairness Hearing may change without further notice to the Settlement Class Members. Be sure to check the Settlement Website for news of any such changes.

**How do I get more information?** For more information, visit www.[website].com, call toll-free 1-877-231-0642, write Mazda Excessive Oil Consumption Settlement, c/o JND Legal Administration, PO Box 91414, Seattle, WA 98111, or email info@[website].com.

**Please do not contact the Court regarding this Notice.**
<u>**UNIQUE ID**</u>**: XXXXX-XXXXX /** <u>**PIN**</u>**: XXXXXXXX /** <u>**VIN**</u>**: XXXXXXXXXXXXXXXXX**

*Carefully separate this Address Change Form at the perforation.*

Place
Stamp
Here

Name: _____

Current Address: _____

_____
_____

**Address Change Form**
To make sure your information remains up-to-date in our
records, please confirm your address by filling in the above
information and depositing this postcard in the U.S. Mail.

Mazda Excessive Oil Consumption Settlement
c/o JND Legal Administration
PO Box 91414
Seattle, WA 98111